# EXHIBIT 3

Commission on Law
Enforcement Accountability,
Community, and Transparency
Materials



**STATE OF NEW HAMPSHIRE**
OFFICE OF THE GOVERNOR

CHRISTOPHER T. SUNUNU
Governor

### STATE OF NEW HAMPSHIRE
### BY HIS EXCELLENCY
### CHRISTOPHER T. SUNUNU, GOVERNOR

**Executive Order 2020-11**

**An order establishing the New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency**

**WHEREAS,** in the wake of the tragic murder of George Floyd in Minneapolis, MN, our country is engaged in a nationwide conversation regarding law enforcement, social justice, and the need for reforms to enhance transparency, accountability, and community relations in law enforcement; and

**WHEREAS,** law enforcement in New Hampshire make daily sacrifices, serve our State admirably, and are a necessary and pivotal part of our communities; and

**WHEREAS,** the State of New Hampshire has an obligation to participate in the national conversation and engage in self-examination to identify any opportunities to improve the state of our law enforcement and the relationship between law enforcement and the communities they serve; and

**WHEREAS,** New Hampshire finds itself in a pivotal moment that demands prompt action to initiate important conversations and develop recommendations for reform.

**NOW, THEREFORE, I, CHRISTOPHER T. SUNUNU, GOVERNOR** of the State of New Hampshire, by the authority vested in me pursuant to part II, article 41 of the New Hampshire Constitution, do hereby order, effective immediately, that:

1.  There is established the New Hampshire Commission on Law Enforcement Accountability, Community and Transparency (the "Commission"). The Commission shall consist of the following members:

    (a) The Attorney General, or designee, who shall chair the Commission
    (b) The Commissioner of the Department of Safety, or designee
    (c) The Executive Director of the New Hampshire Commission for Human Rights
    (d) The Director of the Police Standards and Training Council
    (e) The Chair of the Governor's Advisory Council on Diversity and Inclusion
    (f) The President of the Manchester, NH NAACP

107 North Main Street, State House - Rm 208, Concord, New Hampshire 03301
Telephone (603) 271-2121 • FAX (603) 271-7640
Website: http://www.governor.nh.gov/ • Email: governorsununu@nh.gov
TDD Access: Relay NH 1-800-735-2964

    (g) A current justice of the New Hampshire Superior or Circuit Court, appointed by and serving at the pleasure of the Governor

    (h) A representative of the New Hampshire Police Association, appointed by and serving at the pleasure of the Governor

    (i) The President of the New Hampshire Association of Chiefs of Police

    (j) The Executive Director of the New Hampshire Chapter of the National Alliance on Mental Illness

    (k) A representative from the New Hampshire ACLU, appointed by and serving at the pleasure of the Governor

    (l) Two members of the public, appointed by and serving at the pleasure of the Governor

2. If any of the members named in Paragraph 1 become unable to serve for any reason, then the Governor shall appoint a new member to serve in their place.

3. The Commission shall engage all interested and relevant public, private, and community stakeholders and develop recommendations for reforms that the Commission deems necessary to enhance transparency, accountability, and community relations in law enforcement. To fulfill this charge, the Commission shall examine the following:

    (a) Training curriculum, procedures and policies developed by State Police, local police departments, and the Police Standards and Training Council, and potential options for improving the same to better address certain areas which may include, but are not limited to, (i) de-escalation, (ii) use of deadly and non-deadly force force, and (iii) diversity training;

    (b) State and local procedures related to the reporting and investigation of police misconduct, and potential reforms which may include, but are not limited to, development of a uniform statewide system for the reporting, investigation, and punishment of police misconduct;

    (c) The current state of relationships between law enforcement and the communities they serve, and potential steps that can be taken to enhance these relationships; and

    (d) Any other subject matter which the Commission deems relevant to the overall mission of enhancing transparency, accountability, and community relations in law enforcement.

4. For the purpose of this Order, the term "law enforcement" is intended to refer to individuals who are employed by a municipal, county, or state governmental agency in the State of New Hampshire; certified by the Police Standards and Training Council; responsible for the prevention, detection, or prosecution of crimes and the enforcement of the laws of the state and of its political subdivisions; and have full general arrest powers. Such individuals may include, but not necessarily be limited to, chiefs, police officers, sheriffs, deputy sheriffs, colonels, troopers, conservation officers, liquor commission inspectors, fire investigators/marshals, state troopers, forest rangers, and marine patrol officers.

5. The Commission shall meet at the call of the Chair, and as often as necessary to complete its work. A majority of the appointed Commission members shall constitute a quorum, and all official actions of the Commission shall require a majority vote of those present and voting.

6. All meetings and proceedings of the Commission shall comply with the requirements of RSA 91-A.

7. No later than 45 days from the date of this Order, the Commission shall submit a report containing its recommendations to the Governor, the Speaker of the House, and the President of the Senate. The Commission's report shall be posted publicly on the Governor's Office website.

> Given under my hand and seal at the Executive Chambers in Concord, this 16th day of June, in the year of Our Lord, two thousand and twenty, and the independence of the United States of America, two hundred and forty-four.

**GOVERNOR OF NEW HAMPSHIRE**

107 North Main Street, State House - Rm 208, Concord, New Hampshire 03301
Telephone (603) 271-2121 • FAX (603) 271-7640
Website: http://www.governor.nh.gov/ • Email: governorsununu@nh.gov
TDD Access: Relay NH 1-800-735-2964

# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency



# Report and Recommendations

## Submitted August 31, 2020

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

TRAINING CURRICULUM, PROCEDURES AND POLICIES ....................................................1
    Commission Recommendations.........................................................................................8

REPORTING AND INVESTIGATION OF POLICE MISCONDUCT .....................................10
    Commission Recommendations.......................................................................................17

CURRENT STATE OF RELATIONS BETWEEN LAW ENFORCEMENT AND THE
COMMUNITIES THEY SERVE ..............................................................................................19
    Commission Recommendations.......................................................................................23

OTHER SUBJECT MATTERS CONSIDERED BY THE COMMISSION ...............................26
    Commission Recommendations.......................................................................................27

CONCLUSION.......................................................................................................................28

COMPILATION OF COMMISSION RECOMMENDATIONS................................................31

APPENDIX A .......................................................................................................................41

APPENDIX B .......................................................................................................................47

APPENDIX C .......................................................................................................................51

APPENDIX D.......................................................................................................................58

APPENDIX E .......................................................................................................................65



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

## I.      Introduction

On June 16, 2020, Governor Christopher T. Sununu established the Commission on Law Enforcement Accountability, Community and Transparency (LEACT) by Executive Order 2020-11 (on June 22, 2020, Executive Order 2020-13 amended the original Order).  Copies of these Orders appear at Appendix A.  The LEACT Commission was specifically charged with examining law enforcement training curriculum, procedures and policies throughout the State; procedures related to the reporting and investigation of police misconduct; the current state of relationships between law enforcement and the communities they serve; and any other subject matter the Commission deemed relevant.  Through the course of its work, the Commission deemed the following other subject matters relevant to the overall mission of enhancing transparency, accountability, and community relations in law enforcement: mental health and well-being and the results of the February 2019 Office of Legislative Budget Assistant New Hampshire Police Standards and Training Council Performance Audit.

Over the course of 10 weeks, the Commission met 26 times and heard testimony from 24 subject matter experts, including Commission members, and 25 members of the public.  Many individuals who testified before the Commission also submitted written testimony.  Additionally, the Commission received more than 50 written submissions from a variety of individuals who did not testify.  Oral and written testimony is part of the public record and is accessible at www.governor.nh.gov/accountability.  Commission members considered all written submissions and asked probative questions of witnesses in order to make the following comprehensive recommendations.

## II.     Training Curriculum, Procedures and Policies

Executive Order 2020-11 directs that the Commission shall examine: "[t]raining curriculum, procedures and policies developed by State Police, local police departments and the Police Standards and Training Council, and potential options for improving the same to better address certain areas which may include, but are not limited to, (i) de-escalation, (ii) use of deadly and non-deadly force, and (iii) diversity training."  Executive Order 2020-11, at ¶ 3 (a).

This section of the report describes the current state of training curriculum, procedures and policies with respect to the New Hampshire Police Standards and Training Council (NH PSTC), the New Hampshire State Police and local police departments; summarizes public testimony and recommendations on these subjects; discusses recent relevant legislative changes; and sets forth the Commission's recommendations with respect to training curriculum, procedures and policies.



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

### a.    Current State of Training, Curriculum and Policies

### i.    Police Standards and Training Council

The legislature has assigned the responsibility for the education and training of all law enforcement officers, state corrections officers and state probation-parole officers to NH PSTC. RSA 106-L:1 & 6.  By law, no person may serve as a law enforcement officer in New Hampshire "unless such person has satisfactorily completed a preparatory program of police, corrections, or probation-parole training appropriate to such person's position at a school approved by the council."  RSA 106-L:6, I.  NH PSTC oversees such a school, known informally as the police academy.[1]

NH PSTC is an executive branch agency, RSA 106-L:4, and it is comprised of 14 members, RSA 106-L:3.  Four Council members (the chancellor of the community college system, the director of the division of state police, the attorney general and the commissioner of the department of corrections) serve *ex officio*; the governor appoints the other members to two-year terms.  RSA 106-L:3, I & II.  NH PSTC has extensive enumerated powers including with respect to rulemaking, standard setting and the conduct of administrative hearings.  RSA 106-L:5.  NH PSTC is 100 percent funded by the General Fund.  Its total budget for the State Fiscal Year 2021 is $3,472,749.

NH PSTC also has authority to nominate and appoint a director of police standards and training.  RSA 106-L:5, XVIII.  On March 16, 2020, NH PSTC appointed John Scippa as the director.  Director Scippa serves as a member of this Commission.

The Police Academy is located at 17 Institute Drive, Concord.  It is formally known as the Arthur D. Kehas Law Enforcement Training Facility and Campus.  It contains lecture halls, classrooms, and a tactical training center.  There is adjacent dormitory space.

NH PSTC provides three academies: a full-time officer academy, a part-time officer academy and a corrections academy.  It also provides in-service training.  At present, the full-time academy lasts sixteen weeks.  There are three full-time officer academies per year.

Students, known as recruits, are hired and screened by their employing agency.  Criteria to qualify for employment as a law enforcement or corrections officer are set forth in the NH PSTC's administrative rules.  *See* N.H. Admin. R. Pol 300.  Those criteria include: a high school diploma or equivalent, fingerprints and a criminal record check, proof of United States citizenship, a physical examination, a background investigation, drug testing and psychological screening.  *See id.*  Employing agencies may have additional criteria.

---

[1] The legislature has also assigned to the Police Standards and Training Council the responsibility for the suspension or revocation of law enforcement officer certification "in the case of egregious misconduct or failure to comply with council standards."  RSA 106-L:5, V.  This responsibility is discussed in detail in § III.a, *infra*.



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

The academy is paramilitary in nature and the recruits live on-site, Monday through Friday, for the duration of the 16-week academy. The current curriculum consists of 684 hours of instruction on various topics. A copy of the current curriculum topics and hours appears at Appendix B. There are both classroom and hands-on components to the curriculum. Class exams are conducted during the course of an academy.

Director Scippa testified before the Commission and provided written materials that are part of the record. His testimony focused on academy training with respect to three specific areas: diversity, de-escalation and use of force. The current block of instruction regarding diversity lasts two hours. It is classroom based and focuses on recognizing differences among cultures. It advocates a "Stop, Look and Listen" approach to dealing with individuals from different cultures. Very little time is devoted to defining and recognizing bias, including implicit bias, or overcoming and controlling the bias.

Recruits attend a six-hour block of instruction entitled "Communication Techniques" which deals generally with strategies relating to communication and de-escalation. However, Director Scippa testified that communication and de-escalation are themes throughout the academy, including during use-of-force scenarios. Recruits also receive 16 hours of instruction on "Mental Illness Dynamics," which consists of both lecture and practical exercises.

Use-of-force instruction includes classroom lectures and practical applications in the use of firearms, physical force, defensive tactics, oleoresin capsicum spray (otherwise known as "pepper spray"), and use of a baton. The classroom lectures include discussion of the mechanics of each area as well as the law governing use of deadly and non-deadly force.[2] Practical and physical skills comprise 93.25 hours. Most recruits do not have experience in the use-of-force and repetitious practice is required to ensure competent and accurate use-of-force under stressful circumstances. Toward the end of the academy, recruits participate in scenario-based training designed to replicate stressful and realistic situations recruits will likely face on the job. The academy uses a VirTra use-of-force simulator. The simulator can replicate up to 125 different scenarios which can be created by academy staff. After a review, the simulated scenarios incorporate a fair cross-section of participants from various communities.

A chokehold is not a technique that is taught at the academy, however, there is no training that expressly prohibits it.[3] There is no training on the duty to intervene when another officer engages in the use of inappropriate force or other misconduct.

The part-time officer academy is 200 hours. All law enforcement officers are required to complete eight hours of in-service or refresher training annually. N.H. Admin. R. Pol 403.01.

---

[2] RSA 627:5, captioned "Physical Force in Law Enforcement" sets forth the legal standards for the use of both non-deadly force, RSA 627:5, I, and deadly force, RSA 627:5, II, by law enforcement officers.
[3] The use of chokeholds by law enforcement officers is now prohibited by New Hampshire law. *See* § II.a.iv., *infra.*



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

That is exclusive of firearms training, which requires a separate annual certification.  N.H. Admin. R. 404.04.

## ii.    New Hampshire State Police

The legislature established the New Hampshire State Police in 1937.  It is a division within the Department of Safety.  RSA 106-B:2.  It is comprised of approximately 350 sworn officers and is the largest law enforcement agency in New Hampshire.  In addition to field operations spread across seven troops, the State Police also engages in numerous highly specialized functions, such as the Major Crime Unit and the state's only Forensic Science Laboratory.  The director of the division of state police holds the rank of colonel.  RSA 106-B:4.  Colonel Nathan Noyes was sworn into office on April 8, 2020.  Colonel Noyes testified before the Commission and provided written materials that are part of the record.

The legislature has assigned to the colonel, with the approval of the commissioner of safety, responsibility for the training of division members.  RSA 106-B:6.  The colonel is also ultimately responsible for policies and written directives governing the division's work.  *See id.*

New Hampshire State Troopers attend the police academy.  State Police receive in-service training that exceeds the eight-hour annual requirement.  Colonel Noyes testified that, in recent years, State Police training has focused on issues including unconscious bias, fair and impartial policing and mental and physical wellness and resilience.  Four times per year, troopers attend use-of-force training which encompasses review of relevant statutes, case law, recent events, internal policies as well as scenario-based training.  Other trainings include an emergency vehicle operators' course, search and seizure training, response to active shooters, as well as policy review for the division's Fair and Impartial Policing, discussed below.  In addition, when a new trooper is hired, he or she is required to spend at least one day at the New Hampshire Hospital, an experience intended to educate new troopers about appropriate responses with individuals in a mental health crisis.

Chokeholds are not an approved technique and are not taught by State Police in its use-of-force instructions. [4]

With respect to policies and procedures relating to race and bias, in February 2019, State Police issued General Order 100.04, captioned "Fair and Impartial Policing."  A copy of the policy appears at Appendix C.  Its purpose is to: "prevent and prohibit the practice of biased policing and other discriminatory practices in any law-enforcement related activity involving a member of the Division."  The policy states that: "[i]n the absence of any specific report or suspicious circumstances, the actual or perceived race, ethnic background, color, age, gender, sexual orientation, religion, economic status, cultural group or any other identifiable group of any person will not be the basis for the detention, interdiction or other disparate treatment of any

---

[4] The use of chokeholds by law enforcement officers is now prohibited by New Hampshire law.  *See* § II.a.iv., *infra.*



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

individual by any member of the Division of State Police."  This policy was developed with the input of community leaders and the ACLU-NH and has become a standard for other New Hampshire law enforcement agencies.

### iii.    Local Police Departments

There are approximately 210 municipal law enforcement agencies in New Hampshire. They range in size from one law enforcement officer to over 200.  The chief of police generally has control and direction of police within a jurisdiction.  *See* RSA 48:10 (cities) and RSA 105:2-a (towns).  Chiefs are generally appointed by municipalities' executive (e.g., selectmen, RSA 105:1, mayor or city manager).[5]  Charlie Dennis is the Chief of Police in Hanover and currently serves as the President of the New Hampshire Association of Chiefs of Police.  He is a member of the Commission.  Chief Dennis testified before the Commission and provided written materials that are part of the record.

Each police department is responsible for writing, maintaining and enforcing its own policies and procedures, including with respect to training.  There are no model statewide policies or standards.  The Police Standards and Training Council has no role in developing or approving local policies and procedures.  There is no statute or rule that governs local policies or procedures.

Because of the enormous variation in department sizes and resources, there is variation in policies, procedures and training.  For example, the Manchester Police Department – the largest municipal law enforcement agency in New Hampshire – requires newly hired officers to undergo eight weeks of training, both before and after the academy.

The Commission on Accreditation for Law Enforcement Agencies (CALEA) was founded in 1979 as a joint effort of the International Association of Chiefs of Police (IACP), the National Organization of Black Law Enforcement Executives (NOBLE), the National Sheriffs Association and Police Executive Research Forum (PERF).  Its purpose was to create policies and procedures for law enforcement based on best practices.

CALEA is expressly committed to procedural justice, ethical policing, community trust and engagement, transparency and service delivery, appropriate organizational culture, fairness in systems and processes, and consistency in what the public should expect from a law enforcement agency.  Basic accreditation requires compliance with 181 standards.  There are

---

[5] Police commissions exist in at least the following cities:  Manchester, Nashua, Portsmouth, Laconia and Berlin. The commissions are authorized by statute, *see* N.H. Laws of 1913, ch. 148, and city charters.  They are comprised of three to five citizens.  The roles and responsibilities vary among police commissions but, generally, they can be an important source of community input for the police department's leadership.



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

substantial costs to becoming accredited and to maintaining CALEA accreditation.  At present, there are 14 law enforcement agencies in New Hampshire which have CALEA accreditation.[6]

## iv.    Recent Legislative Changes

Since the creation of the Commission on June 16, 2020, the legislature has passed and the governor has approved statutory changes that implicate matters within the Commission's charge.  On July 16, 2020, Governor Sununu signed HB 1645 into law.  Section 25 of that bill amends RSA 627:5 (addressing the use of physical force in law enforcement) by adding a new section to prohibit the use of chokeholds by any law enforcement officer.  This provision, which took effect on July 16, 2020, defines "chokehold" as "the application of any pressure to the throat, windpipe, or neck, which prevents or reduces intake of air, or oxygen to the brain."

Another section of HB 1645 requires that it "shall be the duty of any law enforcement officer who observes misconduct by another law enforcement officer to notify the chief law enforcement officer in his or her department in writing immediately or as soon as practicable after observing such misconduct."  Within seven days of such a notification, the chief must report the misconduct to the Police Standards and Training Council.  The new statute defines misconduct as:  "assault, sexual assault, bribery, theft, tampering with evidence, tampering with a witness, use of a chokehold, or excessive and illegal use of force as defined by the New Hampshire criminal code."

## b.    Summary of Public Testimony Received by the Commission



---

[6] The CALEA accredited agencies are:  Claremont Police Department, Dover Police Department, Durham Police Department, Goffstown Police Department, Hollis Police Department, Hudson Police Department, Keene Police Department, Laconia Police Department, Manchester Police Department, Nashua Police Department, Pelham Police Department and Portsmouth Police Department.  In addition, the Strafford County Sheriff's Office and the University of New Hampshire Police Department are CALEA accredited.  Four other local law enforcement agencies are currently pursuing CALEA accreditation.



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency



## c.   Commission Recommendations

The Commission makes the following recommendations for reforms and improvements with respect to training curriculum, procedures and policies:

### I.   Required Training to Maintain Law Enforcement Officer Certification

1. As soon as practicable, NH PSTC, with input from all relevant law enforcement agencies, should pursue all actions necessary, including emergency rulemaking pursuant to RSA 541-A, to amend existing administrative rules to provide as follows:

   a. Increase the mandatory number of hours of annual in-service training for law enforcement officers on an incremental basis over the next three years.  By January 1, 2024, the total mandatory hours of annual in-service training should be a minimum of twenty-four (24) hours.

   b. Mandate that annual in-service training as approved by NH PSTC include, at a minimum, two (2) hours on each of the following topics:
      i.    Implicit bias and cultural responsiveness;
      ii.   Ethics; and
      iii.  De-escalation.

2. Beginning January 1, 2021, strongly encourage all law enforcement agencies to require their officers to participate and receive, at a minimum two (2) hours annually, of training in the following areas:

   a.    Implicit bias and cultural responsiveness;



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

    b.      Ethics; and

    c.      De-escalation.

## II. NH Police Standards and Training Council General Recommendations

3. NH PSTC should arrange for a Job Task Analysis (JTA) for entry-level law enforcement officers and entry-level corrections officers, and based on those findings, conduct an overall review of the present academy curriculums. Based on curriculum changes found by the JTA, an extension of the length of the police academy beyond its current 16 weeks may be warranted.

4. NH PSTC needs to leverage technology and be allowed to purchase and deploy a robust database management system and on-line learning platform for the twofold purpose of: 1) maintaining a full record over the course of an officer's career of his or her training completion, any incidents of sustained misconduct, movement from one agency to another and/or decertification, and 2) to develop and deliver standardized on-line training to all law enforcement officers in an efficient and economical way.

5. NH PSTC, in collaboration with other law enforcement agencies, using nationally vetted best practices as set forth by IACP, CALEA, PERF, and NOBLE, shall create policy guidelines on the following topics that serve as a minimum standard with which all law enforcement agencies must comply:
   - Use of Force
   - Duty to Intervene
   - Code of Conduct
   - Duty to Report Misconduct
   - Prohibition of Chokeholds
   - Procedures to Guard Against Positional Asphyxia

6. NH PSTC should increase the number of hours of scenario-based training in both academy and in-service settings.

7. NH PSTC should improve and augment police academy training on diversity by conducting a review of the present lesson plan on cultural dynamics, and amend it to properly address the topic. Training to be developed with one or more community partner(s).

8. NH PSTC should improve and augment police academy and in-service training on implicit bias and procedural justice by adopting the IACP recognized Fair and Impartial Policing training or similar type training.



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

9.  NH PSTC should improve and augment police academy and in-service training on de-escalation techniques by adopting the PERF's Integrated Communication and Tactics training (ICAT) or similar training.

10. NH PSTC should improve and augment police academy training on police ethics by re-instituting the Ethics block of instruction.

11. NH PSTC should improve and augment police academy and in-service training on the duty to intervene by adopting Georgetown University's Active Bystandership Law Enforcement (ABLE) training, (formally known as EPIC training) or similar training.

12. NH PSTC should include in its instruction *State of New Hampshire v. Jones* (decided January 10, 2020) and any other State court decisions where race or protected class was a matter the court considered while reaching its decision. These cases should be part of the lesson plan in those relevant topic areas that are already delivered.  An attorney from the Attorney General's Office will be dedicated to teach at NH PSTC and regularly update materials.

13. Recognizing that certain NH police agencies need to rely on part-time law enforcement officers, NH PSTC should re-evaluate the Part-Time Police Officer certification process upon receipt of the JTA and consider extending the length of such training and give certain consideration to what law enforcement functions part-time officers be allowed to perform.

14. NH PSTC should amend administrative rule POL 301.05 <u>Background Investigations</u> to mandate that background investigations specifically vet police recruit candidates in the area of having demonstrated outward bias toward a protected group by way of past history, behavior, affiliation with a subversive group, social media posts and other objective sources to help determine the overall fitness for duty the candidate possesses and to consider those findings in the overall decision to hire the candidate.

## III. Other Recommendation

15. All law enforcement agencies should be encouraged to pursue CALEA accreditation.  In the absence of CALEA accreditation, agencies should continually review and maintain policies consistent with nationally accepted best practices.



**New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency**

███ ████████████████████████████████████

### c.    Commission Recommendations

The Commission makes the following recommendations for reforms and improvements with respect to reporting and investigation of police misconduct:

1.    Support the establishment of a single, neutral and independent statewide entity to receive complaints alleging misconduct regarding all sworn and elected law enforcement officers with the following components:

    a.    Staffed by full-time attorneys, paralegals, legal assistants and investigators;

    b.    Provide robust due process with multiple levels of review, including both sides having the right to appeal;

    c.    Members of the various committees and panels to be appointed by the Governor, consisting of community members, current or retired judges, law enforcement officers, attorneys; 3-year terms (initially staggered). Any committee or panel would be slightly weighted toward law enforcement;

    d.    Statewide, universal definition regarding what constitutes misconduct;[10]

    e.    Notice of complaint to the officer and an opportunity to be heard;

    f.    Initial screening of all complaints received by the entity to determine if an investigation is warranted;

    g.    Investigation following consistent and defined standards;

    h.    Statewide, universal standards to apply with respect to determination of whether misconduct occurred;

    i.    Executive summary of finding to be made available to the public with the full investigative report subject to disclosure upon in-camera review. Sustained findings publicly accessible in a database maintained by the entity;

---

[10] Definition of misconduct should take into consideration the policy guidelines regarding Code of Conduct to be developed by NH PSTC.  Discussed above at § II.c.II.5.



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

    j.       Right of appeal to New Hampshire Supreme Court;

    k.       Require all law enforcement agencies to report alleged misconduct to this entity; and

    l.       Nothing in this recommendation would limit the ability of the hiring law enforcement agency or NH PSTC to investigate, discipline, or take any action consistent with their rules, regulations, and collective bargaining agreements; or would limit the ability of the Office of the Attorney General or County Attorney with jurisdiction to investigate or prosecute any criminal conduct.

2.      To promote a uniform approach to investigation and prosecution of alleged criminal conduct by government officials, including law enforcement officials, establish by statute, a dedicated Public Integrity Unit within the Attorney General's Office with permanent and sustainable resources, including full-time attorneys, paralegals, legal assistants, and investigators.

3.      To promote equal justice under the law in all aspects of the criminal justice system, the Commission strongly encourages implicit bias and racial profiling training for all prosecutors, including all police prosecutors, all criminal defense attorneys, and all judges.

    a.       The Office of the Attorney General shall require such training for all attorneys, investigators, legal staff and victim/witness advocates in the Attorney General's Office; all County Attorney Offices; and all state agency attorneys.

    b.       The Office of the Attorney General shall facilitate and arrange for such trainings as described in 3(a) no later than April 1, 2021.

    c.       The Office of the Attorney General shall establish a system whereby all new prosecutor hires receive implicit bias and racial profiling training within 30 days of their start date.

    d.       Recommend the New Hampshire Supreme Court require one hour of yearly continuing legal education credit (CLE) to be dedicated to implicit bias and racial profiling training.

4.      Establish a community outreach position within the Attorney General's Office to facilitate communication between all state, county and local prosecution offices and New Hampshire's diverse communities.



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

5.      Amend RSA 33-A:3-a, CVIII to require "police, non-criminal-internal affairs investigations" to be retained, at a minimum, for a period of 20 years after retirement or separation.

6.      Encourage all law enforcement agencies to use body and/or dash cameras.

7.      Make the existing Exculpatory Evidence Schedule (EES) public subject to the following provisions:

   a.      The Office of the Attorney General will provide immediate written notice to all living persons on the current list that they are on the list with the following notifications that:

      i.      Six (6) months from date of notification to request a hearing in Superior Court to have his or her name removed from the EES.

      ii.      Six (6) months from date of notification, individual names on the list with a sustained finding shall be made public, except for any individual with a pending Superior or Supreme Court action in regard to removal from the EES.

   b.      The names of deceased former law enforcement officers shall be released once there has been a determination that the officer was afforded due process prior to placement on the list or the conduct subject to EES was previously provided as discovery in a criminal case.





# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency



### c.    Commission Recommendations

The Commission makes the following recommendations for reforms and improvements with respect to the current state of relationships between law enforcement and the communities they serve:

### I.    Data Collection

1.   All law enforcement agencies should gather, analyze and make available to the public, at least annually, data on demographics (including, at a minimum, gender and race) for arrests, citations and motor vehicle and subject stops regardless of disposition.

2.   New Hampshire Department of Motor Vehicles should include a person's race on NH Drivers' Licenses and Non-Drivers' Identification Cards, with the option for the person to opt out from answering the question.



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

3. All law enforcement agencies will comply with RSA 106-B:14-c by submitting crime reports to the Department of Safety, Division of State Police based on the specifications prescribed by the Federal Bureau of Investigation (FBI).

## II. Community Policing and Engagement

4. All law enforcement agencies should adopt the definition of Community Policing as set forth by IACP:

   > "Community policing is a comprehensive philosophy that guides policy and strategy aimed at achieving more effective and efficient crime control, reduced fear of crime, improved quality of life, and improved police services and police legitimacy through a proactive reliance on community resources that seeks to change crime causing conditions. This assumes a need for greater accountability of police, elected community leaders, and the community in general, along with greater public share in decision-making through the identification of service needs and priorities and a greater concern for civil rights and liberties."

5. Encourage all law enforcement agencies, when practicable, to dedicate an officer or unit to community policing and engagement.

6. Encourage all law enforcement agencies to engage in community relationship building by working collaboratively with community liaisons, public agencies, non-profits, community stakeholders and existing community-based programs. Models like New Hampshire Blue and You, the Mirror Project, Police Athletic Leagues (PALs), and citizen police academies serve as a guide for such efforts.

7. All law enforcement agencies should establish ongoing officer training at all levels to encourage a culture that empowers individual officers to engage in community policing and relationship building efforts.

8. All law enforcement agencies should publish/advertise community events and consider the use of social media and the establishment of Public Service Announcement (PSA) campaigns to educate the public about police officers and their work.

9. NH PSTC should maintain and publish a list of all currently CALEA accredited law enforcement agencies.



# New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency

### III. School Resource Officers

10. NH PSTC should set forth mandated "certification" for SROs that would require the officer to complete National Association of School Resource Officers (NASRO) training, Mirror Project Train-the-Trainer and Effective Police Contact with Youth training prior to assignment.  Further, certain annual in-service hours to maintain SRO "certification" should be identified and mandated by NH PSTC.

11. NH PSTC should work with stakeholders and oversee the development of a model SRO Memorandum of Understanding (MOU) to be used by police departments and School Administrative Units (SAUs) that clearly defines the roles, expectations and prohibitions of the SRO's role in the school setting and specifically with regard to the SRO's role in student discipline for non-criminal matters.

12. Each law enforcement agency should have a field training program specifically for SROs.  A transition plan should be implemented over a course of weeks/months between each outgoing/incoming SRO so there is overlap, information exchange, and adjustment for the stakeholders.

13. MOUs between law enforcement agencies and SAUs should be made public.

### IV. Hiring/Recruitment of Officers

14. Recognizing the difficulty of hiring and recruiting qualified candidates, law enforcement agencies should continue efforts to recruit officers from minority communities to allow for a diverse law enforcement workforce.

15. All public entities should develop a comprehensive strategy to actively attract, recruit, and retain diverse law enforcement candidates, to include candidates from outside New Hampshire.

### V. Other

16. In order to advance relationships with the trans and gender non-conforming population, all law enforcement agencies should seek and provide training on pronoun inclusion.

17. In order to advance relationships with the deaf and hard of hearing community, law enforcement agencies should continue to seek a better understanding of, and communication with, members of that community, to include the greater use and dissemination of driver visor cards by law enforcement.



# New Hampshire Commission on Law Enforcement
## Accountability, Community, and Transparency

18. In order to advance a greater understanding of juvenile offenders, form a separate commission to review the present state of juvenile justice laws.  In particular, the commission should review the minimum age for juvenile prosecutions and the statute that creates a presumption of transfer to the adult criminal court.





**New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency**

## b.     Commission Recommendations

The Commission makes the following recommendations for reforms and improvements with respect to mental health and well-being and the results of the February 2019 Office of Legislative Budget Assistant NH PSTC Performance Audit.

1.   Specially trained mental health professionals should be embedded in tactical response teams.  There should be a review to determine if such mental health professionals will be afforded protection from litigation stemming from their participation in such activities.

2.   Encourage partnerships between communities and local law enforcement to pursue services and resources dedicated to individuals with substance use disorders (SUDs) and mental illness and to make those services readily available in order to reduce the burden on law enforcement responding to issues stemming from SUDs as well as mental illness.

3.   Offer training regarding the mental well-being of law enforcement officers. Training should include information regarding the high rates of post-traumatic stress, depression and suicide among law enforcement officers and available resources for seeking help.  Enhance the availability and encourage the continued collaboration of law enforcement peer support programs in the state.

4.   NH PSTC should explore the issue of requiring mandatory periodic psychological screenings of law enforcement officers, similar to what is currently required for physical fitness under Pol 404.07, to determine ongoing fitness for duty and/or assist with referring officers for mental health treatment/support.

5.   The University of New Hampshire and other higher education institutions within New Hampshire are encouraged to collaborate with NH PSTC to develop specialized curriculum and/or graduate/post-graduate certificate programs dedicated:

   a.   To mental health providers who collaborate with law enforcement officers in responding to individuals experiencing a mental health crisis, in order to respond more effectively to critical incidents involving individuals who are a danger to themselves or others.

   b.   To address the special mental health needs of law enforcement officers/first responders including, trauma, depression, and substance misuse, in order to enhance the skills, understanding, and availability of



# New Hampshire Commission on Law Enforcement
# Accountability, Community, and Transparency

licensed mental health professionals in New Hampshire who can provide treatment/support and collaborate with our law enforcement community.

6.  Endorse the findings and recommendations of the February 2019 Office of Legislative Budget Assistant NH PSTC Performance Audit and ensure that sufficient funding is allocated to implement and sustain the recommendations.

7.  In order to enhance transparency, accountability, and community relations between law enforcement and the people they serve, the Commission strongly encourages the Governor and the legislature to allocate or re-allocate appropriate funding needed to implement and sustain the recommendations made by this Commission. Stakeholders are encouraged to advocate for their funding needs before House Finance Committee or their local funding body.

8.  Extend, as needed, this Commission to assist with implementation of any recommendation.







⊕ Change Site Language     🔍 Search The Site



☰ **OPEN MENU**

Home › News and Media › Governor Chris Sununu Endorses All LEACT Recommendations, Puts Forward Road Map for Implementation

# Press Release

For Immediate Release

## Contact

Communications Director
(603) 271-2121 | Sununu.Press@nh.gov

# Governor Chris Sununu Endorses All LEACT Recommendations, Puts Forward Road Map for Implementation

Concord, NH — Today, Governor Chris Sununu put forward a roadmap for the State of New Hampshire to implement all recommendations that arose from the New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency (LEACT), which Governor Chris Sununu established through an Executive order in June after the murder of George Floyd.

LEACT released a report containing three parts which focused on training, reporting and investigation of police misconduct, and community relations. They detailed numerous reforms for the State of New Hampshire to take action on.

"Today I am endorsing every single recommendation from all three parts of the LEACT report," said Governor Chris Sununu. "Their charge was difficult — to come up with recommendations on how to improve Law Enforcement here in New Hampshire. As I have long said, New Hampshire has some of the best law enforcement in the country, but there is always room to improve, grow, and adapt. I cannot thank the members of the Commission enough for their tireless work. These issues are incredibly important and should not be political. I am confident these reforms, which received unanimous support from the Commission, will be enacted with bipartisan support. And, as I have long said, cost will not be a barrier to implementation."

The roadmap for these recommendations details the avenues that each reform will be implemented through.

- First, immediate reforms that can be accomplished through Executive Order.
- Second, immediate reforms that can be initiated through rulemaking
- Third, reforms that need to be taken up by the legislature
- Fourth, reforms which will be implemented by local law enforcement agencies through encouragement and assistance from the state.

Governor Chris Sununu will be issuing an Executive Order to take immediate action on many of these reforms within the next two weeks.

For reforms that require legislation, Governor Sununu has asked the Attorney General to lead the effort to craft legislation for the Legislature's consideration. Once a draft of that legislation is prepared, Governor Sununu will be asking the majority and minority leaders in both houses of the next Legislature to sponsor and shepherd this legislation through to passage.

A copy of the roadmap can be found here. 

📄 Portable Document Format (.pdf) . Visit nh.gov for a list of free .pdf readers for a variety of operating systems.



107 North Main Street | Concord, NH | 03301
(603) 271-2121 | TDD Access: Relay NH 1-800-735-2964

**About Governor Sununu**

**News and Media**

**Contact Governor Sununu**

**NH Web Portal – NH.gov**

**NH Travel & Tourism**

**ReadyNH.gov**

**NH Government Careers**

11/24/21, 10:36 AM

Governor Chris Sununu Endorses All LEACT Recommendations, Puts Forward Road Map for Implementation | Governor Christopher T. Sununu

Transparent NH

**Hours:** Monday thru Friday | 8:30am - 5:00pm

Directions to the NH State House ❯

© 2021 State of New Hampshire • All rights reserved  |  Privacy Policy  |  Accessibility Policy  |  Webmaster

AN OFFICIAL NEW HAMPSHIRE GOVERNMENT WEBSITE

| Title of Recommendation | Implementation |
|---|---|
| **A. TRAINING** | |
| **I. Required Training to Maintain Law Enforcement Officer Certification** | |
| 1. As soon as practicable, NH PSTC, with input from all relevant law enforcement agencies, should pursue all actions necessary, including emergency rulemaking pursuant to RSA 541-A, to amend existing administrative rules to provide as follows: | |
| 1-A. Increase the mandatory number of hours of annual in-service training for law enforcement officers on an incremental basis over the next three years.  By January 1, 2024, the total mandatory hours of annual in-service training should be a minimum of twenty-four (24) hours. | Executive Order and Rulemaking |
| 1-B. Mandate that annual in-service training as approved by NH PSTC include, at a minimum, two (2) hours on each of the following topics:<br>i. Implicit bias and cultural responsiveness;<br>ii. Ethics; and<br>iii. De-escalation. | Executive Order and Rulemaking |
| 2. Beginning January 1, 2021, strongly encourage all law enforcement agencies to require their officers to participate and receive, at a minimum two (2) hours annually, of training in the following areas:<br>a. Implicit bias and cultural responsiveness;<br>b. Ethics; and<br>c. De-escalation. | Executive Order - Contracting |
| **II. NH Police Standards and Training Council General Recommendations** | |
| 3. NH PSTC should arrange for a Job Task Analysis (JTA) for entry-level law enforcement officers and entry-level corrections officers, and based on those findings, conduct an overall review of the present academy curriculums.  Based on curriculum changes found by the JTA, an extension of the length of the police academy beyond its current 16 weeks may be warranted. | Executive Order |
| 4. NH PSTC needs to leverage technology and be allowed to purchase and deploy a robust database management system and on-line learning platform for the twofold purpose of:    1) maintaining a full record over the course of an officer's career of his or her training completion, any incidents of sustained misconduct, movement from one agency to another and/or decertification, and 2) to develop and deliver standardized on-line training to all law enforcement officers in an efficient and economical way. | Executive Order & potential legislation for funding |

| Title of Recommendation | Implementation |
|---|---|
| 5. NH PSTC, in collaboration with other law enforcement agencies, using nationally vetted best practices as set forth by IACP, CALEA, PERF, and NOBLE, shall create policy guidelines on the following topics that serve as a minimum standard with which all law enforcement agencies must comply: - Use of Force<br>- Duty to Intervene<br>- Code of Conduct<br>- Duty to Report Misconduct<br>- Prohibition of Chokeholds<br>- Procedures to Guard Against Positional Asphyxia | Executive Order and Rulemaking |
| 6. NH PSTC should increase the number of hours of scenario-based training in both academy and in-service settings. | Executive Order and Rulemaking |
| 7. NH PSTC should improve and augment police academy training on diversity by conducting a review of the present lesson plan on cultural dynamics, and amend it to properly address the topic. Training to be developed with one or more community partner(s). | Executive Order and Rulemaking |
| 8. NH PSTC should improve and augment police academy and in-service training on implicit bias and procedural justice by adopting the IACP recognized Fair and Impartial Policing training or similar type training. | Executive Order and Rulemaking |
| 9. NH PSTC should improve and augment police academy and in-service training on de-escalation techniques by adopting the PERF's Integrated Communication and Tactics training (ICAT) or similar training. | Executive Order and Rulemaking |
| 10. NH PSTC should improve and augment police academy training on police ethics by re-instituting the Ethics block of instruction. | Executive Order and Rulemaking |
| 11. NH PSTC should improve and augment police academy and in-service training on the duty to intervene by adopting Georgetown University's Active Bystandership Law Enforcement (ABLE) training, (formally known as EPIC training) or similar training. | Executive Order and Rulemaking |
| 12. NH PSTC should include in its instruction State of New Hampshire v. Jones (decided January 10, 2020) and any other State court decisions where race or protected class was a matter the court considered while reaching its decision. These cases should be part of the lesson plan in those relevant topic areas that are already delivered.  An attorney from the Attorney General's Office will be dedicated to teach at NH PSTC and regularly update materials. | Executive Order and Rulemaking |

| Title of Recommendation | Implementation |
|---|---|
| 13. Recognizing that certain NH police agencies need to rely on part-time law enforcement officers, NH PSTC should re-evaluate the Part-Time Police Officer certification process upon receipt of the JTA and consider extending the length of such training and give certain consideration to what law enforcement functions part-time officers be allowed to perform. | Executive Order and Rulemaking<br>Potential legislation for funding |
| 14. NH PSTC should amend administrative rule POL 301.05 Background Investigations to mandate that background investigations specifically vet police recruit candidates in the area of having demonstrated outward bias toward a protected group by way of past history, behavior, affiliation with a subversive group, social media posts and other objective sources to help determine the overall fitness for duty the candidate possesses and to consider those findings in the overall decision to hire the candidate. | Executive Order and Rulemaking |
| **III. Other Recommendation** | |
| 15. All law enforcement agencies should be encouraged to pursue CALEA accreditation.  In the absence of CALEA accreditation, agencies should continually review and maintain policies consistent with nationally accepted best practices under Section C:1-a-l. | Recommendation, and potential Executive Order related to State assistance |
| **B. REPORTING AND INVESTIGATION OF POLICE MISCONDUCT** | |
| 16. Support the establishment of a single, neutral and independent statewide entity to receive complaints alleging misconduct regarding all sworn and elected law enforcement officers with the noted componets from the LEACT Report: | Legislation |
| 17. To promote a uniform approach to investigation and prosecution of alleged criminal conduct by government officials, including law enforcement officials, establish by statute, a dedicated Public Integrity Unit within the Attorney General's Office with permanent and sustainable resources, including full-time attorneys, paralegals, legal assistants, and investigators. | Executive Order<br>Legislation for addional funding |
| 18. To promote equal justice under the law in all aspects of the criminal justice system, the Commission strongly encourages implicit bias and racial profiling training for all prosecutors, including all police prosecutors, all criminal defense attorneys, and all judges. | Executive Order for prosecutors and public defenders<br>Legislation for judges |
| 19. Establish a community outreach position within the Attorney General's Office to facilitate communication between all state, county and local prosecution offices and New Hampshire's diverse communities. | Executive Order<br>Legislation for addional funding |
| 20. Amend RSA 33-A:3-a, CVIII to require "police, non-criminal-internal affairs investigations" to be retained, at a minimum, for a period of 20 years after retirement or separation. | Legislation |

| Title of Recommendation | Implementation |
|---|---|
| 21.  Encourage all law enforcement agencies to use body and/or dash cameras. | Executive Order for State Police - with potential legislation for funding<br>Legislation for local law enforcement |
| 22. Make the existing Exculpatory Evidence Schedule (EES) public subject to the following provisions:a. The Office of the Attorney General will provide immediate written notice to all living persons on the current list that they are on the list with the following notifications that:<br>i. Six (6) months from date of notification to request a hearing in Superior Court to have his or her name removed from the EES.<br>ii. Six (6) months from date of notification, individual names on the list with a sustained finding shall be made public, except for any individual with a pending Superior or Supreme Court action in regard to removal from the EES.<br>b. The names of deceased former law enforcement officers shall be released once there has been a determination that the officer was afforded due process prior to placement on the list or the conduct subject to EES was previously provided as discovery in a criminal case. | Legislation |
| **C. COMMUNITY RELATIONS** | |
| **I. Data Collection** | |
| 23. All law enforcement agencies should gather, analyze and make available to the public, at least annually, data on demographics (including, at a minimum, gender and race) for arrests, citations and motor vehicle and subject stops regardless of disposition. | Legislation |
| 24. New Hampshire Department of Motor Vehicles should include a person's race on NH Drivers' Licenses and Non-Drivers' Identification Cards, with the option for the person to opt out from answering the question. | Legislation |
| 25. All law enforcement agencies will comply with RSA 106-B:14-c by submitting crime reports to the Department of Safety, Division of State Police based on the specifications prescribed by the Federal Bureau of Investigation (FBI). | Recommendation and communication push from State to remind local law enforcement agencies of statutory requirements |

| Title of Recommendation | Implementation |
|---|---|
| **II. Community Policing and Engagement** | |
| 26. All law enforcement agencies should adopt the definition of Community Policing as set forth by IACP: "Community policing is a comprehensive philosophy that guides policy and strategy aimed at achieving more effective and efficient crime control, reduced fear of crime, improved quality of life, and improved police services and police legitimacy through a proactive reliance on community resources that seeks to change crime causing conditions. This assumes a need for greater accountability of police, elected community leaders, and the community in general, along with greater public share in decision-making through the identification of service needs and priorities and a greater concern for civil rights and liberties." | Executive Order for State Police Recommendation for local law enforcement |
| 27. Encourage all law enforcement agencies, when practicable, to dedicate an officer or unit to community policing and engagement | Executive Order for State Police Recommendation for local law enforcement |
| 28. Encourage all law enforcement agencies to engage in community relationship building by working collaboratively with community liaisons, public agencies, non-profits, community stakeholders and existing community-based programs.  Models like New Hampshire Blue and You, the Mirror Project, Police Athletic Leagues (PALs), and citizen police academies serve as a guide for such efforts. | Executive Order for State Police Recommendation for local law enforcement |
| 29. All law enforcement agencies should establish ongoing officer training at all levels to encourage a culture that empowers individual officers to engage in community policing and relationship building efforts. | Executive Order for State Police Recommendation for local law enforcement |
| 30. All law enforcement agencies should publish/advertise community events and consider the use of social media and the establishment of Public Service Announcement (PSA) campaigns to educate the public about police officers and their work. | Executive Order for State Police Recommendation for local law enforcement |
| 31. NH PSTC should maintain and publish a list of all currently CALEA accredited law enforcement agencies. | Executive Order |
| **III. School Resource Officers** | |
| 32. NH PSTC should set forth mandated "certification" for SROs that would require the officer to complete National Association of School Resource Officers (NASRO) training, Mirror Project Train-the-Trainer and Effective Police Contact with Youth training prior to assignment.  Further, certain annual in-service hours to maintain SRO "certification" should be identified and mandated by NH PSTC. | Executive Order and Rulemaking Potential legislation for funding |

| Title of Recommendation | Implementation |
|---|---|
| 33. NH PSTC should work with stakeholders and oversee the development of a model SRO Memorandum of Understanding (MOU) to be used by police departments and School Administrative Units (SAUs) that clearly defines the roles, expectations and prohibitions of the SRO's role in the school setting and specifically with regard to the SRO's role in student discipline for non-criminal matters. | Executive Order |
| 34. Each law enforcement agency should have a field training program specifically for SROs.  A transition plan should be implemented over a course of weeks/months between each outgoing/incoming SRO so there is overlap, information exchange, and adjustment for the stakeholders. | Recommendation |
| 35. MOUs between law enforcement agencies and SAUs should be made public. | Legislation |
| **IV. Hiring/Recruitment of Officers** | |
| 36. Recognizing the difficulty of hiring and recruiting qualified candidates, law enforcement agencies should continue efforts to recruit officers from minority communities to allow for a diverse law enforcement workforce. | Executive Order for State Police<br>Recommendation for local law enforcement<br>Legislation for funding for these efforts |
| 37. All public entities should develop a comprehensive strategy to actively attract, recruit, and retain diverse law enforcement candidates, to include candidates from outside New Hampshire. | Executive Order for State entities<br>Recommendation for public non-state entities |
| **V. Other** | |
| 38. In order to advance relationships with the trans and gender non-conforming population, all law enforcement agencies should seek and provide training on pronoun inclusion. | Executive Order for State Police<br>Recommendation for local law enforcement |
| 39. In order to advance relationships with the deaf and hard of hearing community, law enforcement agencies should continue to seek a better understanding of, and communication with, members of that community, to include the greater use and dissemination of driver visor cards by law enforcement. | Executive Order for State Police<br>Recommendation for local law enforcement |
| 40. In order to advance a greater understanding of juvenile offenders, form a separate commission to review the present state of juvenile justice laws.  In particular, the commission should review the minimum age for juvenile prosecutions and the statute that creates a presumption of transfer to the adult criminal court. | Legislation |

| Title of Recommendation | Implementation |
|---|---|
| **The Commission makes the following recommendations for reforms and improvements with respect to mental health and well-being and the results of the February 2019 Office of Legislative Budget Assistant NH PSTC Performance Audit.** | |
| 41. Specially trained mental health professionals should be embedded in tactical response teams. There should be a review to determine if such mental health professionals will be afforded protection from litigation stemming from their participation in such activities. | Recommendation |
| 42. Encourage partnerships between communities and local law enforcement to pursue services and resources dedicated to individuals with substance use disorders (SUDs) and mental illness and to make those services readily available in order to reduce the burden on law enforcement responding to issues stemming from SUDs as well as mental illness. | Recommendation and State assistance for local law enforcement agencies |
| 43. Offer training regarding the mental well-being of law enforcement officers.  Training should include information regarding the high rates of post-traumatic stress, depression and suicide among law enforcement officers and available resources for seeking help.  Enhance the availability and encourage the continued collaboration of law enforcement peer support programs in the state. | Executive Order for State Police<br>Recommendation and State assistance for local law enforcement<br>Potential legislation for funding |
| 44. NH PSTC should explore the issue of requiring mandatory periodic psychological screenings of law enforcement officers, similar to what is currently required for physical fitness under Pol 404.07, to determine ongoing fitness for duty and/or assist with referring officers for mental health treatment/support. | Executive Order |
| 45. The University of New Hampshire and other higher education institutions within New Hampshire are encouraged to collaborate with NH PSTC to develop specialized curriculum and/or graduate/post-graduate certificate programs dedicated:<br>a. To mental health providers who collaborate with law enforcement officers in responding to individuals experiencing a mental health crisis, in order to respond more effectively to critical incidents involving individuals who are a danger to themselves or others.<br>b. To address the special mental health needs of law enforcement officers/first responders including, trauma, depression, and substance misuse, in order to enhance the skills, understanding, and availability of licensed mental health professionals in New Hampshire who can provide treatment/support and collaborate with our law enforcement community. | Recommendation<br>Governor conversation with the USNH and CCSNH boards |

| Title of Recommendation | Implementation |
|---|---|
| 46. Endorse the findings and recommendations of the February 2019 Office of Legislative Budget Assistant NH PSTC Performance Audit and ensure that sufficient funding is allocated to implement and sustain the recommendations. | Legislation - next biennal budget |
| 47. In order to enhance transparency, accountability, and community relations between law enforcement and the people they serve, the Commission strongly encourages the Governor and the legislature to allocate or re-allocate appropriate funding needed to implement and sustain the recommendations made by this Commission.  Stakeholders are encouraged to advocate for their funding needs before House Finance Committee or their local funding body. | Legislation - next biennal budget |
| 48. Extend, as needed, this Commission to assist with implementation of any recommendation. | Commission to re-convene to assess progress on recommendations after next legislative session |



**STATE OF NEW HAMPSHIRE**
OFFICE OF THE GOVERNOR

CHRISTOPHER T. SUNUNU
Governor

**STATE OF NEW HAMPSHIRE**
**BY HIS EXCELLENCY**
**CHRISTOPHER T. SUNUNU, GOVERNOR**

**Executive Order 2020-19**

**An order regarding implementation of recommendations of the New Hampshire Commission on Law Enforcement Accountability, Community, and Transparency**

**WHEREAS,** in the wake of the tragic murder of George Floyd in Minneapolis, Minnesota, our country continues to engage in a nationwide conversation regarding law enforcement, social justice, and the need for reforms that enhance transparency, accountability, and community relations in law enforcement; and

**WHEREAS,** law enforcement in New Hampshire make daily sacrifices, serve our State admirably, and are a necessary and pivotal part of our communities; and

**WHEREAS,** the State of New Hampshire has an obligation to participate in the national conversation and engage in self-examination to identify opportunities to improve the state of our law enforcement and the relationship between law enforcement and the communities they serve; and

**WHEREAS,** New Hampshire finds itself in a pivotal moment that demands prompt action to initiate important conversations and develop recommendations for reform; and

**WHEREAS,** on June 16, 2020, the Governor issued Executive Order 2020-11, which established the New Hampshire Commission on Law Enforcement Accountability, Community and Transparency (the "LEACT Commission"); and

**WHEREAS,** on August 31, 2020, the LEACT Commission issued its final report, which included 48 recommendations for reforms that the Commission deemed necessary to enhance transparency, accountability and community relations in law enforcement; and

**WHEREAS,** on September 17, 2020, the Governor issued a statement endorsing all of the recommendations of the LEACT Commission and put forward a road map for implementation of each of the recommendations; and

**WHEREAS,** many of the recommendations of the LEACT Commission can be implemented in whole or in part by Executive Order and rulemaking.

**NOW, THEREFORE, I, CHRISTOPHER T. SUNUNU, GOVERNOR** of the State of New Hampshire, by the authority vested in me pursuant to part II, article 41 of the New Hampshire Constitution, do hereby order, effective immediately, that:

<u>Certification - Training Requirements</u>

1. The Director of the Police Standards and Training Council (PSTC) shall take all necessary steps, including initiating appropriate rulemaking, to:

   (a) Increase the mandatory number of required hours of annual in-service training on an incremental basis over the next three years to ensure that, by January 1, 2024, the total mandatory number of hours of annual in-service training is no less than twenty-four hours.

   (b) Mandate that annual in-service training as approved by PSTC include, at a minimum, two hours on each of the following topics:

       i.   Implicit bias and cultural responsiveness
       ii.  Ethics
       iii. Descalation

   (c) Incentivize and encourage all law enforcement agencies to require their officers to receive at least two hours of training annually in the following areas:

       i.   Implicit bias and cultural responsiveness
       ii.  Ethics
       iii. Descalation

<u>Certification and Ongoing Training Curriculum</u>

2. The Director of PSTC shall conduct a review of academy and in-service training curriculum and take all necessary steps, including initiating appropriate rulemaking, to:

   (a) increase the number of hours or scenario based training in both academy and in-service settings by an amount which PSTC deems necessary after consultation with the Department of Justice, Department of Safety, local law enforcement agencies, and community partners;

   (b) in consultation with one or more community partners, amend the current lesson plan on cultural dynamics as necessary to ensure that the topic is properly addressed;

   (c) improve and augment police academy and in-service training on implicit bias and procedural justice by adopting the International Association of Chiefs of Police (IACP) recognized Fair and Impartial Policing training or similar type training;

(d) improve and augment police academy and in-serving training on de-escalation techniques by adopting the Police Executive Research Forum's (PERF) Integrated Communication and Tactics training (ICAT) or similar training;

(e) improve and augment police academy training on police ethics by re-instituting the ethics block of construction in police academy training;

(f) improve and augment police academy and in-service training on the duty to intervene by adopting Georgetown University's Active Bystandership Law Enforcement (ABLE) training or similar training; and

(g) utilize an attorney from the Attorney General's Office to provide, during training on applicable topics, instruction on State of New Hampshire v. Jones (January 10, 2020) and any other State court decisions where race or protected class was a matter the court considered when reaching its decision.

3. In addition to the specific steps outlined in Section 2 of this Order, the Director of PSTC shall take all necessary steps to initiate a Job Task Analysis for entry-level law enforcement officers and entry-level corrections officers and, based upon those findings, conduct an overall review of the present academy curriculums. Based upon this review, the Director shall, within 120 days from the date of this Order, submit a recommendation to PSTC and the Governor as to whether the current length of the police academy should be expanded beyond 16 weeks.

4. Upon completion of the Job Task Analysis conducted pursuant to Section 3 of this Order, the Director of PSTC shall conduct a review of the Part-Time Police Officer certification process. Based upon this review, the Director shall, within 120 days from the date of this Order, submit a recommendation to PSTC and the Governor as to whether changes should be made to (i) the length of the training period for part time officers and (ii) the scope of law enforcement functions that part-time officers are allowed to perform.

5. The Director of PSTC shall take all necessary steps, including but not limited to providing recommendations to the Governor on necessary funding in the next biennial budget, to develop and deploy a robust database management system and on-line learning platform for the twofold purpose of: 1) maintaining a full record over the course of an officer's career of his or her training completion, any incidents of sustained misconduct, movement from agency to another, and decertification, and (2) developing and delivering standardized on-line training to all law enforcement officers in an efficient and economical way.

Reporting and Investigation of Misconduct

6. The Director of PSTC, in collaboration with other law enforcement agencies and using nationally vetted best practices as set forth by the IACP, PERF, Commission on Accreditation for Law Enforcement Agencies (CALEA), and National Organization of Black Law Enforcement Executives (NOBLE), shall create policy guidelines on the following topics:

      a) Use of Force
      b) Duty to Intervene
      c) Code of Conduct
      d) Duty to Report Misconduct
      e) Prohibition of Chokeholds
      f) Procedures to Guard Against Positional Asphyxia

7. The Director of PSTC shall initiate rulemaking to amend administrative rule POL 301.05 to mandate that background investigations for police recruit candidates specifically vet such candidates for demonstrations of outward bias toward a protected group by way of past history, behavior, affiliation with a subversive group, social media posts and other objective sources, and that these findings be considered in the overall decision to hire such candidates.

8. Within 30 days of the date of this Order, the Attorney General shall take the following actions:

    a) Establish a Public Integrity Unit within the Department of Justice using existing resources within the Department. The purpose of the Public Integrity Unit shall be to promote a uniform approach to the investigation and prosecution of alleged criminal conduct by government officials, including law enforcement officials. Within 60 days of the date of this Order, the Attorney General shall submit recommendations to the Governor for additional necessary resources for the completion of the build out of the Unit, including estimated funding needs for inclusion in the next biennial budget.

    b) Establish a community outreach position within the Department of Justice to facilitate communication between all state, county, and local prosecution offices and New Hampshire's diverse communities.

    c) Take all necessary action to require or provide implicit bias and racial profiling training for all New Hampshire prosecutors, including city prosecutors and police prosecutors.

    d) Take all necessary actions to require or provide implicit bias and racial profiling training for all attorneys, investigators, legal staff, and victim/witness advocates in the Attorney General's Office and County Attorney Officers, and for all State agency attorneys.

9. The Executive Director of the Judicial Council shall take all necessary steps, including initiating rulemaking or seeking contract amendments, to require implicit bias and racial profiling training for all New Hampshire public defenders.

10. The Commissioner of the Department of Safety and the Colonel of the State Police shall take all necessary steps to equip State Police with body worn cameras, including but not limited to either (i) identifying available funding in the Department of Safety's existing budget and seeking necessary approvals to utilize such funding for the purpose of equipping State Police with body worn cameras or (ii) providing recommendations to the Governor on necessary funding to be included in the next biennial budget. Once funding has been identified and

approved and the necessary equipment is obtained and ready for use, the use of body worn cameras shall be required for State Police in any circumstance where State Police interact with members of the public and use of body worn cameras is permitted by existing State or Federal law. Within 60 days of the date of this Order, the Commissioner of the Department of Safety shall submit a plan for implementation of this directive to the Governor. This plan shall include, at a minimum, identification of the necessary funding and a timeline for final implementation.

## Law Enforcement and Community Relations

11. All State law enforcement agencies shall:

    a) Take all necessary steps, including initiating rulemaking, to adopt the following definition of "community policing" as set forth by IACP:

    "Community policing is a comprehensive philosophy that guides policy and strategy aimed at achieving more effective and efficient crime control, reduced fear of crime, improved quality of life, and improved police services and police legitimacy through a proactive reliance on community resources that seeks to change crime causing conditions. This assumes a need for greater accountability of police, elected community leaders, and the community in general, along with greater public share in decision-making through the identification of service needs and priorities and a greater concern for civil rights and liberties."

    b) Establish and dedicate a team to focus on community policing and engagement. This team shall, among other things, (i) engage in community relationship building by working collaboratively with community liaisons, public agencies, non-profits, community stakeholders and existing community-based programs and (ii) identify opportunities to promote community events and use social media and Public Service Announcement (PSA) campaigns to educate the public about law enforcement officers and their work.

    c) Take all necessary steps, including initiating rulemaking, to require ongoing training for law enforcement officers that empowers and enables individual officers to engage in community policing and relationship building efforts.

12. The Director of PSTC shall ensure that PSTC maintains and publishes a list of all currently CALEA accredited law enforcement agencies within New Hampshire.

## School Resource Officers

13. The Director of PSTC shall:

    a) Take all necessary steps, including initiating rulemaking, to mandate certification for school resource officers (SROs) that requires each SRO to complete, prior to assignment, both (i) National Association of School Resource Officers (NASRO) training and (ii)

Mirror Project Train-the-Trainer and Effective Police Contact with Youth training. If the Director determines that legislation is necessary to enable rulemaking on this topic, the Director shall submit recommended legislative language to the Governor within 30 days of this Order.

b) Take all necessary steps, including initiating rulemaking, to develop and implement mandatory annual in-service training requirements for SROs to maintain their certifications. If the Director determines that legislation is necessary to enable rulemaking on this topic, the Director shall submit recommended legislative language to the Governor within 30 days of this Order.

c) Work with stakeholders and the State Board of Education and oversee the development of a model SRO Memorandum of Understanding (MOU) to be used by police departments and School Administrative Units (SAUs) that clearly defines the roles, expectations and prohibitions of the SRO's role in the school setting and specifically with regard to the SROs's role in student discipline for non-criminal matters.

<u>Recruitment for State Law Enforcement Agencies</u>

14. All State law enforcement agencies shall establish a team to continue and enhance the each agency's efforts to recruit officers from minority communities. This shall include the development of a new comprehensive plan and strategy to actively attract, recruit, and retain diverse law enforcement candidates, including candidates from outside New Hampshire. Each State law enforcement agency shall submit this plan and strategy to the Governor within 60 days of the date of this Order, and upon submittal this plan and strategy shall be published on each agency's website and Governor's Office website.

<u>Gender Non-Conforming Community</u>

15. All State law enforcement agencies shall take all necessary steps, including initiating rulemaking, to require ongoing training for law enforcement officers that advances the relationship between officers and the gender non-conforming population including, but not limited to, training on pronoun inclusion.

<u>Deaf and Hard of Hearing Community</u>

16. Each law enforcement agency shall develop a plan to advance relationships with the deaf and hard of hearing community. The plan for the Division of State Police shall address, among other things, the potential for greater use and dissemination of driver viser cards by State Police.

<u>Mental Well-Being of Officers</u>

17. All State law enforcement agencies shall take all necessary steps, including initiating rulemaking, to require ongoing training regarding the mental well-being of officers. Such

training shall include information regarding the high rates of post-traumatic distress, depression and suicide among law enforcement officers and available resources for seeking help.

18. The Director of PSTC shall form a team to review whether to require mandatory periodic psychological screenings of law enforcement officers, similar to what is currently required for physical fitness under Pol 404.07, to determine ongoing fitness for duty and assist with referring officers for mental health treatment and support.

### Implementation of the Directives in this Order

19. Within 60 days of the date of this Order, the Director of the PSTC, the Attorney General, the Executive Director of the Judicial Council, the Commissioner of the Department of Safety, and the head of each State law enforcement agency shall, as applicable, submit to the Governor an estimated timeline for implementation of the Directives contained in this Order.

20. On or before November 1, 2020, and the first day of every month thereafter until implementation of all directives in this Order is complete, the Director of the PSTC, the Attorney General, the Executive Director of the Judicial Council, the Commissioner of the Department of Safety, and the head of each State law enforcement agency shall, as applicable, submit monthly reports to the Governor summarizing the progress made on implementation of each of the directives in this Order. These reports shall be posted on the Governor's Office website on the LEACT Commission page.

21. All directives contained within this Order shall be fully implemented by July 1, 2021, unless otherwise provided in this Order. The Governor may approve extensions to this deadline on a case by case basis.

Given under my hand and seal at the Executive Chambers in Concord, this 7th day of October, in the year of Our Lord, two thousand and twenty, and the independence of the United States of America, two hundred and forty-four.

**GOVERNOR OF NEW HAMPSHIRE**

| LEACT Dashboard | Updated June 9, 2021 |
|---|---|
| **Title of Recommendation** | **Current Implementation Status** |
| **A. TRAINING** | |
| **I. Required Training to Maintain Law Enforcement Officer Certification** | |
| 1. As soon as practicable, NH PSTC, with input from all relevant law enforcement agencies, should pursue all actions necessary, including emergency rulemaking pursuant to RSA 541-A, to amend existing administrative rules to provide as follows: | |
| 1-A. Increase the mandatory number of hours of annual in-service training for law enforcement officers on an incremental basis over the next three years.  By January 1, 2024, the total mandatory hours of annual in-service training should be a minimum of twenty-four (24) hours. | **Proposed rules submitted to JLCAR. Proposed rules approved by PSTC on December 15, 2020. Presently the scenario training at the recruit academy is 76 hours as scheduled. We are in final stages of council approval to bring back live dosing labs to augment DWI detection class. Once full approved, recruits will have the ability to conduct SFSTs on dosed subjects. We anticipate further increases once the JTA is completed and a deeper review of the academy curriculum can be conducted. This will be an ongoing effort for the next 12 to 18 months.** |
| 1-B. Mandate that annual in-service training as approved by NH PSTC include, at a minimum, two (2) hours on each of the following topics:          i. Implicit bias and cultural responsiveness; ii. Ethics; and iii. De-escalation. | **Proposed rules submitted to JLCAR. Proposed rules approved by PSTC on December 15, 2020. The final adoption and anticipated completion date is dependent on the JLCAR process. All mandatory in-service training listed above is ready and we will be delivering each of the three classes at the NH Association of Chiefs of Police summer conference this year. Further, we will are offering these classes in a webinar style using Zoom technology to reach as many as possible. Each topic will be offered a number of times during a particular month. Finally, NH BET from the NH Department of Administrative has completed one of the three on-line learning modules so officers can take the training online. They have begun work on the remaining two classes.   This has been completed by the Liquor Commission. State Police completed additional training on de-escalation and is in progress on training on ethics and implicit bias.** |
| 2. Beginning January 1, 2021, strongly encourage all law enforcement agencies to require their officers to participate and receive, at a minimum two (2) hours annually, of training in the following areas: a. Implicit bias and cultural responsiveness; b. Ethics; and c. De-escalation. | **Completed.** |
| **II. NH Police Standards and Training Council General Recommendations** | |

| Title of Recommendation | Current Implementation Status |
|---|---|
| 3. NH PSTC should arrange for a Job Task Analysis (JTA) for entry-level law enforcement officers and entry-level corrections officers, and based on those findings, conduct an overall review of the present academy curriculums.  Based on curriculum changes found by the JTA, an extension of the length of the police academy beyond its current 16 weeks may be warranted. | **JTA in progress. Anticipated completeion date prior to August 2021.** |
| 4. NH PSTC needs to leverage technology and be allowed to purchase and deploy a robust database management system and on-line learning platform for the twofold purpose of: 1) maintaining a full record over the course of an officer's career of his or her training completion, any incidents of sustained misconduct, movement from one agency to another and/or decertification, and 2) to develop and deliver standardized on-line training to all law enforcement officers in an efficient and economical way. | **PSTC has purchased software from Benchmark Analytics and is working to customize it. Anticipate that the training software will be operational by June 1, 2021. Record management system may take longer to implement.** |
| 5. NH PSTC, in collaboration with other law enforcement agencies, using nationally vetted best practices as set forth by IACP, CALEA, PERF, and NOBLE, shall create policy guidelines on the following topics that serve as a minimum standard with which all law enforcement agencies must comply: - Use of Force<br>- Duty to Intervene<br>- Code of Conduct<br>- Duty to Report Misconduct<br>- Prohibition of Chokeholds<br>- Procedures to Guard Against Positional Asphyxia | **Nationally vetted position papers developed by the IACP and PERF on each topic have been posted online. The Model Policy on the Use of Force has been drafted and is being reviewed by the NHDOJ, NH Chiefs of Police, and the NH Police Association.** |
| 6. NH PSTC should increase the number of hours of scenario-based training in both academy and in-service settings. | **Completed. PSTC has increased the number of scenario and deescalation training by 15 hours. These hours will further increase over the next 12-18 months.** |
| 7. NH PSTC should improve and augment police academy training on diversity by conducting a review of the present lesson plan on cultural dynamics, and amend it to properly address the topic. Training to be developed with one or more community partner(s). | **Completed for the January 2021 acadamy session.** |
| 8. NH PSTC should improve and augment police academy and in-service training on implicit bias and procedural justice by adopting the IACP recognized Fair and Impartial Policing training or similar type training. | **Completed. Increased training on Cultural Dynamics and Implicit Bias from 2 hours to 16 hours.** |
| 9. NH PSTC should improve and augment police academy and in-service training on de-escalation techniques by adopting the PERF's Integrated Communication and Tactics training (ICAT) or similar training. | **Completed.** |

| Title of Recommendation | Current Implementation Status |
|---|---|
| 10. NH PSTC should improve and augment police academy training on police ethics by re-instituting the Ethics block of instruction. | **Completed.** |
| 11. NH PSTC should improve and augment police academy and in-service training on the duty to intervene by adopting Georgetown University's Active Bystandership Law Enforcement (ABLE) training, (formally known as EPIC training) or similar training. | **Completed. A new course was added to the PSTC curriculum, making New Hampshire the first state to do so as a state-wide initiative.** |
| 12. NH PSTC should include in its instruction State of New Hampshire v. Jones (decided January 10, 2020) and any other State court decisions where race or protected class was a matter the court considered while reaching its decision. These cases should be part of the lesson plan in those relevant topic areas that are already delivered.  An attorney from the Attorney General's Office will be dedicated to teach at NH PSTC and regularly update materials. | **In progress. PSTC anticipates that the incoming NHAG will address this mandate and will be dependent on the availability of an attorney to review our present lesson plan on Search and Seizure.** |
| 13. Recognizing that certain NH police agencies need to rely on part-time law enforcement officers, NH PSTC should re-evaluate the Part-Time Police Officer certification process upon receipt of the JTA and consider extending the length of such training and give certain consideration to what law enforcement functions part-time officers be allowed to perform. | **In progress, awaiting JTA's completion prior to August 2021.** |
| 14. NH PSTC should amend administrative rule POL 301.05 Background Investigations to mandate that background investigations specifically vet police recruit candidates in the area of having demonstrated outward bias toward a protected group by way of past history, behavior, affiliation with a subversive group, social media posts and other objective sources to help determine the overall fitness for duty the candidate possesses and to consider those findings in the overall decision to hire the candidate. | **Proposed rules submitted to JLCAR. Proposed rules approved by PSTC on December 15, 2020. The final adoption and anticipated completion date is dependent on the JLCAR process.** |
| **III. Other Recommendation** | |
| 15. All law enforcement agencies should be encouraged to pursue CALEA accreditation.  In the absence of CALEA accreditation, agencies should continually review and maintain policies consistent with nationally accepted best practices under Section C:1-a-l. | **PSTC published a list of CALEA accredited law enforcement agencies.** |
| **B. REPORTING AND INVESTIGATION OF POLICE MISCONDUCT** | |

| Title of Recommendation | Current Implementation Status |
|---|---|
| 16. Support the establishment of a single, neutral and independent statewide entity to receive complaints alleging misconduct regarding all sworn and elected law enforcement officers with the noted componets from the LEACT Report: | **Legislation and funding proposed in the Governor's budget. (See HB 2)** |
| 17. To promote a uniform approach to investigation and prosecution of alleged criminal conduct by government officials, including law enforcement officials, establish by statute, a dedicated Public Integrity Unit within the Attorney General's Office with permanent and sustainable resources, including full-time attorneys, paralegals, legal assistants, and investigators. | **Completed. The Unit curretly is comprised of two attorneys, prosecutors. The Department has identified funding to fill two other positions within the unit and is taking steps to recruit and hire candidates to fill more positions.** |
| 18. To promote equal justice under the law in all aspects of the criminal justice system, the Commission strongly encourages implicit bias and racial profiling training for all prosecutors, including all police prosecutors, all criminal defense attorneys, and all judges. | **Completed/ongoing. On November 20, 2020 over 600 attorneys, prosecutors, and staff, including the entire NHDOJ, participated in an implicit bias training. Further trainings to be scheduled. All future hires at the NHDOJ will be required to view this recorded presentation within thirty days of hiring. The Judicial Council completed a training for all Public Defenders and has scheduled another training for early 2021.          Legislation introduced for judges. The Public Defender's office completed its training on April 16,  2021. (SB 96)** |
| 19. Establish a community outreach position within the Attorney General's Office to facilitate communication between all state, county and local prosecution offices and New Hampshire's diverse communities. | **On February 3, 2021, the Executive Council approved a request to reclassify a vacant, classified position   in order to create this position. The House Budget funded the position beginning January 1, 2023. In the meantime, the Department is continuing with the recruiting process contingent upon approval of funding. We will be monitoring the progress of the budget to see if the funding date changes.** |
| 20. Amend RSA 33-A:3-a, CVIII to require "police, non-criminal-internal affairs investigations" to be retained, at a minimum, for a period of 20 years after retirement or separation. | **Legislation introduced. (SB 96)** |
| 21.  Encourage all law enforcement agencies to use body and/or dash cameras. | **RFP issued for State Police and responses are due on February 26, 2021. Liquor Commission has identified funding and is developing a draft  RFP and anticipates implimentation prior to July 1, 2021.**<br>**Legislation introduced to establish a funding source for local agencies. (SB 96)** |

| Title of Recommendation | Current Implementation Status |
|---|---|
| 22. Make the existing Exculpatory Evidence Schedule (EES) public subject to the following provisions:a. The Office of the Attorney General will provide immediate written notice to all living persons on the current list that they are on the list with the following notifications that:<br>i. Six (6) months from date of notification to request a hearing in Superior Court to have his or her name removed from the EES.<br>ii. Six (6) months from date of notification, individual names on the list with a sustained finding shall be made public, except for any individual with a pending Superior or Supreme Court action in regard to removal from the EES.<br>b. The names of deceased former law enforcement officers shall be released once there has been a determination that the officer was afforded due process prior to placement on the list or the conduct subject to EES was previously provided as discovery in a criminal case. | **Legislation introduced. (Amendment to HB 471)** |
| **C. COMMUNITY RELATIONS** | |
| **I. Data Collection** | |
| 23. All law enforcement agencies should gather, analyze and make available to the public, at least annually, data on demographics (including, at a minimum, gender and race) for arrests, citations and motor vehicle and subject stops regardless of disposition. | **Legislation introduced. (SB 96)** |
| 24. New Hampshire Department of Motor Vehicles should include a person's race on NH Drivers' Licenses and Non-Drivers' Identification Cards, with the option for the person to opt out from answering the question. | **Legislation introduced. (SB 96)** |
| 25. All law enforcement agencies will comply with RSA 106-B:14-c by submitting crime reports to the Department of Safety, Division of State Police based on the specifications prescribed by the Federal Bureau of Investigation (FBI). | **In progress.Approximately 85% meet this requirement. State Police continues to work with Law Enforcement Agencies to bring them into compliance.** |
| **II. Community Policing and Engagement** | |

| Title of Recommendation | Current Implementation Status |
|---|---|
| 26. All law enforcement agencies should adopt the definition of Community Policing as set forth by IACP: "Community policing is a comprehensive philosophy that guides policy and strategy aimed at achieving more effective and efficient crime control, reduced fear of crime, improved quality of life, and improved police services and police legitimacy through a proactive reliance on community resources that seeks to change crime causing conditions. This assumes a need for greater accountability of police, elected community leaders, and the community in general, along with greater public share in decision-making through the identification of service needs and priorities and a greater concern for civil rights and liberties." | **Completed. Recommendation for local law enforcement.** |
| 27. Encourage all law enforcement agencies, when practicable, to dedicate an officer or unit to community policing and engagement | **In progress for State Police.**<br>**Recommendation for local law enforcement.** |
| 28. Encourage all law enforcement agencies to engage in community relationship building by working collaboratively with community liaisons, public agencies, non-profits, community stakeholders and existing community-based programs.  Models like New Hampshire Blue and You, the Mirror Project, Police Athletic Leagues (PALs), and citizen police academies serve as a guide for such efforts. | **Completed by State Police, Liquor Commission and Fish and Game Department. This will be an ongoing and continuing effort by the State.**<br>**Recommendation for local law enforcement.** |
| 29. All law enforcement agencies should establish ongoing officer training at all levels to encourage a culture that empowers individual officers to engage in community policing and relationship building efforts. | **Completed by State Police, Liquor Commission and Fish and Game Department.                         Recommendation for local law enforcement.** |
| 30. All law enforcement agencies should publish/advertise community events and consider the use of social media and the establishment of Public Service Announcement (PSA) campaigns to educate the public about police officers and their work. | **Completed by State Police, Liquor Commission and Fish and Game Department. This will be an ongoing and continuing effort by State.**<br>**Recommendation for local law enforcement.** |
| 31. NH PSTC should maintain and publish a list of all currently CALEA accredited law enforcement agencies. | **Completed.** |
| **III. School Resource Officers** | |

| Title of Recommendation | Current Implementation Status |
|---|---|
| 32. NH PSTC should set forth mandated "certification" for SROs that would require the officer to complete National Association of School Resource Officers (NASRO) training, Mirror Project Train-the-Trainer and Effective Police Contact with Youth training prior to assignment.  Further, certain annual in-service hours to maintain SRO "certification" should be identified and mandated by NH PSTC. | **Proposed rules submitted to JLCAR. Proposed rules approved by PSTC on December 15, 2020. The final adoption and anticipated completion date is dependent on the JLCAR process.** |
| 33. NH PSTC should work with stakeholders and oversee the development of a model SRO Memorandum of Understanding (MOU) to be used by police departments and School Administrative Units (SAUs) that clearly defines the roles, expectations and prohibitions of the SRO's role in the school setting and specifically with regard to the SRO's role in student discipline for non-criminal matters. | **Completed. Sample MOU is posted on PSTC's website.** |
| 34. Each law enforcement agency should have a field training program specifically for SROs.  A transition plan should be implemented over a course of weeks/months between each outgoing/incoming SRO so there is overlap, information exchange, and adjustment for the stakeholders. | **Recommendation for local law enforcement agencies.** |
| 35. MOUs between law enforcement agencies and SAUs should be made public. | **Legislation introduced. (SB 96)** |
| **IV. Hiring/Recruitment of Officers** | |
| 36. Recognizing the difficulty of hiring and recruiting qualified candidates, law enforcement agencies should continue efforts to recruit officers from minority communities to allow for a diverse law enforcement workforce. | **Completed by the State Police Recruitment and Training Unit, and will require ongoing efforts. Recommendation for local law enforcement.** |
| 37. All public entities should develop a comprehensive strategy to actively attract, recruit, and retain diverse law enforcement candidates, to include candidates from outside New Hampshire. | **Completed by State Police,  Liquor Commission and NH Fish and Game Department. Recommendation for public non-state entities** |
| **V. Other** | |
| 38. In order to advance relationships with the trans and gender non-conforming population, all law enforcement agencies should seek and provide training on pronoun inclusion. | **In progress for State Police and NH Fish and Game Department. Completed by Liquor Commission. Recommendation for local law enforcement** |

| Title of Recommendation | Current Implementation Status |
|---|---|
| 39. In order to advance relationships with the deaf and hard of hearing community, law enforcement agencies should continue to seek a better understanding of, and communication with, members of that community, to include the greater use and dissemination of driver visor cards by law enforcement. | **Completed by State Police and Liquor Commission. Recommendation for local law enforcement** |
| 40. In order to advance a greater understanding of juvenile offenders, form a separate commission to review the present state of juvenile justice laws.  In particular, the commission should review the minimum age for juvenile prosecutions and the statute that creates a presumption of transfer to the adult criminal court. | **Based on feedback from community stakeholders, specific legislative changes were introduced in lieu of a commission. (SB 96)** |
| **The Commission makes the following recommendations for reforms and improvements with respect to mental health and well-being and the results of the February 2019 Office of Legislative Budget Assistant NH PSTC Performance Audit.** | |
| 41. Specially trained mental health professionals should be embedded in tactical response teams.  There should be a review to determine if such mental health professionals will be afforded protection from litigation stemming from their participation in such activities. | **In progress for State Police.** |
| 42. Encourage partnerships between communities and local law enforcement to pursue services and resources dedicated to individuals with substance use disorders (SUDs) and mental illness and to make those services readily available in order to reduce the burden on law enforcement responding to issues stemming from SUDs as well as mental illness. | **Recommendation** |
| 43. Offer training regarding the mental well-being of law enforcement officers.  Training should include information regarding the high rates of post-traumatic stress, depression and suicide among law enforcement officers and available resources for seeking help.  Enhance the availability and encourage the continued collaboration of law enforcement peer support programs in the state. | **In progress for PSTC. Completed by State Police and Liquor Commission. In progress for NH Fish and Game Department.** |

| Title of Recommendation | Current Implementation Status |
|---|---|
| 44. NH PSTC should explore the issue of requiring mandatory periodic psychological screenings of law enforcement officers, similar to what is currently required for physical fitness under Pol 404.07, to determine ongoing fitness for duty and/or assist with referring officers for mental health treatment/support. | **In progress for PSTC.** |
| 45. The University of New Hampshire and other higher education institutions within New Hampshire are encouraged to collaborate with NH PSTC to develop specialized curriculum and/or graduate/post-graduate certificate programs dedicated:<br>a. To mental health providers who collaborate with law enforcement officers in responding to individuals experiencing a mental health crisis, in order to respond more effectively to critical incidents involving individuals who are a danger to themselves or others.<br>b. To address the special mental health needs of law enforcement officers/first responders including, trauma, depression, and substance misuse, in order to enhance the skills, understanding, and availability of licensed mental health professionals in New Hampshire who can provide treatment/support and collaborate with our law enforcement community. | **In progress.** |
| 46. Endorse the findings and recommendations of the February 2019 Office of Legislative Budget Assistant NH PSTC Performance Audit and ensure that sufficient funding is allocated to implement and sustain the recommendations. | **Legislation proposed for the next biennal budget** |
| 47. In order to enhance transparency, accountability, and community relations between law enforcement and the people they serve, the Commission strongly encourages the Governor and the legislature to allocate or re-allocate appropriate funding needed to implement and sustain the recommendations made by this Commission.  Stakeholders are encouraged to advocate for their funding needs before House Finance Committee or their local funding body. | **Recommendation for future action.** |
| 48. Extend, as needed, this Commission to assist with implementation of any recommendation. | **Commission to re-convene to assess progress on recommendations after next legislative session** |

## LEACT Recommendations Completed & In Progress as of 9/2/21

| *Completed By Legislative Action* (listed with recommendation number) |
|---|
| ✓   19. Establish a community outreach position within the Attorney General's Office. |
| ✓   20. Retain police, non-criminal-internal affairs investigations for 20 years following end of service. |
| ✓   21. Encourage all law enforcement agencies to use body and/or dash cameras. |
| ✓   22. Make the existing Exculpatory Evidence Schedule (EES) public with conditions. |
| ✓   35. MOUs between law enforcement agencies and SAUs to be made public. |
| ✓   40. Reformed juvenile justice laws based on stakeholder input. |
| ✓   47. Encourage Governor and the legislature to allocate funding to support recommendations. |

| *Completed By Executive Action* (listed with recommendation number) |
|---|
| ✓   1-A. Increase NH PSTC in-service training hours.  (Pending JLCAR approval) |
| ✓   1-B. Mandate NH PSTC training on implicit bias and cultural responsiveness, ethics and de-escalation |
| ✓   2. Encourage all law enforcement agencies to require implicit bias and cultural responsiveness, ethics and de-escalation training. |
| ✓   3. NH PSTC perform Job Task Analysis (JTA) to evaluate training. |
| ✓   4. Purchase and upgrade NH PSTC technology and database management. |
| ✓   5. NH PSTC created nationally vetted best practices and model policy guidelines. |
| ✓   6. NH PSTC increase scenario-based training hours. |
| ✓   7. NH PSTC review and amend training on diversity. |
| ✓   8. NH PSTC developed 16 hours on the topics of IACP Fair and Impartial Policing training. |
| ✓   9. NH PSTC review and amend de-escalation techniques. |
| ✓   10. NH PSTC review and amend ethics instruction. |
| ✓   11. NH PSTC review and amend training related to duty to intervene. |
| ✓   14. NH PSTC amend background investigations for police recruits in reviewing fitness for duty. (Pending JLCAR approval) |
| ✓   15. All law enforcement agencies to pursue CALEA accreditation or accepted best practices. |
| ✓   17. Establish Attorney General's Public Integrity Unit with necessary resources. |
| ✓   18. Require implicit bias training for all prosecutors, criminal defense attorneys and judges. |
| ✓   23. All law enforcement agencies to collect and report data on demographics for NIBRS. |
| ✓   25. Law enforcement agencies to submit crime reports to DOS as prescribed by FBI. |
| ✓   26. Adopt the definition of Community Policing as set forth by IACP. |
| ✓   28. Encourage all law enforcement agencies to engage in community relationship building. |
| ✓   29. Training for law enforcement that empowers community policing and relationship building. |
| ✓   30. All law enforcement agencies to promote community events through social media or PSAs. |
| ✓   31. NH PSTC maintain a list of all currently CALEA accredited law enforcement agencies. |
| ✓   32. NH PSTC to require National Association of School Resource Officers (NASRO) training. (Pending JLCAR approval) |
| ✓   33. NH PSTC develop SRO MOU for police departments and SAUs. |
| ✓   34. Law enforcement agency field training for SROs. |
| ✓   36. Encourage the recruitment of qualified officers from minority communities. |
| ✓   37. Strategy for recruiting and retaining diverse law enforcement candidates. |
| ✓   38. Training to improve relationships with the trans and gender non-conforming communities. |
| ✓   39. Training to advance relationships with the deaf and hard of hearing including driver visor cards. |
| ✓   42. Encourage partnerships to support issues stemming from SUDs as well as mental illness. |
| ✓   43. Offer training regarding the mental well-being of law enforcement officers. |
| ✓   44. NH PSTC explore requiring mandatory periodic psychological screenings of law enforcement. |
| ✓   46. Endorse and Fund the February 2019 Office of LBA NH PSTC Performance Audit report. |
| ✓   48. Extend, as needed, this Commission to assist with implementation of any recommendation. |

| **Recommendations In Progress** *(listed with recommendation number)* |
|---|
| ✓   12. NH PSTC include instruction by DOJ attorney on cases concerning race or protected classes. |
| ✓   13. NH PSTC to evaluate the Part-Time Police Officer certification process upon receipt of the JTA. |
| ✓   16. Establishment a statewide entity to receive and review misconduct complaints. |
| ✓   24. Provide opt-out race indication on NH Drivers' Licenses and Non-Drivers' Identification Cards. |
|     o    Study Commission passed in 2021. |
| ✓   27. Encourage all law enforcement agencies, to dedicate an officer or unit to community policing. |
| ✓   41. Embed specially trained mental health professionals in tactical response teams. |
| ✓   45. UNH and Higher Ed collaboration with NH PSTC to develop specialized mental health curriculum. |

2