# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LOCAL 8027, AFT-NEW HAMPSHIRE, AFL-CIO, RYAN RICHMAN, JOHN DUBE and JOCEYLN MERRILL, teachers in the New Hampshire Public Schools, and KIMBERLY GREEN ELLIOTT and MEGHAN EVELYN DURDEN, parents or guardians of children in the New Hampshire public schools.<br>Plaintiffs,<br>v.<br>FRANK EDELBLUT, in his Official Capacity as Commissioner of the DEPARTMENT OF EDUCATION ("DOE"), CHRISTIAN KIM in his Official Capacity as the Chair of the NEW HAMPSHIRE COMMISSION ON HUMAN RIGHTS, and JOHN FOMELLA in his Official Capacity as ATTORNEY GENERAL of the State of New Hampshire.<br>Defendants. | Civil No. 1:21-cv-01063-JL<br>[First-Filed Action] |
| ------------------------------------------------------------------------- | |
| ANDRES MEJIA,<br>CHRISTINA KIM PHILIBOTTE, and<br>NATIONAL EDUCATION ASSOCIATION-NEW HAMPSHIRE,<br>Plaintiffs,<br>v.<br>FRANK EDELBLUT, in his official capacity only as the Commissioner of the New Hampshire Department of Education,<br>JOHN M. FORMELLA, in his official capacity only as the Attorney General of the State of New Hampshire,<br>AHNI MALACHI, in her official capacity only as the Executive Director of the New Hampshire Commission for Human Rights,<br>CHRISTIAN KIM, in his official capacity only as the Chair of the New Hampshire Commission for Human Rights,<br>KEN MERRIFIELD, in his official capacity only as the Commissioner of the Department of Labor,<br>Defendants. | Civil No. 1:21-cv-01077-PB<br>[Second-Filed Action] |

**ASSENTED-TO MOTION OF ALL PLAINTIFFS TO CONSOLIDATE CASES
INTO CASE NO. 1:21-CV-01077 AND TO CONDUCT A STATUS CONFERENCE
DURING THE WEEK OF FEBRUARY 21, 2022 BEFORE ISSUANCE OF ANY FORM
CONSOLIDATION ORDER**

Pursuant to Rule 42 of the Federal Rules of Civil Procedure and Local Rule 42.1, all Plaintiffs in the above-captioned two actions, by and through their counsel, move for an order consolidating the above-captioned actions, with both cases proceeding in Case No. 1:21-cv-01077 and with the plaintiffs *Local 8027, AFT-New Hampshire, AFL-CIO et al.* being listed first on the case caption.

Further, Plaintiffs in the above-captioned actions request, upon consolidation, a prompt status conference to discuss the mechanics of consolidation during the week of February 21, 2022 ***before the entry of any form consolidation order***.  This is because the Court's standard consolidation order appears to typically require the parties to file a consolidated complaint.  Here, however—in part because the Plaintiffs in the First-Filed Action are bringing two additional substantive claims not brought by the Plaintiffs in the Second-Filed Action—Plaintiffs in both the First-Filed Action and Second-Filed Action would object to the filing of a consolidated complaint. Accordingly, though before one Judge, Plaintiffs request that, upon consolidation, each case proceed separately and with the utmost possible coordination.  The parties would also reserve their rights to file separate briefs and any other merit-based applications going forward.  The Defendants also wish to have a status conference so they can obtain guidance as to how best to proceed for the sake of efficiency and to ensure that they do not file responsive pleadings that may then become mooted by any consolidation order.  In light of these positions as to how this case should be managed upon consolidation, all parties to this matter believe that a status conference to discuss the mechanics of consolidation would beneficial *before* the Defendants file any responsive pleading(s) (currently due on February 18, 2022) and *before* this Court issues any form

consolidation order.

Pursuant to Local Rule 7.1(c), counsel for Defendants in both the First-Filed Action and this Second-Filed Action assent to the relief requested in this Motion

In further support of this Motion, all Plaintiffs state as follows:

1.     On December 13, 2021, Plaintiffs Local 8027, AFT-New Hampshire, AFL-CIO, Ryan Rian Richman, John Dube, and Jocelyn Merrill (teachers in the New Hampshire public schools), and Kimberly Green Elliott and Meghan Evelyn Durden (parents or guardians of children in the New Hampshire public schools) filed Case No. 1:21-cv-01063-JL (the "First-Filed Action"), challenging the constitutionality of RSA 354-A:29-34 and RSA 193:40 (hereinafter, the Banned Concepts Act").  The complaint in the First-Filed Action alleges the following counts: (i) the Banned Concepts Act violates the Fourteenth Amendment's Due Process Clause on vagueness grounds; (ii) the Banned Concepts Act conflicts with New Hampshire law, which adds to and underscores the unconstitutional vagueness of the Act; and (iii) the Banned Concepts Act violates the First Amendment.  The First-Filed Action also seeks, as a fourth count, declaratory relief.

2.     On December 20, 2021, Plaintiff Andres Mejia, Christina Kim Philibotte, and the National Education Association-New Hampshire filed the above-captioned Case No. 1:21-cv-01077 (the "Second-Filed Action"), which also challenges the constitutionality of the Banned Concepts Act and brings one count alleging that these provisions violate the Fourteenth Amendment's Due Process Clause on vagueness grounds.

3.     Pursuant to Rule 42 of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the action."  Further, under the applicable local rule, "[i]f related cases are pending before a single judge or different judges, any party may move to consolidate the actions."  LR 42.1(d).  "Related cases are cases

which: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for the resolution of substantially the same questions of law; or (5) would entail substantial duplication of labor if heard by different judges." LR 42.1(a). A motion to consolidate is heard by the judge in the First-Filed Action. LR 42.1(d).

4.      Here, the Fourteenth Amendment Due Process claims in both cases asserting that the Act is unconstitutionally vague are virtually identical. The only differences between the cases are that (i) the plaintiffs are different, (ii) the plaintiffs in the First-Filed Action are bringing two additional substantive claims that are not brought in the Second-Filed Action, and (iii) the Second-Filed Action adds Executive Director Ahni Malachi and Labor Commissioner Ken Merrifield as defendants in their official capacities.

5.      Because the First-Filed Action and Second-Filed Action challenge the same state statute under some of the same legal theories and call for resolution of some of the same questions of law, consolidation of these two cases will promote efficiency, consistency, and conservation of both the Court's and the parties' resources. What happens in one case may have a bearing on the other, and, without consolidation, there is a possibility for inconsistent or conflicting rulings at the various stages of this case. Indeed, the Defendants' responsive pleading deadline is the same—February 18, 2022—in both the First-Filed Action and the Second-Filed Action.

6.      Finally, the Plaintiffs acknowledge that typically the Court consolidates the Second-Filed Action into the First-Filed Action. *See, e.g., Levesque v. Merrimack Cty. Dep't of Corr.*, Case Nos. 10-cv-101-JL, 10-cv-102-SM, 10-cv-107-PB, 10-cv-114-JD, 10-cv-123-SM, 2010 WL 3946305, at *2 (D.N.H. Oct. 5, 2010) (consolidating multiple actions into the older case pending before the Court); *Casey v. Gardner*, No. 1:19-cv-00149-JL (D.N.H. May 1, 2019) ("19-

cv-149-JL and 19-cv-201-SM are consolidated into one case") (Laplante, J.); *cf. TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996) ("Where the overlap between two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer."); *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) ("Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision.").  Here, however, the docket of the Second-Filed Action reflects that the Judge in the First-Filed Action is recused from adjudicating the Second-Filed Action.  As a result, Plaintiffs believe that it then would make the most practical sense to consolidate these actions in the Second-Filed Action at Case No. 1:21-cv-01077.  Upon consolidation, plaintiffs *Local 8027, AFT-New Hampshire, AFL-CIO et al.* should be listed first on the case caption, as they filed the First-Filed Action.  Of course, in this consolidated action, all parties will be able to file separate filings consistent with this Court's prior practice.

WHEREFORE, the above-captioned Plaintiffs respectfully request that this Court:

A.    Order the consolidation of the First-Filed Action, 1:21-cv-01063-JL, into the Second-Filed Action, Case No. 1:21-cv-01077, and direct that both cases proceed in Case No. 1:21-cv-01077, with the plaintiffs *Local 8027, AFT-New Hampshire, AFL-CIO et al.* being listed first on the case caption and with all parties able to file separate filings;

B.    ***Upon consolidation, but before the entry of any form consolidation order***, schedule a status conference to be scheduled the week of February 21, 2022 to discuss the mechanics of consolidation; and

C.    Award such other relief as the Court deems just and equitable.

LOCAL 8027, AFT-NEW HAMPSHIRE, AFL-CIO, RYAN RICHMAN, JOHN DUBE and JOCEYLN MERRILL, teachers in the New Hampshire Public Schools, and KIMBERLY GREEN ELLIOTT and MEGHAN EVELYN DURDEN, parents or guardians of children in the New Hampshire public schools,

By and through their attorneys,

*/s/ Peter J. Perroni*
NOLAN PERRONI PC
NH Bar. No. 16250
73 Princeton Street
North Chelmsford, MA 01863
(978) 454-3800
peter@nolanperroni.com

STROOCK & STROOCK & LAVAN LLP
Charles G. Moerdler, Esq.
David J. Kahne, Esq.
(*pro hac vice* pending)
180 Maiden Lane
New York, New York 10038
(212) 806-5400
cmoerdler@stroock.com

SELENDY & GAY PLLC
Faith Gay, Esq.
(*pro hac vice* pending)
1290 6th Avenue
New York, NY 10104
(212) 390-9000
fgay@selendygay.com

AMERICAN FEDERATION OF TEACHERS
David J. Strom
(*pro hac vice* pending)
555 New Jersey Ave. NW
Washington DC 20001
(202) 393-7472
dstrom@aft.org

PHILLIPS, RICHARD & RIND, P.A.
Mark Richard
(*pro hac vice* pending)
9360 S.W. 72nd Street, Suite 283
Miami, FL 33137
(305) 412-8322

ANDRES MEJIA AND CHRISTINA KIM PHILIBOTTE,

By and through their attorneys,

*/s/ Gilles R. Bissonnette*
Gilles R. Bissonnette (N.H. Bar. No. 265393)
Henry R. Klementowicz (N.H. Bar No. 21177)
SangYeob Kim (N.H. Bar No. 266657)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE
18 Low Avenue, Concord, NH  03301
Tel.  603.224.5591
gilles@aclu-nh.org
henry@aclu-nh.org
sangyeob@aclu-nh.org

Chris Erchull (N.H. Bar No. 266733)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
Tel.: 617.426.1350
cerchull@glad.org

Sarah J. Jancarik (N.H. Bar No. 272310)
DISABILITY RIGHTS CENTER-NEW HAMPSHIRE
64 N Main St, Ste 2
Concord, NH 03301-4913
Tel.: 603.228.0432
Sarahj@drcnh.org

William E. Christie (N.H. Bar No. 11255)
S. Amy Spencer (N.H. Bar No. 266617)
SHAHEEN & GORDON, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH  03302
Tel.: 603.225.7262
wchristie@shaheengordon.com
saspencer@shaheengordon.com

*/s/ David A. Vicinanzo*
David A. Vicinanzo (N.H. Bar No. 9403)
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH 03101
Tel.: 603.628.4000
dvicinanzo@nixonpeabody.com

Travis Hill*
NIXON PEABODY LLP
55 West 46th Street
New York, NY 10036-4120
Tel.: 212.940.3131
thill@nixonpeabody.com

Morgan C. Nighan (N.H. Bar No. 21196)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA  02109-2835
Tel.: 617.345.1031
mnighan@nixonpeabody.com

Emerson Sykes*
Speech, Privacy, and Technology Project
Leah Watson*
Sarah Hinger*
Racial Justice Program
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY  10004
Tel.: 212.549.2500
esykes@aclu.org
lwatson@aclu.org
shinger@aclu.org

NATIONAL EDUCATION ASSOCIATION-
NEW HAMPSHIRE,

By and through its attorneys,

*/s/ Esther K. Dickinson*
Esther K. Dickinson (N.H. Bar No. 20764)
Lauren Snow Chadwick (N.H. Bar No. 20288)
Staff Attorneys
NATIONAL EDUCATION ASSOCIATION-
    NEW HAMPSHIRE
9 South Spring Street
Concord, NH 03301-2425
Tel.: 603.224.7751
edickinson@nhnea.org
lchadwick@nhnea.org

Nathan R. Fennessy (N.H. Bar No. 264672)
Rue K. Toland (N.H. Bar No. 269021)
PRETI FLAHERTY BELIVEAU & PACHIOS LLP
57 North Main Street
Concord, NH 03301
Tel.: 603.410.1500
nfennessy@preti.com
rtoland@preti.com

Alice O'Brien*
Jason Walta*
NATIONAL EDUCATION ASSOCIATION
1201 Sixteenth St. NW
Washington, DC 20036
Tel: 202.822.7035
aobrien@nea.org
jwalta@nea.org

*Certifications for admission *pro hac vice* to follow.

February 18, 2022