



# Frequently Asked Questions: New discriminatory practice prohibitions applicable to public employers and government programs

**Issued by:** Department of Education, Commission for Human Rights and Department of Justice

House Bill 2 was passed by both bodies of the legislature and signed into law by the Governor on June 25, 2021. Included in HB 2 are sections 297 and 298, Right to Freedom from Discrimination in Public Workplaces and Education.

There has been much discussion about this law and what prohibitions it imposes on public employers, government programs, and schools. The State of New Hampshire and its political subdivisions recognize that they have a duty to ensure that they treat all residents and visitors equally. This means that all employees or individuals who work to provide or administer programs and services on behalf of the State of New Hampshire, including teachers in an educational setting, must continually strive to treat all of those with whom they may come into contact equally and with dignity and respect.

The purpose of these FAQs is to provide guidance to public employers, government program administrators, and school systems as they review their compliance with this new law.

This FAQ document addresses questions that may arise regarding the changes to the New Hampshire Law Against Discrimination, RSA chapter 354-A, that impact public employers and government programs. Please see separate document that addresses changes to schools and educational programs contained in RSA chapter 193.

## Changes Regarding Public Employers and Government Programs

### 1. What are public employers and government programs prohibited from training and advocating?

Public employers and government programs are prohibited from training and advocating that one identified group (a group based upon: age, sex, gender identity, sexual orientation, race, creed, color, marital status, familial status, mental or physical disability, religion or national origin) is:

- Inherently superior or inferior to people of another identified group;
- Inherently racist, sexist, or oppressive, whether consciously or unconsciously;
- Should be discriminated against or receive adverse treatment; or
- Should not treat members of other identified groups equally.

> **In short, do not train or advocate that a person or a group is inherently oppressive, superior, inferior racist, or sexist. Train and treat all equally and without discrimination.**

### 2. What do the phrases "inherently superior or inferior" or "inherently racist, sexist, or oppressive" mean?

"Inherent" means characteristics that are natural, biological, or innate, as opposed to characteristics that are merely apparent, accidental, or based on external factors.

This new law makes it illegal to teach, train or advocate that a person, because of their membership in one or more identified group(s), is inherently either: (1) racist, sexist, or oppressive, consciously or unconsciously or (2) superior or inferior to people of another identified group.

3. **Are these the same prohibitions as those contained in the "divisive concepts" bill, HB 544?**

No. HB 544 did not become law and therefore, does not apply or impact public employers, government programs, or schools in New Hampshire. The term "divisive concepts" is not found anywhere in the new law.

4. **Can public employers and government programs undertake efforts designed to examine issues related to equity, diversity, inclusion, equality, and other related topics?**

Yes. Nothing in this new law prohibits public employers or government programs from taking steps to examine issues related to equity, diversity, inclusion, equality and other related topics.

5. **Can trainings address practices or ideas that have harmed or continue to harm certain identified groups?**

Yes. Nothing prohibits trainings geared toward educating participants about practices or ideas that may disproportionately affect certain identified groups.

6. **Can public employers and government programs conduct trainings designed to improve diversity, equity, and inclusion, such as implicit bias training?**

Yes. Nothing prohibits trainings geared towards diversity, equity, equality and inclusion.

Nor does anything prohibit implicit bias training. Implicit bias training is premised on teaching people about biases they may have of which they are not consciously aware and helping them become aware of those biases so as to encourage treating others with dignity and respect and to avoid treating others less than equally.

The new law expressly permits public employers and government programs to provide and require "sensitivity training" based on the "inherent humanity and equality of all persons" and the "ideal that all persons are entitled to be treated with equality, dignity, and respect."

7. **A public employee has claimed that a required diversity training has made them uncomfortable. Has the public employer or government program discriminated against that employee?**

No. It is important to note that trainings that address racism, sexism, and other practices or ideas that have harmed or continue to harm certain identified groups may make participants uncomfortable. These trainings may encourage or prompt participants to reflect upon whether and how racism, sexism, or other practices have or have not affected their lives. Even discussion of historical practices and their lingering impact upon different identified groups can cause this discomfort.

The mere fact that a training may make participants uncomfortable does not mean that the training has violated New Hampshire's anti-discrimination laws and does not give employees or participants the license to refuse to participate in the training without consequence.

**8. What remedies are available to public employees or program participants who believe that a public employer or government program has violated one of the new anti-discrimination statutes?**

A person who believes that they have been subject to discrimination, may file a complaint with the New Hampshire Commission for Human Rights, a complaint with the New Hampshire Office of the Attorney General, or may file a civil claim in superior court to seek damages or declaratory or injunctive relief.

**9. Can a public employee file a claim based upon a training that occurred in 2020?**

No. Complaints alleging a violation of the new laws may only be considered for conduct that occurred after the enactment of those laws on June 25, 2021.

**10. If I am an individual or group simply using a public facility for non-government use, for example a private event or activity at a school building or town hall, does this new law apply to me?**

No.