## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LOCAL 8027, AFT-NEW HAMPSHIRE, AFL-CIO, RYAN RICHMAN, JOHN DUBE and JOCEYLN MERRILL, teachers in the New Hampshire Public Schools, and KIMBERLY GREEN ELLIOTT and MEGHAN EVELYN DURDEN, parents or guardians of children in the New Hampshire public schools. | ) ) ) ) ) ) |
|          Plaintiffs, | ) |
|          v. | ) |
| FRANK EDELBLUT, in his Official Capacity as Commissioner of the DEPARTMENT OF EDUCATION ("DOE"), CHRISTIAN KIM in his Official Capacity as the Chair of the NEW HAMPSHIRE COMMISSION ON HUMAN RIGHTS, and JOHN FOMELLA in his Official Capacity as ATTORNEY GENERAL of the State of New Hampshire. | ) ) ) ) ) ) ) |
|          Defendants. | ) |
| ------------------------------------------------------------------------- | )   Civil No. 1:21-cv-01077-PB |
| ANDRES MEJIA, CHRISTINA KIM PHILIBOTTE, and NATIONAL EDUCATION ASSOCIATION-NEW HAMPSHIRE, | ) ) ) ) |
|          Plaintiffs, | ) |
|          v. | ) |
| FRANK EDELBLUT, in his official capacity only as the Commissioner of the New Hampshire Department of Education, | ) ) ) |
| JOHN M. FORMELLA, in his official capacity only as the Attorney General of the State of New Hampshire, | ) ) |
| AHNI MALACHI, in her official capacity only as the Executive Director of the New Hampshire Commission for Human Rights, | ) ) ) |
| CHRISTIAN KIM, in his official capacity only as the Chair of the New Hampshire Commission for Human Rights, | ) ) ) |
| KEN MERRIFIELD, in his official capacity only as the Commissioner of the Department of Labor, | ) ) |
|          Defendants. | ) |

## PARTIES' PROPOSED DISCOVERY PLAN
## Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:**

February 8-13, 2023, by electronic mail and telephone conference.

**COUNSEL PRESENT/REPRESENTING:**

**<u>For AFT Plaintiffs:</u>**

Charles G. Moerdler, Esq.
David J. Kahne, Esq.
Elizabeth Milburn, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038
Tel.: 212.806.5400
cmoerdler@stroock.com

Peter J. Perroni, Esq.
Nolan Perroni PC
73 Princeton Street
North Chelmsford, MA 01863
Tel.: 978.454.3800
peter@nolanperroni.com

David J. Strom
American Federation of Teachers
555 New Jersey Ave. NW
Washington DC 20001
Tel.: 202.393.7472
dstrom@aft.org

Mark Richard
Phillips, Richard & Rind P.A.
9360 S.W. 72nd Street, Suite 283
Miami, FL 33137
Tel.: 305.412.8322
mrichard@phillipsrichard.com

**For Mejia/Philibotte Plaintiffs**:

Gilles R. Bissonnette, Esq.
Henry R. Klementowicz, Esq.
American Civil Liberties Union of NH
18 Low Avenue
Concord, NH  03301
Tel.: 603.224.5591
gilles@aclu-nh.org
henry@aclu-nh.org

Morgan C. Nighan, Esq.
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA  02109-2835
Tel.: 617.345.1031
mnighan@nixonpeabody.com

Chris Erchull, Esq.
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
Tel.: 617.426.1350
cerchull@glad.org

**For NEA Plaintiff**:

Jason Walta, Esq.
NATIONAL EDUCATION ASSOCIATION
1201 Sixteenth St. NW
Washington, DC 20036
Tel: 202.822.7035
jwalta@nea.org

**For All Defendants:**

Samuel Garland, Esq.
N.H. Department of Justice
Civil Bureau
33 Capitol Street
Concord, NH 03301

## CASE SUMMARY

**THEORY OF LIABILITY:**

Plaintiffs allege that the "education and antidiscrimination amendments" located at RSA 193:40 and RSA 354-A:29-34 (i) violate the First Amendment insofar as they implicate the extracurricular speech of teachers and (ii) violate the Fourteenth Amendment on the ground that they are impermissibly vague.

**THEORY OF DEFENSE:**

The defendants contend that the "education and antidiscrimination amendments" located in RSA 193:40 and RSA 354-A:29-:34 do not violate the First Amendment because they do not implicate extracurricular speech at all and because, even if they did, they satisfy the *Pickering-Connick* test. The defendants further contend that the challenged provisions are not void-for-vagueness.

**DAMAGES:**

None are sought in this case.

**DEMAND**:

N/A

**OFFER**:

N/A

**JURISDICTIONAL QUESTIONS**:

None at this time.  The parties reserve the right to raise and address jurisdictional questions as they arise.

Among other things, the defendants affirmatively reserve the right to invoke Eleventh Amendment immunity in the event it is implicated by any amendment to the pleadings or legal argument made by the plaintiffs going forward.

In the event Eleventh Amendment immunity is raised, Plaintiffs will contend that such immunity does not apply under *Ex parte Young*, 209 U.S. 123 (1908), which allows suits in federal courts for prospective injunctions against state officials despite a state's sovereign immunity to prevent the State from enforcing unconstitutional statutes.

**QUESTIONS OF LAW**:

1.  Whether the "education and antidiscrimination amendments" located at RSA 193:40 and RSA 354-A:29-34 violate the First Amendment insofar as they implicate the extracurricular speech of teachers and other public school staff.

2.  Whether the "education and antidiscrimination amendments" located at RSA 193:40 and RSA 354-A:29-34 violate the Fourteenth Amendment on the ground that the vagueness of the statutory language violates the due process rights of teachers and other public school staff.

**TYPE OF TRIAL**:

**Plaintiffs' position:** Bench in the event there are disputes of material fact. However, the plaintiffs believe that disputes of material fact are unlikely and, therefore, this case can be resolved through cross-motions for summary judgment after expedited and limited discovery. The plaintiffs propose a briefing schedule following an expedited, approximately 90-day discovery window below. This proposed briefing schedule after discovery is described on page 8 below. In the event this Court views discovery as being necessary, the parties agree to an approximate 90-day discovery window. Plaintiffs have offered to stay discovery and brief the legal issues that Defendants allude to below, but will only do so if Defendants consent (or will not otherwise object) to the Court's entering a preliminary injunction enjoining the enforcement of the amendments during the pendency of briefing (and any appeal).

**Defendants' position:** The defendants agree to a bench trial in the event a trial is necessary. The defendants further agree that disputes of material fact are unlikely and that this case can likely be resolved through cross-motions for summary judgment. The defendants do not agree that any discovery is presently necessary. It is the defendants' default position that both remaining claims present legal questions that can be resolved now as a matter of law after another round of legal briefing.

The defendants acknowledge, however, that this Court envisioned during the hearing on the motion to dismiss "an expedited" and "tightly focused discovery regime" where discovery is "targeted" and "focused" and can be "done in a matter of months," with "cross-motions for summary judgment" to follow. ECF Doc. No. 55 at 94. Notwithstanding their default position, the defendants are not opposed to discovery proceeding in the manner the Court envisioned. The defendants further believe that this could be accomplished within the timeframes set out below. The sole remaining area of disagreement with respect to the discovery schedule is whether a modification to the presumptive limits on written discovery and depositions is warranted in this case.

## SCHEDULE

**TRACK ASSIGNMENT**:

**Plaintiffs' position:** Expedited and limited discovery to occur for approximately 90 days, with expedited cross-motions for summary judgment to follow. *See* ECF Doc. No. 55 at 17:14-18. ("If I were to deny your motion, it would be only to say that this states a plausible claim that it is unconstitutionally vague, and it's possible that, as things develop, we would probably next revisit it on cross-motions for summary judgment after some limited discovery has occurred.").

Plaintiffs plan on taking expedited and limited discovery on the following topics: (i) defendants' policies, procedures, and standards around the enforcement of the challenged amendments, including how defendants' interpret and have interpreted the law's provisions, (ii) complaints and concerns that have been raised to defendants about possible violations of the amendments, and how such complaints and concerns were addressed and/or investigated, and (iii) the "order of operations" concerning how the amendments are enforced, including the defendants' assertion that "[i]t is only after a finding of discrimination becomes final that the Department of Education may begin the process of bringing a claim before the Board of Education to determine whether discipline against the licensed educator is warranted." Discovery would also include internal and external communications concerning these topics.

**Defendants' position:** Notwithstanding their default position that discovery is unnecessary at this juncture, the defendants are not opposed to expedited and limited discovery on the topics the plaintiffs identify above. The defendants further do not oppose the schedule on those topics set out below. The only remaining area of disagreement with respect to the discovery plan is whether a modification of the presumptive limits on written discovery and depositions is warranted in this case. In agreeing to the framework of a discovery plan, the defendants do not waive any claim of privilege that they might otherwise have in relation to any specific discovery request the plaintiffs may propound or deposition question the plaintiffs may ask or any other objection to a discovery request or deposition question that is appropriate under the Federal Rule of Civil Procedure.

**TRIAL DATE IF BRIEFING SCHEDULE BELOW IS USED FOLLOWING DISCOVERY:**

Two-week period beginning **November 3, 2023**

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

> **March 3, 2023**

**AMENDMENT OF PLEADINGS, IF NECESSARY:**

> Plaintiffs:  **March 3, 2023**

> Defendants:  **March 27, 2023**

**JOINDER OF ADDITIONAL PARTIES, IF NECESSARY:**

> Plaintiffs:  **March 3, 2023**

> Defendants:  **March 27, 2023**

**THIRD PARTY ACTIONS, IF NECESSARY:**

> **March 3, 2023**

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

> **Plaintiffs:**  **March 17, 2023**

> **Defendants:**  **March 31, 2023**

> **Parties' Supplementations under Rule 26(e) due:  April 14, 2023**

**COMPLETION OF DISCOVERY:  May 19, 2023**

**CROSS-MOTIONS FOR SUMMARY JUDGMENT AFTER DISCOVERY:** *(no later than 120 days prior to trial date)*

> Plaintiffs' Motion for Summary Judgment: **June 19, 2023**

> Defendants' Objection and Cross-Motion for Summary Judgment: **July 10, 2023**

> Plaintiffs' Reply and Objection to Cross-Motion: **July 24, 2023**

> Defendants' Sur-reply and Reply to Cross-Motion: **August 7, 2023**

**CHALLENGES TO EXPERT TESTIMONY:** *(no later than 45 days prior to trial date)*

**45 days prior to trial.**

## DISCOVERY

**DISCOVERY NEEDED:**

Standard:  Paper discovery, including interrogatories and requests for production, depositions of plaintiffs, defendants and witnesses.

**ANSWERS TO BE FILED:**

Defendants – **February 14, 2023**

**MANDATORY DISCLOSURES (Fed. R. Civ.P. 26(a)(1)):**

Plaintiffs – **February 17, 2023**

Defendants – **February 24, 2023**

**INTERROGATORIES:**

**Plaintiffs' position:** A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**Defendants' position:** A maximum of 15 interrogatories by the plaintiffs and 15 interrogatories by the defendants. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**

**Plaintiffs' position:** A maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**Defendants' position:** A maximum of 15 requests for admission by the plaintiffs and 15 requests for production by the defendants. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR PRODUCTION:**

**Plaintiffs' position:** A maximum of 25 requests for production by the plaintiffs and 25 requests for production by the defendants. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**Defendants' position:** A maximum of 15 requests for production by the plaintiffs and 15 requests for production by the defendants. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**

**Plaintiffs' position:** A maximum of ten (10) depositions by plaintiffs and ten (10) by defendants. Each deposition limited to a maximum of seven hours unless extended by agreement of the parties.

**Defendants' position:** A maximum of five (5) depositions by plaintiffs and five (5) by defendants. Each deposition limited to a maximum of seven hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

Within 14 days of the entry of a scheduling order in this case, the parties will meet and confer to negotiate custodians and search terms for the discovery of any electronically stored information.

The parties will comply with Fed. R. Civ. P. 26(b)(5)(B) and N.H. R. Prof. Conduct 4.4(b) should privileged materials be inadvertently disclosed, the recipient shall sequester the materials and attempt to informally resolve the issue with the disclosing counsel, failing which the recipient shall file a motion with the Court to seek judicial resolution of the issue *in camera*.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The parties do not believe that there will be issues of privilege or protection of trial preparation materials.  In the event such issues arise, the parties will bring them to the Court's attention.

<u>**OTHER ITEMS**</u>

**SETTLEMENT POSSIBILITIES:**

This case is unlikely to be settled although, as noted, resolution of some issues is under discussion.

**JOINT STATEMENT RE MEDIATION:**

The parties do not believe that mediation would resolve this case.

**TRIAL ESTIMATE:**

Two to three (2-3) days, if a trial is necessary.

**WITNESSES AND EXHIBITS:**

All witnesses and exhibits will be disclosed and exchanged between the parties in accordance with Local and Federal Rules of Civil Procedure *(10 days before final pretrial conference but not less than 30 days before trial; objections due 14 days after service of final pretrial statements).*

**PRELIMINARY PRETRIAL CONFERENCE:**

The parties believe that a preliminary pretrial with the Court regarding a scheduling order in this case would be beneficial.

**OTHER MATTERS:**

None known at this time.  The parties reserve the right to submit issues for the Court's consideration under Fed. R. Civ. P. 26(c) or 16(b) and (c) if and when they arise.

Dated: February 13, 2023

Respectfully Submitted,


*/s/ Peter J. Perroni*
NOLAN PERRONI PC
NH Bar. No. 16250
73 Princeton Street
North Chelmsford, MA 01863
(978) 454-3800
peter@nolanperroni.com

STROOCK & STROOCK & LAVAN LLP
Charles G. Moerdler, Esq.*
David J. Kahne, Esq.*
Elizabeth Milburn, Esq.*
180 Maiden Lane
New York, New York 10038
(212) 806-5400
cmoerdler@stroock.com

SELENDY & GAY PLLC
Faith Gay, Esq.*
1290 6th Avenue
New York, NY 10104
(212) 390-9000
fgay@selendygay.com

David J. Strom*
American Federation of Teachers
555 New Jersey Ave. NW
Washington DC 20001
Tel.: 202.393.7472
dstrom@aft.org

Mark Richard*
Phillips, Richard & Rind P.A.
9360 S.W. 72nd Street, Suite 283
Miami, FL 33137
Tel.: 305.412.8322
mrichard@phillipsrichard.com

*Co-Counsel for Local 8027, AFT-New
Hampshire, AFL-CIO, Ryan Richman,
John Dube and Jocelyn Merrill,
teachers in the New Hampshire Public Schools,*

*and Kimberly Green Elliot and Meghan Evelyn Durden parents or guardians of children in the New Hampshire public schools,*

/s/ Gilles R. Bissonnette
Gilles R. Bissonnette (N.H. Bar. No. 265393)
Henry R. Klementowicz (N.H. Bar No.
    21177)
SangYeob Kim (N.H. Bar No. 266657)
AMERICAN CIVIL LIBERTIES UNION OF NEW
    HAMPSHIRE
18 Low Avenue, Concord, NH  03301
Tel.  603.224.5591
gilles@aclu-nh.org

/s/ Chris Erchull
Chris Erchull (N.H. Bar No. 266733)
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA 02108
Tel.: 617.426.1350
cerchull@glad.org

Jennifer Eber (N.H. Bar No. 8775)
DISABILITY RIGHTS CENTER-NEW HAMPSHIRE
64 N Main St, Ste 2
Concord, NH 03301-4913
Tel.: 603.228.0432
Sarahj@drcnh.org

William E. Christie (N.H. Bar No. 11255)
S. Amy Spencer (N.H. Bar No. 266617)
SHAHEEN & GORDON, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH  03302
Tel.: 603.225.7262
wchristie@shaheengordon.com
saspencer@shaheengordon.com

*Co-counsel for Plaintiffs Andres Mejia and
Christina Kim Philibotte*

/s/ Morgan C. Nighan
Morgan C. Nighan (N.H. Bar No. 21196)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA  02109-2835
Tel.: 617.345.1031
mnighan@nixonpeabody.com

/s/ David A. Vicinanzo
David A. Vicinanzo (N.H. Bar No. 9403)
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH 03101
Tel.: 603.628.4000
dvicinanzo@nixonpeabody.com

Travis Hill*
NIXON PEABODY LLP
55 West 46th Street
New York, NY 10036-4120
Tel.: 212.940.3131
thill@nixonpeabody.com

Emerson Sykes*
Speech, Privacy, and Technology Project
Leah Watson*
Sarah Hinger*
Racial Justice Program
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street, 18th Floor
New York, NY  10004
Tel.: 212.549.2500
esykes@aclu.org
lwatson@aclu.org
shinger@aclu.org

*/s/ Jason Walta*
Alice O'Brien*
Jason Walta*
NATIONAL EDUCATION ASSOCIATION
1201 Sixteenth St. NW
Washington, DC 20036
Tel: 202.822.7035
aobrien@nea.org
jwalta@nea.org

Esther K. Dickinson (N.H. Bar No. 20764)
Lauren Snow Chadwick (N.H. Bar No. 20288)
Staff Attorneys
NATIONAL EDUCATION ASSOCIATION-
   NEW HAMPSHIRE
9 South Spring Street
Concord, NH 03301-2425
Tel.: 603.224.7751
edickinson@nhnea.org
lchadwick@nhnea.org

Nathan R. Fennessy (N.H. Bar No. 264672)
PRETI FLAHERTY BELIVEAU & PACHIOS LLP
57 North Main Street
Concord, NH 03301
Tel.: 603.410.1500
rtoland@preti.com


*Co-Counsel for National Education Association-New Hampshire*

*Admitted *pro hac vice*.*

Frank Edelblut, Commissioner, New Hampshire Department of Education,
Christian Kim, Chair of the New Hampshire Commission on Human Rights,
John M. Formella, Attorney General of the State of New Hampshire,
Ahni Malachi, Executive Director of the New Hampshire Commission on Human Rights,
Ken Merrifield, New Hampshire Department of Labor,

By their attorneys,

John M. Formella
Attorney General

*/s/ Samuel Garland*
Samuel Garland (N.H. Bar No. 266273)
N.H. Department of Justice
Civil Bureau
33 Capitol Street
Concord, NH 03301
Tel. 603.271.3658
samuel.garland@doj.nh.gov