## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Andres Mejia, et al., * | |
| * | |
| Plaintiffs, * | |
| v. * | Case No. 21-cv-01077-PB |
| * | |
| Frank Edelblut, Commissioner, et al., * | |
| * | |
| Defendants. * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF

Frank Edelblut, in his Official Capacity as Commissioner of the Department of Education (NHED),  Christian Kim in his Official Capacity as the Chair of the New Hampshire Commission for Human Rights, and John Formella in his Official Capacity as Attorney General of the State of New Hampshire, by and through their counsel, the New Hampshire Department of Justice (collectively "the defendants"), by and through the Office of the Attorney General, hereby answer and respond to the complaint filed plaintiffs Local 8027, AFT-New Hampshire, AFO-CIO, Ryan Richman, John Dupe, Jocelyn Merrill, Kimberly Green Elliott, and Meghan Evelyn Durden (ECF Doc. No. 30).

### NATURE OF THE ACTION[1]

1.      The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the defendants admit that the

---

[1] The defendants maintain the headers used by the plaintiffs in their complaint. Any allegations in those headers are denied.

plaintiffs bring an action for declaratory and injunctive relief challenging the statutes referenced in this paragraph, but otherwise deny this paragraph.

2.      The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

3.      The allegations set forth in the first and third sentences of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in the first and third sentences of this paragraph are denied. The defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the second or fourth sentences of this paragraph.

4.      The allegations set forth in the first sentence of this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations in the second, third and fourth sentences of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in the these sentences are denied.

5.      The allegation set forth in the first sentence of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in the first sentence of this paragraph is denied.  The defendants admit the allegation in the second sentence of the paragraph to solely to the extent that in July 2021 the Commission for Human Rights, Department of Justice and Department of Education issued a guidance document entitled" "Frequently Asked Questions: New discriminatory practice prohibitions applicable to public prohibitions applicable to k-12 educational programs" (the "FAQ").  The plaintiffs' characterization of that FAQ is a legal conclusion to which no response is required. To

2

the extent a response is deemed required, that characterization is denied. No response to footnote one (1) or two (2) is necessary, as the footnotes only contains citations to sources, which speak for themselves.  To the extent footnote one (1) or two (2) can be construed to contain factual allegations to which a response is required, any such allegations are denied. Defendants admit that the Attorney General issued a formal opinion on September 7, 2021, as alleged in the third sentence of this paragraph. The plaintiffs' characterization of that September 7, 2021, opinion is a legal conclusion to which no response is required. The opinion speaks for itself. To the extent a response is deemed required, that characterization is denied.  The defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of the paragraph.  Defendants deny the remaining allegations and characterizations contained the fourth sentence of this paragraph.

6.      The allegations contained in the first and second sentence of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in the first and second sentences of this paragraph are denied. The defendants admit that as of the date the plaintiffs filed their complaint, the website referenced in this paragraph did not reference the Attorney General opinion. The allegations contained in the fourth and fifth sentence of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in the fourth and fifth sentences of this paragraph are denied.

## THE PARTIES

7.      Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8.      Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9.      Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10.      Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11.      Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12.      Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13.      Defendants admit that Frank Edelblut is the Commissioner of the NHED. Defendants admit that the Plaintiff has accurately quoted RSA 21-N:4.  The plaintiffs' characterization of that statute in this paragraph is a legal conclusion to which no response is required. To the extent a response is deemed required, that characterization is denied to the extent it is inconsistent with he applicable law.

14.      Defendants admit that Christian Kim is the Chair of the New Hampshire Commission for Human rights.  The plaintiffs' characterization of New Hampshire law in this paragraph is a legal conclusion to which no response is required. To the extent a response is deemed required, that characterization is denied to the extent it is inconsistent with he applicable law.

15.      Defendants admit that Attorney John Formella is the Attorney General of the State of New Hampshire.  The defendants deny that the plaintiffs have spelled Attorney General Formella's name correctly. The plaintiffs' characterization of New Hampshire law in this

paragraph is a legal conclusion to which no response is required. To the extent a response is deemed required, that characterization is denied to the extent it is inconsistent with he applicable law.

## JURISDICTION AND VENUE

16.     The allegations set forth in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, the defendants admit that the plaintiff assert claims under the Constitution and the laws of the United States but deny that the plaintiffs are entitled to relief under the Constitution. The defendants admit that this this court has federal-question jurisdiction over this action based on the claims asserted in the complaint, but reserve the right to challenge this Court's subject-matter jurisdiction to the extent appropriate as this case progresses.

17.     The allegations set forth in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, the defendants admit that venue in the District of New Hampshire is appropriate based on the allegations in the Plaintiffs' complaint.

18.     The allegations set forth in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, any allegations in this paragraph are denied.

19.     The allegations set forth in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, the defendants deny that this Court may invoke supplemental jurisdiction over any state-law claims asserted in the complaint, as those claims are barred by the Eleventh Amendment.

# BACKGROUND

20.     The allegations set forth in the first sentence of this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is deemed necessary, defendants admit that this paragraph accurately quotes from the *Brown* decision, and the assertion in the first sentence of this paragraph. The defendants are without information or knowledge sufficient to admit or deny the allegation in the second sentence of this paragraph because it contains generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

21.     The allegations set forth in the first sentence of this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is deemed necessary, the defendants are without information or knowledge sufficient to admit or deny the allegations in this paragraph paragraph because they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

22.     The allegations set forth in the first sentence of this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is deemed necessary, the defendants are without information or knowledge sufficient to admit or deny the allegations in this paragraph because they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

23.     The allegations set forth in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is deemed necessary, the defendants admit that the plaintiffs accurately quote from the *Meyer* decision cited in this paragraph. The defendants are without information or knowledge sufficient to admit or deny the remaining allegations in this paragraph because they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

24.     The allegations set forth in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). The second, third, and fourth sentences of this paragraph also contain legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the defendants admit that the plaintiffs accurately quote from the *Claremont* decision cited in this paragraph. The defendants are without information or knowledge sufficient to admit or deny the remaining allegations in this paragraph because they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

25.     The allegations contained in the first, second, third, and fourth sentence of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in the first, second, third, and fourth sentences of this paragraph are denied except to admit that the plaintiffs have accurately quoted portions of RSA 189:11(i)(j) in the form effective at the time of filing the complaint. The defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the fifth,

sixth or seventh sentences of this paragraph. Footnotes 3 and 4 are not allegations but are citations which speak for themselves. No response is therefore required to either footnote. The website cited in footnote 3 cannot be accessed with the URL cited in footnote 3.

26.     This paragraph is admitted only insofar as RSA 193:40 was enacted on June 25m 2021. It is otherwise denied.

27.     The allegations set forth in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is deemed required, the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them except they admit that President Trump issued an Executive Order No 13958.  The content of the Executive Order speaks for itself.  Footnotes five (5), six (6), seven (7) and eight (8) only contain a citation to a source.  To the extent those footnotes can be construed to contain factual allegations to which a response is required, any such allegations are denied.

28.     The allegations set forth in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains legal conclusions to which no response is required. To the extent a response is deemed required, the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, other than what is contained in the *Santa Cruz* decision cited in footnote 9.

29.     The allegations set forth in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is deemed necessary, the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30.     Denied.

31.     The defendants admit that the plaintiffs challenge provisions contained in sections 297 and 298 of House Bill 2 and that the plaintiffs accurately quote an excerpt from one of those provisions in footnote 13, but otherwise deny the allegations in this paragraph.

32.     The allegations in this paragraph are conclusions of law to which no response is necessary. To the extent a response is deemed necessary, the defendants admit this paragraph accurately quotes from the provisions the plaintiffs challenge in this case, but otherwise deny the allegations in this paragraph. Footnotes twelve (12) and thirteen (13) are not allegations but are citations which speak for themselves. No response is therefore required to either footnote. To the extent those footnotes can be construed to contain factual allegations to which a response is required, any such allegations are denied.

33.      The allegations in this paragraph are conclusions of law to which no response is necessary. To the extent a response is deemed necessary, the defendants deny the allegations in this paragraph except to admit that the paragraph quotes a portion of RSA 193:40.

34.     The allegations in this paragraph are conclusions of law to which no response is necessary. To the extent a response is deemed necessary, the defendants deny the allegations in this paragraph except to admit that the paragraph quotes a portion of RSA 193:40.

35.     The allegations in this paragraph are conclusions of law to which no response is necessary. If a response is deemed necessary, any allegations in this paragraph are denied

36.     The allegations in this paragraph are conclusions of law to which no response is necessary. If a response is deemed necessary, any allegations in this paragraph are denied.

37.     The allegations in this paragraph are conclusions of law to which no response is necessary. If a response is deemed necessary, any allegations in this paragraph are denied

38.     The allegations set forth in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, any allegations in this paragraph are denied.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to Mr. Richman.  Footnotes fifteen, sixteen, and seventeen are not factual allegations but citations that speak for themselves. No response is therefore required. To the extent the footnote can be construed to contain factual allegations to which a response is required, any such allegations are denied. Any allegations in this paragraph concerning the interpretation of the provisions the plaintiffs challenge in this case concern questions of law to which no response is required. To the extent a response is deemed required, the defendants deny those allegations.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to Mr. Richman.  Footnote eighteen is not a factual allegation but citation that speaks for itself. No response is therefore required. To the extent the footnote can be construed to contain factual allegations to which a response is required, any such allegations are denied. Any allegations in this paragraph concerning the interpretation of the provisions the plaintiffs challenge in this case concern questions of law to which no response is required. To the extent a response is deemed required, the defendants deny those allegations.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to Ms. Dubrelle. Footnote nineteen is not an allegation but a citations which speaks for itself. No response is therefore required. To the extent his footnote can be construed to contain factual allegations to which a

response is required, any such allegations are denied. Any allegations in this paragraph concerning the interpretation of the provisions the plaintiffs challenge in this case concern questions of law to which no response is required. To the extent a response is deemed required, the defendants deny those allegations.

42.     The first two sentences of this paragraph set forth legal conclusions to which no response is required. To the extent a response is deemed required, the defendants admit these sentences only insofar as they are consistent with New Hamsphire law, including RSA 189:14-a. They are otherwise denied. The defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in this paragraph. Footnote twenty is not an allegation, but a citation,  which speaks for itself. No response is therefore required. To the extent the footnote can be construed to contain factual allegations to which a response is required, any such allegations are denied.

43.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. If a response is deemed required, the allegations in this paragraph are denied.

44.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. If a response is deemed required, the allegations in this paragraph are denied. Footnote twenty-one is not an allegation, but a citation, which speaks for itself.  No response is therefore required. Footnote twenty-one also does not assert any allegation against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent the footnote can be construed to contain factual allegations against the defendants to which a response is required, any such allegations are denied.

45.     The defendants admit that a Twitter account with the handle "Moms For Liberty NH" published the tweet that is screen-captured on page 19 of the plaintiffs' complaint. The

defendants further admit that the Department of Education published on its website resources related to filing complaints with the New Hampshire Commission for Human Rights. To the extent this paragraph contains any other allegations to which a response is required, those allegations are denied. Footnotes twenty-two and twenty-three are not allegations, but citations, which speak for themselves. No response is therefore required. To the extent those footnotes can be construed to contain factual allegations to which a response is required, any such allegations are denied.

46.    The defendants admit that the Department of Education published on its website resources related to filing complaints with the New Hampshire Commission for Human Rights. To the extent this paragraph contains any other allegations to which a response is required, those allegations are denied. Footnote twenty-four is not a factual allegation, but is a citation, which speaks for itself. No response is therefore required. To the extent the footnote can be construed to contain factual allegations to which a response is required, any such allegations are denied.

47.    The defendants admit that on September 7, 2021, Attorney General Formella issued Opinion No. 2021-01 and that the plaintiffs quote an excerpt from that opinion. The defendants admit that as of the date the plaintiffs filed their complaint, the website referenced in this paragraph did not reference Attorney General No. 2021-01. To the extent this paragraph contains any other allegations to which a response is required, those allegations are denied.

48.    The defendants admit that state officials issued FAQ documents related to the provisions the plaintiffs challenge in this case in July 2021, and that on September 7, 2021, Attorney General Formella issued Opinion No. 2021-01. To the extent this paragraph contains any other allegations to which a response is required, those allegations are denied.

49.     The defendants admit that state officials issued FAQ documents related to the provisions the plaintiffs challenge in this case in July 2021, and that on September 7, 2021, Attorney General Formella issued Opinion No. 2021-01. The remainder of this paragraph sets forth legal conclusions to which no response is necessary. To the extent this paragraph contains any other allegations to which a response is required, those allegations are denied.

50.     This paragraph sets forth legal conclusions to which no response is required or characterizes a document that speaks for itself. To the extent a response is deemed required, the defendants admit that the plaintiffs quote from the document cited, but deny any other allegations contained in this paragraph. Footnote twenty-six is not a factual allegation, but is a citation, which speaks for itself. No response is therefore required. To the extent the footnote can be construed to contain factual allegations to which a response is required, any such allegations are denied.

51.     This paragraph sets forth legal conclusions to which no response is required or characterizes a document that speaks for itself. To the extent a response is deemed required, the defendants admit that the plaintiffs quote from the document cited, but deny any other allegations contained in this paragraph. Footnotes twenty-seven and twenty-eight are not factual allegations, but are a citation, which speak for themselves. No response is therefore required. To the extent either footnote can be construed to contain factual allegations to which a response is required, any such allegations are denied.

52.     This paragraph, including footnote twenty-nine, sets forth legal conclusions to which no response is required or characterizes a document that speaks for itself. To the extent a response is deemed required, the defendants admit that the plaintiffs quote from the document cited, but deny any other allegations contained in this paragraph.

53.     This paragraph sets forth legal conclusions to which no response is required or characterizes a document that speaks for itself. To the extent a response is deemed required, the defendants admit that the plaintiffs quote from the document cited, but deny any other allegations contained in this paragraph.

54.     The first sentence of this paragraph is denied. The second sentence of this paragraph sets forth legal conclusions to which not response is required or characterizes a document that speaks for itself. To the extent a response is deemed required, the allegations in the second sentence of this paragraph are denied.

55.     This paragraph sets forth legal conclusions to which no response is required or characterizes a document that speaks for itself. To the extent a response is deemed required, the defendants admit that the plaintiffs quote from the document cited, but deny any other allegations contained in this paragraph.

56.     This paragraph sets forth legal conclusions to which no response is required, characterizes a document that speaks for itself, or sets forth a series of rhetorical questions that do not contain allegations asserted against any defendant. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is deemed required, the defendants admit that the plaintiffs quote from the document cited, but deny any other allegations contained in this paragraph.

57.     This paragraph sets forth legal conclusions to which no response is required or characterizes a document that speaks for itself. To the extent a response is deemed required, the defendants admit that the plaintiffs quote from the statute cited, but deny any other allegations contained in this paragraph.

58.     This paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, the defendants admit that the plaintiffs quote from the case cited, but deny any other allegations contained in this paragraph.

59.     The allegations set forth in this paragraph are conclusions of law to which no answer is require. To the extent a response is deemed required, the allegations in this paragraph are denied.

60.     The allegations set forth in this paragraph are conclusions of law to which no answer is require. To the extent a response is deemed required, the allegations in this paragraph are denied. Footnote thirty is not a factual allegation but is a citation which speaks for itself. No response is therefore required. To the extent footnote thirty can be construed to contain factual allegations to which a response is required, any such allegations are denied.

61.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, the allegations in this paragraph are denied.

62.     The allegations set forth in this paragraph are conclusions of law to which no answer is require. To the extent a response is deemed required, the allegations in this paragraph are denied.

63.     The allegations set forth in this paragraph are conclusions of law or requests for relief to which no answer is require. To the extent a response is deemed required, the allegations in this paragraph are denied.

64.    The allegations set forth in this paragraph are conclusions of law or requests for relief to which no answer is require. To the extent a response is deemed required, the allegations in this paragraph are denied.

## SPECIFIC FACTUAL ALLEGATIONS

65.    This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, the defendants admit that the New Hampshire Supreme Court has issued a number of opinions concerning how education is funded in New Hamsphire, but deny any allegation or inference otherwise contained in this paragraph.

66.    This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, the defendants admit that the New Hampshire Supreme Court has issued a number of opinions concerning how education is funded in New Hamsphire, but deny any allegation or inference otherwise contained in this paragraph. Footnote thirty-one is not a factual allegation but is a citation which speaks for itself. No response is therefore required. To the extent footnote thirty-one can be construed to contain factual allegations to which a response is required, the defendants admit that it accurately quotes to the decision cited, but deny any other allegations.

67.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, defendants admit that the plaintiffs accurately quote from the statues cited, but deny any other allegation this paragraph may contain.

68.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, defendants admit that the plaintiffs accurately quote from the statues cited, but deny any other allegation this paragraph may contain.

69.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, defendants admit that the plaintiffs accurately quote from the statues cited, but deny any other allegation this paragraph may contain (including any in footnote thirty-two).

70.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, the defendants deny any allegation that is inconsistent with applicable law.

71.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed

required, defendants admit that the plaintiffs accurately quote from the statue cited, but deny any other allegation this paragraph may contain.

72.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, defendants admit that the plaintiffs accurately quote from the regulations cited, but deny any other allegation this paragraph may contain. No response to footnote thirty-three through footnote thirty-six is necessary, as the footnotes only contains a citation to the source, which speaks for themselves.  To the extent footnote thirty-three through footnote thirty-six can be construed to contain factual allegations to which a response is required, any such allegations are denied.

73.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, defendants admit that the plaintiffs accurately quote from the regulations cited, but deny any other allegation this paragraph may contain. No response to footnotes thirty-seven or thirty-eight is necessary, as the footnotes only contains a citation to the source, which speaks for itself.  To the extent footnote thirty-seven or thirty-eight can be construed to contain factual allegations to which a response is required, any such allegations are denied.

74.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, defendants admit that the plaintiffs accurately quote from the regulations cited, but

deny any other allegation this paragraph may contain. No response to footnotes thirty-nine, forty, forty-one, or forty-two is necessary, as the footnotes only contains a citation to the source, which speaks for itself. To the extent these footnotes can be construed to contain factual allegations to which a response is required, any such allegations are denied.

75.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, defendants admit that the plaintiffs accurately quote from the sources cited, but deny any other allegation this paragraph may contain. No response to footnotes forty-three or forty-four is necessary, as the footnotes only contains a citation to the source, which speaks for itself. To the extent footnote forty-three or forty-four can be construed to contain factual allegations to which a response is required, any such allegations are denied.

76.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph are also conclusions of law to which no answer is require. If a response is deemed necessary, the defendants deny the allegations in this paragraph to the extent they are inconsistent with applicable law.

77.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in the first sentence of this paragraph are also conclusions of law to which no answer is require. To the extent a response is deemed required, the defendants admit that the plaintiffs accurately quote from the sources cited to the extent those sources are provided, but otherwise lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph. No

response to footnotes forty-five, forty-six, or forty-seven is necessary, as the footnotes only contains a citation to the source, which speaks for itself.  To the extent these footnotes can be construed to contain factual allegations to which a response is required, any such allegations are denied.

78.     This paragraph sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, the allegations in this paragraph are denied.

79.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the defendants admit that Representative Ammon introduced House Bill 544, that the plaintiffs accurately quote from the sources cited in footnotes forty-eight and forty-nine, and that Governor Sununu expressed opposition to HB 544. All other allegations in this paragraph, to the extent they are not legal conclusions to which no response is necessary, are denied. No response to footnotes forty-eight or forty-nine is necessary as the footnotes only contains a citation to the source, which speaks for itself.  To the extent these footnotes can be construed to contain factual allegations to which a response is required, any such allegations are denied.

80.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the statement in sentence one of this paragraph is denied as stated, the statement in sentence two is admitted, and the defendants lack information or knowledge sufficient to admit or deny the statement in sentence three.

81.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains legal conclusions to

which no response is necessary. To the extent a response is deemed necessary, the statement in

sentences one and two are denied, and the statement in sentence three is admitted insofar as RSA

193:40 was contained in the version of HB 2 that was enacted into law, but is otherwise denied.

82.     This paragraph does not contain allegations against any defendant to which a

response is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains legal conclusions to

which no response is necessary. To the extent a response is deemed necessary, this paragraph is

admitted only insofar as HB 1 and HB 2 were enacted and signed into law by the Governor on

June 25, 2021, and that the plaintiffs quote the title of RSA 193:40, but is otherwise denied.

83.     This paragraph sets forth conclusions of law to which no response is necessary.

To the extent a response is deemed necessary, the defendants admit that the plaintiffs accurately

quote RSA 193:40. Any other allegations this paragraph may be read to contain are denied.

84.     This paragraph does not contain allegations against any defendant to which a

response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is deemed necessary,

the defendants admit letter linked in footnote fifty-one of the plaintiffs' complaint reflects that

ten members of the Governor's Advisory Council on Diversity and Inclusion resigned and that

this paragraph accurately quotes from that letter. Any other allegations this paragraph may be

read to contain are denied.

85.     This paragraph does not contain allegations against any defendant to which a

response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is deemed necessary,

the defendants admit the plaintiffs accurately quote an excerpt from the letter referenced in this

paragraph. Any other allegations this paragraph may be read to contain are denied.

86.     Denied.

87.     The defendants admit this paragraph to the extent that Commissioner Edelblut made the tweeted statement. To the extent that plaintiff attempts to characterize Commissioner Edelblut's statement, those characterizations are conclusions of law to which no answer is required. If an answer is deemed to be required, the allegations are denied to the extent that they may be inconsistent with the facts or law.

88.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants admit that this paragraph quotes from the source cited in footnote fifty-four, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

89.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants admit that this paragraph quotes from the sources cited in footnotes fifty-five and fifty-six, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

90.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also sets forth legal conclusions to which no response is necessary. If a response is deemed necessary, the defendants admit that this paragraph accurately quotes from the statute cited, deny the last sentence of this paragraph, and lack knowledge sufficient to admit or deny the remaining allegations in this paragraph.

91.     This paragraph does not contain allegations against any defendant to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the the

defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

92.     This paragraph sets forth legal conclusions or characterizations to which no response is necessary. To the extent a response is deemed necessary, this paragraph is denied.

93.     This paragraph sets forth legal conclusions or characterizations to which no response is necessary. To the extent a response is deemed necessary, this paragraph is denied.

94.     This paragraph sets forth legal conclusions or characterizations to which no response is necessary. To the extent a response is deemed necessary, this paragraph is denied save that the defendants admit that footnote sixty accurately receives a portion of RSA 193-D:2.

95.     Denied.

96.     The first sentence of this paragraph is denied. The defendants lack information or knowledge sufficient to form a belief as to the second, third, fourth, and fifth allegations in this paragraph. The remaining allegations in this paragraph are denied.

97.     The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, this paragraph is admitted only insofar as it accurately quotes an excerpt from Part II, Article 83 of the New Hampshire Constitution and to the extent the New Hampshire Supreme Court has held that the right to an adequate education it has recognized under Part II, Article 83 is a fundamental right. The allegations in this paragraph are otherwise denied.

98.     The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the defendants admit that this paragraph accurately quotes an exert from RSA 189:11, but otherwise deny the allegations in this paragraph.

99.    The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the defendants admit only that this paragraph accurately quotes from the cited provisions. The allegations in this paragraph are otherwise denied.

100.    The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the defendants admit that the plaintiffs accurately quote the citation provision and that an Attorney General opinion is not binding on a court. The defendants otherwise deny the allegations in this paragraph.

101.    The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the defendants admit only that this paragraph accurately quotes from the cited source. All other allegations in this paragraph are denied.

## COUNT I

102.    The defendants reallege and incorporate by reference the answer to paragraph 1 through 101 as if set forth fully in this response.

103.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. If an answer is deemed required, the allegations are denied to the extent they are inconsistent with applicable law.

104.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

105.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. If an answer is deemed required, defendants admit that the plaintiffs accurately quote portions of RSA 193:40, but all the remaining allegations are denied.

24

106.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. If a response is deemed required, the first sentence is denied. The second sentence is admitted only insofar as it asserts that an Attorney General Opinion is not binding on a court, but denied to the extent it implies that Attorney General Opinions have not legal effect. All other allegations in this paragraph are denied.

107.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

108.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

109.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, the defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

110.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

111.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

## <u>COUNT II</u>

112.    The defendants reallege and incorporate by reference the answer to paragraph 1 through 111 as if set forth fully in this response.

113.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

114.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is admitted only

insofar as it is consistent with the New Hampshire Supreme Court's existing education-funding jurisprudence.

115.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is admitted only insofar as it is consistent with the New Hampshire Supreme Court's existing education-funding jurisprudence.

116.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, the defendants admit that the New Hamsphire General Court enacted RSA 193-E:2 following the New Hamsphire Supreme Court's decision in the *Londonderry* case and that the plaintiffs accurately quote from RSA 193-E:2 and RSA 189:11(j). All other allegations in this paragraph are denied to the extent they are inconsistent with the applicable state law.

117.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

118.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

119.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is admitted to the extent it accurately quotes from the cited statute, but otherwise denied.

120.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

121.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

## COUNT III

122.     The Defendants reallege and incorporate by reference the answer to paragraph 1 through 121 as if set forth fully in this response.

123.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

124.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is admitted insofar as it accurately quotes the statute cited, but is otherwise denied.

125.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

126.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

127.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

128.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

129.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

130.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

131.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

132.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

## COUNT IV

133.     The defendants reallege and incorporate by reference the answer to paragraph 1 through 132 as if set forth fully in this response.

134.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, the defendants admit that this paragraph accurately quotes from the statute cited, but deny any other allegations contained in this paragraph.

135.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

136.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

137.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

138.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

139.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed required, this paragraph is denied.

## ANSWER TO THE PRAYER FOR RELIEF

The defendants deny that the Plaintiffs are entitled to any of the relief requested on page 61 of their complaint under the heading "Prayer for Relief." The plaintiffs' prayer for relief should be denied in its entirety, and the complaint should be dismissed.

28

## AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses to the plaintiffs' claims, the defendants do not concede that the assertion of such defenses imposes any burden of proof upon the defendants with respect thereto.

### First Affirmative Defense

The plaintiffs' complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The defendants have not violated any constitutional, federal, state, statutory, or common-law right of any of the plaintiffs. The defendants have not violated the plaintiffs' rights under the First or Fourteenth Amendments to the United States Constitution.

### Third Affirmative Defense

The plaintiffs lack standing to bring forth the claims alleged in their complaint.

### Fourth Affirmative Defense

The plaintiffs' claims are barred in whole or in part by Eleventh Amendment immunity.

## RESERVATION OF RIGHTS

The defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have available other, as yet unstated, defenses or affirmative defenses. Therefore, the defendants reserve the right to assert any additional defenses or affirmative defenses that discovery indicates may be appropriate. The defendants reserve the right to amend or to seek to amend their answer or affirmative defenses.

Respectfully submitted,

Frank Edelblut, Commissioner of the Department of Education; John Formella, Attorney General; Christian Kim, Chair of the Commission for Human Human Rights

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL


Dated: February 14, 2023            /s/*Samuel Garland*_____
                                    Samuel R.V. Garland, Bar #266273
                                    Senior Assistant Attorney General
                                    Civil Bureau
                                    N.H. Department of Justice
                                    33 Capitol Street
                                    Concord, NH 03301
                                    (603) 271-3650
                                    samuel.rv.garland@doj.nh.gov


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record through the Court's CM/ECF system.


                                    /s/*Samuel Garland*_____
                                    Samuel R.V. Garland