# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

```
**************************************
Andres Mejia, et al.,                    *
                                         *
            Plaintiffs,                  *
      v.                                 *       Case No. 21-cv-01077-PB
                                         *
Frank Edelblut, Commissioner, et al.,    *
                                         *
            Defendants.                  *
                                         *
**************************************
```

## ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF

Frank Edelblut, in his official capacity as the Commissioner for the New Hampshire Department of Education; John Formella, in his official capacity as the New Hampshire Attorney General; Ahni Malachi, in her official capacity as the Executive Director of the New Hampshire Commission for Human Rights; Christian Kim, in his official capacity as the Chairperson of the New Hampshire Commission for Human Rights; and Ken Merrifield, in his official capacity as the Commissioner of the New Hampshire Department of Labor (collectively, "the defendants"), by and through their counsel, the Office of the Attorney General, answer and respond to the Complaint for Injunctive Relief filed by Plaintiffs Andres Mejia, Christina Kim Philibotte, and National Education Association-New Hampshire ("NEA-NH") (ECF Doc. No. 1).

## Introduction

1.     The first six sentences of this paragraph, including citations, quote from and cite to two written works, which speak for themselves. Because the plaintiffs have not provided the relevant excerpts from the written works with their complaint, the defendants lack information or knowledge sufficient to admit or deny the accuracy of the quotes in these sentences. The defendants lack information or knowledge sufficient to admit or deny the seventh sentence of

this paragraph, as it phrased, as the plaintiffs do not identify what they mean by "teachings" or "commonly." By way of further answer, the defendants admit, in a general sense, that Martin Luther King, Jr. is featured in the curricula of many public schools in New Hampshire. The final two sentences of this paragraph are denied.

2.      The defendants admit the first sentence of this paragraph insofar as it characterizes one request for relief the plaintiffs seek in this case. The defendants lack information or knowledge sufficient to admit or deny the summary of who the plaintiffs are in the first sentence of this paragraph. The second sentence of this paragraph, to the extent it does not contain conclusions of law to which a response is unnecessary, is denied. The defendants admit that the document attached to the plaintiffs' complaint as Exhibit 1 contains the text of the provisions the plaintiffs challenge in this case, but deny the plaintiffs' characterization of those provisions as a "Banned Concepts Act."

3.      The first sentence of this paragraph is denied. The second sentence of this paragraph is admitted insofar as it accurately quotes an excerpt of RSA 193:40, II, but is otherwise denied. The third and fourth sentences of this paragraph are denied.

4.      The first sentence of this paragraph appears to be a statement of opinion, not fact, to which no response is required. To the extent a response is required, the first sentence of this paragraph is denied as written. The second sentence of this paragraph states a conclusion of law to which no response is required. To the extent a response is required, the second sentence of this paragraph is denied as written. The third and fourth sentences of this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the third and fourth sentences of this paragraph are admitted to the extent they accurately quotes from the decision cited, but are denied to the extent they are asserted for any other purpose.

5.      The defendants lack information or knowledge sufficient to admit or deny the first and second sentences of this paragraph. The defendants admit that Commissioner Frank Edelblut wrote an op-ed on June 13, 2021, that referenced Dr. Ibram X. Kendi's book *How to be an Anti-Racist* and spoke at a July 8, 2021 New Hampshire Board of Education Meeting where he referenced Tiffany Jewell's book *This Book is Anti-Racist*. The remainder of the allegations set forth in sentence three of this paragraph conclusions of law to which no answer is required; however, if an answer is deemed required, the allegations are denied to the extent they may be inconsistent with the facts or law. The fourth sentence of this paragraph does not contain any allegations to which a response is required, but is denied insofar as a response is deemed necessary. The fifth and sixth sentences of this paragraph are denied.

6.      The defendants admit that the plaintiffs have accurately quoted portions of RSA 193:40 in sentences one and two of this paragraph. The remainder of this paragraph contains rhetorical questions to which no response is required. To the extent a response is deemed necessary, the defendants deny the allegations contained in this paragraph.

7.      The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed necessary, the Defendants admit that the plaintiffs accurately quote and cite RSA 354-A:34, RSA 193:40, N.H. Admin. Code R. Ed. 510.05 and 511.02, and deny the remaining characterizations and allegations contained in the paragraph.

8.      The defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph.

9.      The defendants admit that the Department of Education published a complaint form on its website and that it did not publish a similar complaint form when other provisions of

the Law Against Discrimination or RSA 193:38-39 went into effect in 2019. The defendants

deny any remaining allegations or characterizations contained in this paragraph.

10.     The defendants state that the allegations contained in this paragraph state no claim

against it and therefore, no answer is required. To the extent a response is deemed necessary, the

defendants admit that a Twitter account with the handle "Mom's For Liberty NH" published the

tweet that is screen-captured on page 5 of the plaintiffs' complaint on or about November 12,

2021 and that the plaintiffs accurately quote from that tweet. Any other allegations in this

paragraph are denied.

11.     The allegations set forth in this paragraph are conclusions of law to which no

answer is required. If an answer is deemed required, the defendants admit that the plaintiffs

accurately quote *Mahanoy Area Sch. Dist. v. B.L. ex rel. Levy*, 141 S. Ct. 2038 (2021) and *Tinker*

*v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969), and deny the remaining allegations

in this paragraph

12.     The allegations set forth in this paragraph are conclusions of law or

characterizations to which no answer is required. If an answer is deemed required, the allegations

in this paragraph are denied.

13.     The first sentence of this paragraph is denied. The second sentence is admitted

insofar as it alleges that NEA-NH made requests for clarification, but is otherwise denied. The

remaining sentences in this paragraph detail the relief sought by the plaintiffs to which no answer

is required. If an answer is deemed required, the defendants deny that the plaintiffs are entitled to

any relief in this case.

**Parties**

- 4 -

14.     The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15.     The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.     The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, deny them.

17.     The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The remainder of this paragraph, to the extent it does not contain legal conclusions or characterizations to which no response is necessary, is denied.

18.     The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The second and third sentences of this paragraph, to the extent they do not contain legal conclusions or characterizations to which no response is necessary, are denied. The defendants lack information or knowledge to admit or deny the fourth sentence of this paragraph. The defendants admit the fifth sentence of this paragraph insofar as it alleges that Commissioner Frank Edelblut wrote an op-ed on June 13, 2021, that referenced Dr. Ibram X. Kendi's book *How to be an Anti-Racist* and spoke at a July 8, 2021 New Hampshire Board of Education Meeting where he referenced Tiffany Jewell's book *This Book is Anti-Racist*, but otherwise deny it to the extent it does not contain legal conclusions or characterizations to which no response is necessary. The sixth sentence of this paragraph is denied to the extent it does not contain legal conclusions or characterizations to which no response is necessary.

19.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is required, the defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph.

20.    The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.    The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22.    The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23.    The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.    The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first four sentences of this paragraph. The defendants deny the fifth sentence of this paragraph to the extent it characterizes the statutes the plaintiffs challenge, but otherwise lack information or knowledge sufficient to for a belief as to the truth of the allegations in this sentence. The defendants deny the remaining sentences in this paragraph to the extent they are not legal conclusions to which no response is necessary.

25.    The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph. The second and third sentences of this paragraph are denied to the extent they do not contain legal conclusions to which no response is necessary.

26.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is required, the defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph.

27.     The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.     The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29.     The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30.     The first sentence of this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, the first sentence of this paragraph is denied. The second sentence of this paragraph, to the extent it does not contain legal conclusions to which no response is required, is denied to the extent it characterizes the statute the plaintiffs challenge. The defendants otherwise lack information or knowledge sufficient to form a belief as to the allegations in the second sentence of this paragraph. The third sentence of this paragraph contains legal conclusions to which no response is required, but is denied to the extent a response is required.

31.     The defendants lack information or knowledge sufficient to form a belief as to the first two sentences of this paragraph. To the extent the third sentence contains allegations other than conclusions of law to which no response is required, it is denied.

32.     The defendants lack information or knowledge sufficient to form a belief as to the first sentence of this paragraph. To the extent the second sentence contains allegations other than conclusions of law to which no response is required, it is denied.

33.     The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34.     To the extent the first sentence of this paragraph contains allegations other than conclusions of law to which no response is required, the defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in first sentence of this paragraph. The second sentence of this paragraph is denied. The defendants lack information or knowledge sufficient to form a belief as to the truth of the factual allegations in the remainder of this paragraph. To the extent a response to the characterizations and assertions in the remainder of this paragraph require a response, they are denied.

35.     The first three sentences of this paragraph are admitted. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is required, the remainder of this paragraph is denied to the extent it is inconsistent with the facts or law.

36.     The first three sentences of this paragraph are admitted. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is required, the remainder of this paragraph is denied to the extent it is inconsistent with the facts or law.

37.     The first four sentences of this paragraph are admitted. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is required, the remainder of this paragraph is denied to the extent it is inconsistent with the facts or law.

38.     The first three sentences of this paragraph are admitted. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response

is required, the remainder of this paragraph is denied to the extent it is inconsistent with the facts or law.

**Jurisdiction and Venue**

39.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is required, this paragraph is denied to the extent it is inconsistent with the facts or law.

40.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is required, this paragraph is denied to the extent it is inconsistent with the facts or law.

41.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is required, this paragraph is denied to the extent it is inconsistent with the facts or law.

42.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is required, this paragraph is denied to the extent it is inconsistent with the facts or law.

**Facts**

43.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B).

44.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B).

45.     The allegations contained in this paragraph and the footnote are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B).

46.    The allegations contained in this paragraph and the footnote are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B).

47.    The allegations contained in this paragraph and the footnote are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B).

48.    The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is deemed necessary, the defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

49.    The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the defendants admit that Governor Chris Sununu established a Commission on Law Enforcement Accountability, Community, and Transparency ("LEACT") and that the Plaintiffs accurate quote from the June 16, 2020 Executive Order.

50.    The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the defendants admit that the plaintiffs accurately summarize some of the recommendations of the LEACT Commission contained in Exhibit 3 to their complaint.

51.    The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is required, the defendants admit that Governor Sununu signed the October 7, 2020 Executive Order that implemented parts of the LEACT Commission's recommendations and that implicit bias training has occurred at the New Hampshire Attorney General's Office. The defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this

paragraph with respect to the court system. To the extent the allegations in the footnote are not conclusions of law to which no response is necessary, they are denied.

52.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is necessary, the defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph, as they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

53.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

54.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

55.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be

required, the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

58.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants admit that the plaintiffs accurately quote from the case cited in this paragraph, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

60.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph.

61.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains conclusions of law to which no answer is required. To the extent an answer may be required, the defendants admit that President Trump signed an Executive Order entitled "Combating Race and

Sex Stereotyping" on September 22, 2020, but otherwise lack information or knowledge sufficient to admit or deny the allegations in this paragraph.

62.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains conclusions of law to which no answer is required. To the extent an answer may be required, the defendants admit that this paragraph accurately quotes excerpts from President Trump's September 22, 2020 Executive Order, save that the formatting has been altered. The defendants deny that the plaintiffs' characterization with respect to the text they have bolded in their complaint. The defendants lack information or knowledge sufficient to admit or deny any other allegations in this paragraph.

63.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains conclusions of law to which no answer is required. To the extent an answer may be required, the defendants admit that this paragraph accurately quotes excerpts from President Trump's September 22, 2020 Executive Order. The defendants lack information or knowledge sufficient to admit or deny any other allegations in this paragraph.

64.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains conclusions of law to which no answer is required. To the extent an answer may be required, the defendants admit that this paragraph accurately quotes an excerpt from the decision cited in the paragraph and accurately summarizes the court's decision, but otherwise lack information or knowledge sufficient to admit or deny the allegations in this paragraph.

65.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the allegations in this paragraph are denied.

66.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains conclusions of law to which no answer is required. This paragraph also references a document that speaks for itself. To the extent an answer may be required, the defendants admit that House Bill 544 was titled "Propagation of Divisive Concepts," shared some language with President Trump's September 22, 2020 Executive Order, defined "contractor" to include private parties, and extended to post-secondary instruction. Any other allegations in this paragraph are denied.

67.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants admit that the paragraph quotes excerpts from statements made by a sponsor of HB 544, which are contained in the YouTube video referenced in the footnote, but deny any other allegations this paragraph may contain.

68.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants admit that the paragraph quotes excerpts the document attached to the plaintiffs' complaint as Exhibit 9, but deny any other allegations this paragraph may contain.

69.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants admit that HB 2 was amended to insert provisions previously contained

in HB 544 and was subsequently passed by the New Hampshire House of Representatives, and that HB 544 was tabled, but deny any other allegations this paragraph may contain.

70.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants admit that this paragraph quotes an excerpt from the document attached to the plaintiffs' complaint as Exhibit 11, but otherwise lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

71.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). the extent an answer may be required, the defendants admit that this paragraph quotes excerpts from the document attached to the plaintiffs' complaint as Exhibits 12, 13, and 14, but otherwise lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

72.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains conclusions of law to which no response is necessary. To the extent an answer may be required, the defendants admit that an amendment was proposed to HB 2, the language of which is contained in the document attached to the plaintiffs' complaint as Exhibit 10, but otherwise deny the allegations in this paragraph.

73.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains conclusions of law to which no response is necessary. To the extent a response may be required, the allegations in this paragraph are denied.

74.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants admit only that the amendments contained in Exhibit 10 to the plaintiffs' complaint were passed by the Senate by a 14-9 margin on June 3, 2021. All other allegations in this paragraph are denied.

75.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, this paragraph is admitted.

76.     The defendants admit that Commissioner Edelblut published an op-ed on June 13, 2021, and that a copy of that op-ed is attached to the plaintiffs' complaint as Exhibit 16. The allegations in this paragraph are otherwise denied.

77.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response may be required, the defendants admit that both chambers of the New Hampshire General Court agreed to and passed the amendment to HB 2 contained in Exhibit 10 to the plaintiffs' complaint. Any other allegations in this paragraph are denied.

78.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants admit that the Governor signed HB 2 into law on June 25, 2021, and that the language in HB 2 challenged in this case went into immediate effect. Any other allegations in this paragraph are denied.

79.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants admit that the letter included at pages 6 through 7 of Exhibit 17 to the plaintiffs' complaint communicates that ten members of the Governor's Advisory Council on Diversity and Inclusion resigned and cited House Bill 2 as the reason for their resignation. Any other allegations in this paragraph are denied.

80.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent an answer may be required, the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph or in the footnote.

81.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent an answer may be required, the allegations in this paragraph are denied.

82.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response may be required, the defendants admit that the Plaintiffs correctly quote RSA 354-A:31, RSA 354-A:32, and RSA 193:40, but otherwise deny this paragraph.

83.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response may be required, the allegations in this paragraph are denied.

84.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response may be required, the defendants admit that the Plaintiffs correctly quote RSA 354-A:31, RSA 354-A:32, and RSA 193:40, other than the emphasis the plaintiffs have added. This paragraph is otherwise denied.

85. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response may be required, the defendants admit that the Plaintiffs correctly quotes RSA 193:40, II but otherwise deny this paragraph.

86. The defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation in this paragraph.

87. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response may be required, the defendants admit that the Plaintiffs correctly quote RSA 354-A:31, RSA 354-A:32, and RSA 193:40, other than the emphasis the plaintiffs have added. This paragraph is otherwise denied.

88. The allegations in the first half of the first sentence of this paragraph are legal conclusions to which no response is required, but are denied to the extent a response may be required. The remaining allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response to the remaining allegations may be required, the defendants lack information or knowledge sufficient to admit or deny those allegations, as they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

89. This paragraph contains legal conclusions to which no response is required. If a response may be required, the defendants admit that the plaintiffs accurately quote from the case cited in this paragraph. The paragraph is otherwise denied.

90. This paragraph contains legal conclusions to which no response is required. To the extent a response may be required, the first sentence of this paragraph is denied. The second

sentence of this paragraph is admitted insofar as the plaintiffs allege that families who object to course material can opt out of that instruction, and it is further admitted that the plaintiffs parenthetically quote an excerpt from RSA 186:11, IX-c, but any other allegations in this sentence are denied. The remainder of this paragraph is denied.

91.     The first sentence of this paragraph contains a legal conclusion to which no response is necessary. If a response is deemed necessary, the first sentence of this paragraph is denied. The defendants lack information or knowledge sufficient to form a belief as to the truth of the second and third sentences of this paragraph.

92.     This paragraph contains legal conclusions to which no response is required. If a response is deemed necessary, the defendants admit only that this paragraph accurately quotes from RSA 354-A:29, II, and that "sensitivity training" is not a defined term within the statute. All other allegations are denied.

93.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed necessary, the defendants admit that the plaintiffs accurately quote excerpts from RSA 354-A:31, RSA 354-A:32, RSA 354-A:33, and RSA 193:40, save for the emphasis the plaintiffs have added. If this paragraph contains any other allegations, they are denied.

94.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed necessary, this paragraph is denied.

95.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed necessary, this paragraph is denied.

96.     This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed necessary, the defendants admit that the plaintiffs accurately

quote excerpts from RSA 354-A:31, RSA 354-A:32, RSA 354-A:33, and RSA 193:40, save for the emphasis the plaintiffs have added. If this paragraph contains any other allegations, they are denied.

97.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed necessary, this paragraph is denied.

98.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed necessary, this paragraph is denied.

99.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent a response is deemed necessary, the defendants admit only that the plaintiffs have accurately quoted from the statutes cited in this paragraph. This paragraph is otherwise denied.

100.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). The allegations set forth in this paragraph also contain conclusions of law to which no answer is required. To the extent a response is deemed necessary, the defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph, as they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

101.     The allegations contained in this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). This paragraph also contains conclusions of law to which no answer is necessary. To the extent an answer may be necessary, the defendants lack information or knowledge sufficient to form a belief as to the truth allegations in this paragraph.

102.    This paragraph contains conclusions of law to which no answer is necessary. To the extent an answer may be necessary, the defendants admit that the statements of law in the second and third sentences of this paragraph are accurate, but deny any other allegations in this paragraph.

103.    The allegations in this paragraph are conclusions of law to which no response is necessary. If a response is deemed necessary, the allegations in this paragraph are denied.

104.    The allegations in this paragraph are conclusions of law to which no response is necessary. If a response is deemed necessary, the defendants admit that the plaintiffs quote from the statutes cited in this paragraph. The statutes speak for themselves. The defendants deny the allegations in this paragraph to the extent inconsistent with the applicable law.

105.    The allegations in this paragraph are conclusions of law to which no response is necessary. If a response is deemed necessary, the defendants that a complaint can be filed against a government entity in the New Hampshire Human Rights Commission, but deny that such a complaint can be filed against a government employee. The statute cited in this paragraph speaks for itself. The defendants deny any other allegations in this paragraph to the extent inconsistent with the applicable law.

106.    The allegations in this paragraph are conclusions of law to which no response is necessary. To the extent a response may be necessary, the first and last sentences of this paragraph are denied. The second sentence accurately quotes from RSA 193:40, III, save for the emphasis the plaintiffs have added, but any other allegations this sentence may contain are denied. The third sentence is admitted only insofar as the plaintiffs allege that a violation of the Educator Code of Conduct can lead to an educator's license being revoked, but any other allegations or characterizations in this sentence are denied.

107.     The allegations in this paragraph are conclusions of law to which no response is necessary. If a response is deemed necessary, the defendants admit only that the plaintiffs accurately quote excerpts from the Educator Code of Conduct, which speaks for itself. All other allegations are denied.

108.     The allegations in this paragraph are conclusions of law to which no response is necessary. To the extent a response is deemed necessary, the defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

109.     The defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

110.     The defendants admit only that NEA-NH President Megan Tuttle wrote a letter to Attorney General Formella dated July 12, 2021, setting forth questions regarding the provisions the plaintiffs challenge in this case and that a copy of that letter is attached to the plaintiffs' complaint as Exhibit 18. The letter speaks for itself. The defendants deny that the provisions the plaintiffs challenge are ambiguous. The defendants lack information or knowledge as to the allegations in the second sentence of this paragraph relating to the sentiments of NEA-NH members.

111.     Defendant Formella admits that he did not respond to Megan Tuttle's letter or acknowledge receipt, but denies any other implication this paragraph may be read to make. The other defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

112.     This paragraph is admitted to the extent it alleges that Attorney General Formella, Commissioner Edelblut, and Director Malachi issued guidance in relation to the statutes the plaintiffs challenge in this case on July 21, 2021, and that the document attached to the plaintiff's

complaint as Exhibit 19 is a copy of that guidance. Any other allegations in this paragraph are denied.

113.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. To the extent an answer is deemed required, the defendants admit that an interpretation of a statute by the Attorney General is not binding on a court, but deny any suggestion that such an interpretation has not legal effect. The defendants further deny the allegations in this paragraph to the extent they are inconsistent with the law.

114.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. The allegations in this paragraph also reference a document that speaks for itself. If this paragraph contains any allegations of fact to which a response is required, to allegations are denied.

115.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. The allegations in this paragraph also reference a document that speaks for itself. If a response is deemed necessary, the defendants admit that the plaintiffs accurately quote from the guidance document referenced in this paragraph, but deny any other allegations or characterizations in this paragraph.

116.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. The allegations in this paragraph also reference a document that speaks for itself. If a response is deemed necessary, the allegations in this paragraph are denied.

117.     The allegations set forth in this paragraph are conclusions of law to which no answer is required. The allegations in this paragraph also reference a document that speaks for itself. If a response is deemed necessary, the allegations in this paragraph are denied.

118.    The allegations set forth in the first, second, and fourth sentences of this paragraph contain legal conclusions to which no response is necessary. The allegations in these sentences also reference a document that speaks for itself. To the extent a response is deemed necessary, the defendants admit that the plaintiffs have accurately quoted from the guidance document referenced. The defendants further admit that the statutes the plaintiffs challenge do not prohibit discussions related to current events including the Black Lives Matter movement. The defendants deny any other allegations in the first, second, and fourth sentences of this paragraph. The allegations contained in the third sentence of this paragraph are not asserted against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B). If an answer is deemed required, the defendants admit the plaintiffs have accurately quoted from the mission statement available at the link cited in footnote 34.

119.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. The allegations in this paragraph also reference a document that speaks for itself. If a response is deemed necessary, the allegations in this paragraph are denied.

120.    The defendants admit that NEA-NH submitted a letter to Attorney General Formella and Commissioner Edelblut on August 5, 2021, requesting further guidance as to the statutes they challenge in this case. The defendants admit that the plaintiffs accurately quote from that letter and that it is contained at Exhibit 18 of their complaint. The letter speaks for itself. The defendants deny any characterizations of the August 5, 2021 letter contained in this paragraph to the extent they are inconsistent with the language of the letter itself.

121.    The defendants admit that the first and third sentences of this paragraph accurately quote from NEA-NH's August 5, 2021 letter. The letter speaks for itself, and the defendants deny any characterizations of the letter that are inconsistent with the language of the

letter itself. The defendants further admit that Commissioner Frank Edelblut wrote an op-ed on June 13, 2021, that referenced Dr. Ibram X. Kendi's book *How to be an Anti-Racist* and spoke at a July 8, 2021 New Hampshire Board of Education Meeting where he referenced Tiffany Jewell's book *This Book is Anti-Racist* and read from that book. The defendants lack information or knowledge sufficient to form a belief as to the reasons NEA-NH sent its August 5, 2021 letter, and deny any other allegations in this paragraph.

122.    The defendants admit that Attorney General Formella and Commissioner Edelblut did not directly respond to NEA-NH's August 15, 2021 letter and that the plaintiffs accurately quote an excerpt from RSA 21-N:1, II(a), but deny any other allegations or characterizations in this paragraph.

123.    The defendants admit that Commissioner Edelblut made the quoted statement and that the quote is contained in the article linked in footnote 36. All other allegations or characterizations in this paragraph are denied.

124.    The defendants admit that this paragraph accurately quotes excerpts from the articles linked in footnotes 37 and 38, but otherwise deny any allegations or characterizations in this paragraph.

125.    The defendants admit that Attorney General Formella issued Attorney General Opinion No. 2021-01 on September 1, 2021, that the plaintiffs have accurately quoted its title, and that the opinion itself is attached to the plaintiffs' complaint as Exhibit 20. The second and third sentences of this paragraph state conclusions of law to which no response is necessary. To the extent a response is deemed necessary, the defendants admit that an Attorney General Opinion is not binding, but deny any suggestion that such an interpretation has not legal effect. The defendants deny the third sentence of this paragraph.

126.    The allegations in this paragraph contain conclusions of law to which no response is necessary. If a response is deemed necessary, the defendants admit that the plaintiffs accurately quote excerpts from Attorney General Opinion No. 2021-01, but deny this paragraph in all other respects.

127.    The allegations in this paragraph contain conclusions of law to which no response is necessary. If a response is deemed necessary, the defendants admit that the plaintiffs accurately quote excerpts from Attorney General Opinion No. 2021-01, but deny this paragraph in all other respects.

128.    The allegations in this paragraph contain conclusions of law to which no response is necessary. If a response is deemed necessary, the defendants admit that the plaintiffs accurately quote excerpts from Attorney General Opinion No. 2021-01, but deny this paragraph in all other respects.

129.    The allegations in this paragraph contain conclusions of law to which no response is necessary. If a response is deemed necessary, the defendants admit that the plaintiffs accurately quote excerpts from Attorney General Opinion No. 2021-01, but deny this paragraph in all other respects.

130.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. If a response is deemed necessary, the allegations in this paragraph are denied.

131.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. If a response is deemed necessary, the allegations in this paragraph are denied.

132.    The defendants lack information or knowledge sufficient to admit or deny the guidance NEA-NH has been able to provide. The defendants otherwise deny the allegations in this paragraph.

133.    This paragraph contains conclusions of law to which no response is necessary. If a response is deemed necessary, the defendants deny the allegations in this paragraph.

134.    This paragraph contains conclusions of law to which no response is necessary. If a response is deemed necessary, the defendants admit that this paragraph accurately quotes from RSA 193:40, I, and the document attached to the plaintiffs' complaint as Exhibit 21, but otherwise deny any allegations contained in this paragraph.

135.    This paragraph contains conclusions of law to which no response is necessary. If a response is deemed necessary, the defendants admit that this paragraph accurately quotes from the document attached to the plaintiffs' complaint as Exhibit 21, but otherwise deny any allegations contained in this paragraph.

136.    This paragraph contains conclusions of law to which no response is necessary. If a response is deemed necessary, the defendants admit that this paragraph accurately quotes from the document attached to the plaintiffs' complaint as Exhibit 22, but otherwise deny any allegations contained in this paragraph.

137.    This paragraph contains conclusions of law to which no response is necessary. If a response is deemed necessary, the allegations in this paragraph are denied.

138.    The defendants lack information or knowledge sufficient to admit or deny what training NEA-NH members are receiving from local school districts or what those members have conveyed to NEA-NH. The remaining allegations in this paragraph, to the extent they are not legal conclusions to which no response is necessary, are denied.

139.     The defendants admit that the Department of Education published on its website resources related to filing complaints with the New Hampshire Commission for Human Rights. Any other allegations in this paragraph are denied.

140.     The first sentence of this paragraph is admitted. The second sentence is admitted insofar as the guidance documents referenced in this paragraph and attached to the plaintiff's complaint as Exhibit 19 indicated that complaints could be filed directly with the Commission for Human Rights. Any other allegations in this paragraph are denied.

141.     The defendants admit that the Department of Education has not established a website related to violations of other provisions of RSA 354-A or RSA 193:38-:39 that were added in 2019 and apply to public schools. Any other allegations in this paragraph are denied.

142.     Denied.

143.     The defendants admit that as of December 19, 2021, the website referenced in this paragraph and attached to the complaint as Exhibit 23 did not reference Attorney General Opinion No. 2021-01. Any other allegations in this paragraph are denied.

144.     The defendants admit that a Twitter account with the handle "Moms For Liberty NH" published the tweet that is screen-captured on page 55 of the plaintiffs' complaint on or about November 12, 2021. Any other allegations in this paragraph are denied.

145.     This first and fourth sentences of this paragraph set forth conclusions of law to which no response is necessary. If a response is deemed necessary, the allegations in the first and fourth sentences of this paragraph are denied. The defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph. The third sentence of this paragraph does not assert allegations against any defendant and therefore no answer is required. Fed. R. Civ. P. 8(b)(1)(B).

146.    The defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

147.    The defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

148.    The allegations in this paragraph are either conclusions of law or are not asserted against any defendant, and accordingly no response is necessary. To the extent a response is necessary, the defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph, as they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

149.    The allegations in this paragraph are either conclusions of law or are not asserted against any defendant, and accordingly no response is necessary. To the extent a response is necessary, the defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph, as they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

150.    The allegations in this paragraph are either conclusions of law or are not asserted against any defendant, and accordingly no response is necessary. To the extent a response is necessary, the defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph, as they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

151.    The allegations in this paragraph are either conclusions of law or are not asserted against any defendant, and accordingly no response is necessary. To the extent a response is necessary, the defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph, as they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

152.    The allegations in this paragraph are either conclusions of law or are not asserted against any defendant, and accordingly no response is necessary. To the extent a response is necessary, the defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph, as they are generalized statements and statements of opinion made in broad terms, and not "short and plain statements" of fact or "simple, concise, and direct" allegations that comply with Federal Rule of Civil Procedure 8(a) and (d).

153.    The defendants lack information and knowledge sufficient to form a belief as to the allegations in this paragraph

154.    The defendants reallege and incorporate by reference the answer to paragraphs 1 through 153 as if set forth fully in this response.

155.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. If an answer is deemed required, the defendants admit the plaintiffs accurately quote *Grayned v. City of Rockford*, 408 U.S. 104 (1972) and *Hill v. Colorado*, 530 U.S. 703 (2000) and otherwise deny the remaining allegations contained in this paragraph.

156.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. If an answer is deemed required, the allegations in this paragraph are denied.

157.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. If an answer is deemed required, the allegations in this paragraph are denied.

158.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. If an answer is deemed required, the allegations in this paragraph are denied.

159.    The allegations set forth in this paragraph are conclusions of law to which no answer is required. If an answer is deemed required, the allegations in this paragraph are denied.

### Answer to the Prayer for Relief

The defendant deny that the Plaintiffs are entitled to any of the relief requested on page 61 of their complaint under the heading "Prayer for Relief." The plaintiffs' prayer for relief should be denied in its entirety, and the complaint should be dismissed.

### AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses to the Plaintiffs' claims, the Defendants do not concede that the assertion of such defenses imposes any burden of proof upon the Defendants with respect thereto.

### First Affirmative Defense

The plaintiffs' complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The defendants have not violated any constitutional, federal, state, statutory, or common-law right of any of the plaintiffs. The defendants have not violated the plaintiffs' rights under the First or Fourteenth Amendments to the United States Constitution.

### Third Affirmative Defense

The plaintiffs lack standing to bring forth the claims alleged in their complaint.

## **RESERVATION OF RIGHTS**

The defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have available other, as yet unstated, defenses or affirmative defenses. Therefore, the defendants reserve the right to assert any additional defenses or affirmative defenses that discovery indicates may be appropriate, including but not limited to Eleventh Amendment immunity or any other applicable immunity. The defendants reserve the right to amend or to seek to amend their answer or affirmative defenses.

Respectfully submitted,

Frank Edelblut, Commissioner of the Department of Education; John Formella, Attorney General; Christian Kim, Chair of the Commission for Human Human Rights; Ahni Malachi, Executive Director of the Commission for Human Rights; and Ken Merrifield, Commissioner of the Department of Labor

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: February 14, 2023            /s/*Samuel Garland*
                                    Samuel R.V. Garland, Bar #266273
                                    Senior Assistant Attorney General
                                    Civil Bureau
                                    N.H. Department of Justice
                                    33 Capitol Street
                                    Concord, NH 03301
                                    (603) 271-3650
                                    samuel.rv.garland@doj.nh.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on all counsel of record through the Court's CM/ECF system.

/s/*Samuel Garland*
Samuel R.V. Garland