# EXHIBIT 1

# Full text of
# The Amendments



# EXHIBIT 1

# Full text of
# The Banned Concepts Act

PL 00001

CHAPTER 91
HB 2-FN-A-LOCAL - FINAL VERSION

7Apr2021... 1059h
06/03/2021  1799s
06/03/2021  1816s
06/03/2021  1859s
06/03/2021  1842s
06/03/2021  1821s
06/03/2021  1827s
06/03/2021  1866s
06/03/2021  1884s
24Jun2021... 2040CofC
24Jun2021... 2048EBA

2021 SESSION

21-1082
08/10

HOUSE BILL      **2-FN-A-LOCAL**

AN ACT          relative to state fees, funds, revenues, and expenditures.

SPONSORS:       Rep. Weyler, Rock. 13; Rep. L. Ober, Hills. 37; Rep. Edwards, Rock. 4; Rep. Umberger, Carr. 2

COMMITTEE:      Finance

---

AMENDED ANALYSIS

This bill:

1. Requires the judicial branch to reimburse the sheriff's offices for costs of court security and prisoner custody and control, within available funds appropriated by the legislature, and requires remote technology whenever possible.

2. Makes a transfer of unexpended funds to the state heating system savings account.

3. Eliminates the bureau of planning and management functions and moves such functions to the division of plant and property.

4. Establishes the graphic services fund in the department of administrative services.

5. Consolidates human resources and payroll functions in the department of administrative services.

6. Repeals the memorandum of understanding with the commissioner of the department of health and human services for the purpose of delineating the functions to be assumed by the department of administrative services.

7. Extends the date on which an appropriation to the department of administrative services for scheduling software lapses.

8. Directs the payment of state employee medical benefits payments from the retirement system.

9. Enables the supreme court to transfer funds.

PL 00002

CHAPTER 91
HB 2-FN-A-LOCAL - FINAL VERSION

66. Removes the consideration of weighted apportionment factors under the business profits tax from inclusion in the tax expenditure report and includes the regional career and technical education center tax credit.

67. Allowing the department of employment security to participate in a department of labor information hub to combat fraud and waste.

68. Establishes and describes a right to freedom from certain types of discrimination based on age, sex, gender identity, sexual orientation, race, creed, color, marital status, familial status, mental or physical disability, religion, or national origin in public workplaces and education.

69. Requires violations of the governor's emergency orders regarding the Covid-19 pandemic to be reversed.

70. Creates a database for animal records; renames animal health certificates as certificates of transfer; authorizes the commissioner of the department of agriculture, markets, and food to transfer money to and from certain funds in order to establish the animal record database and to repay monies transferred from other funds; and establishes a position in the department of information technology for the building and management of the animal records database.

71. Establishes the dual and concurrent enrollment program in the community college system of New Hampshire and amends the administrative responsibilities for the program.

72. Makes an appropriation to the community college system of New Hampshire for the dual and concurrent enrollment program.

73. Increases the limit on the amount of the annual grant for leased space provided to a chartered public school.

74. Requires the department of education to develop and maintain a 10-year plan for school building grant projects.

75. Provides that the amount necessary to fund kindergarten adequate education grants shall be appropriated from the education trust fund; authorizes the governor to draw a warrant to eliminate a deficit if the balance in the education trust fund falls below zero; and makes an appropriation to the department of education for fiscal year 2020 kindergarten funding.

76. Provides that members-at-large are included as representatives of the same town as a deceased member of a school planning committee for the purpose of filling vacancies.

77. Makes an appropriation to the department of transportation for the highway and bridge betterment program and the acquisition of fleet vehicles.

78. Makes an appropriation to the department of education for school building aid payments to school districts and suspends the cap on school building aid grants for the biennium ending June 30, 2023.

79. Reduces the amount of education tax revenue to be raised for the 2023 fiscal year.

80. Requires the department of health and human services to fund employment-related child care services without a wait list and to provide enrollment-based reimbursement to certain child care providers for the fiscal year ending June 30, 2022 without using general funds.

81. Makes an appropriation to the department of health and human services to operate the Sununu youth services center and closes the Sununu youth services center in 2023.

1 █████████████████████████████████████████████████
2 █████████████████████████████████████████████████
3 █████████████████████████████████████████████████
4 █████████████████████████████████████████████████
5 █████████████████████████████████████████████████
6 █████████████████████████████████████████████████
7 █████████████████████████████████████████████████
8 ███

9   91:297  New Subdivision; State Commission on Human Rights; Right to Freedom From
10 Discrimination in Public Workplaces and Education. Amend RSA 354-A by inserting after section 28
11 the following new subdivision:

12        Right to Freedom from Discrimination in Public Workplaces and Education
13   354-A:29  Right to Freedom from Discrimination in Public Workplaces and Education.
14        I. The general court hereby finds and declares that practices of discrimination against any
15 New Hampshire inhabitants because of age, sex, gender identity, sexual orientation, race, creed,
16 color, marital status, familial status, mental or physical disability, religion, or national origin are a
17 matter of state concern, that discrimination based on these characteristics not only threatens the
18 rights and proper privileges of New Hampshire inhabitants but menaces the institutions and
19 foundation of a free democratic state and threatens the peace, order, health, safety and general
20 welfare of the state and its inhabitants.
21        II. Nothing in this subdivision shall be construed to prohibit racial, sexual, religious, or
22 other workplace sensitivity training based on the inherent humanity and equality of all persons and
23 the ideal that all persons are entitled to be treated with equality, dignity, and respect.
24        III. Nothing in this subdivision shall be construed to limit the academic freedom of faculty
25 members of the university system of New Hampshire and the community college system of New
26 Hampshire to conduct research, publish, lecture, or teach in the academic setting.
27   354-A:30  Definitions. In this subdivision:
28        I. "Government program" means any activity undertaken by a public employer, both as an
29 employer and in performance of its government function.
30        II. "Public employee" means any person working on a full-time or part-time basis for the
31 state, or any subdivision thereof, including, but not limited to counties, cities, towns, precincts,
32 water districts, school districts, school administrative units, or quasi-public entities.
33        III. "Public employer" includes the state or any subdivision thereof, including, but not
34 limited to counties, cities, towns, precincts, water districts, school districts, school administrative
35 units, or quasi-public entities.
36   354-A:31  Prohibition on Public Employers. No public employer, either directly or through the
37 use of an outside contractor, shall teach, advocate, instruct, or train any employee, student, service

CHAPTER 91
HB 2-FN-A-LOCAL - FINAL VERSION
- Page 146 -

1  recipient, contractor, staff member, inmate, or any other individual or group, any one or more of the
2  following:
3      I. That people of one age, sex, gender identity, sexual orientation, race, creed, color, marital
4  status, familial status, mental or physical disability, religion, or national origin, are inherently
5  superior or inferior to people of another age, sex, gender identity, sexual orientation, race, creed,
6  color, marital status, familial status, mental or physical disability, religion, or national origin;
7      II. That an individual, by virtue of his or her age, sex, gender identity, sexual orientation,
8  race, creed, color, marital status, familial status, mental or physical disability, religion, or national
9  origin is inherently racist, sexist, or oppressive, whether consciously or unconsciously;
10      III. That an individual should be discriminated against or receive adverse treatment solely
11  or partly because of his or her age, sex, gender identity, sexual orientation, race, creed, color, marital
12  status, familial status, mental or physical disability, religion, or national origin; or
13      IV. That people of one age, sex, gender identity, sexual orientation, race, creed, color,
14  marital status, familial status, mental or physical disability, religion, or national origin cannot and
15  should not attempt to treat others equally and/or without regard to age, sex, gender identity, sexual
16  orientation, race, creed, color, marital status, familial status, mental or physical disability, religion,
17  or national origin.
18  354-A:32 Prohibition on the Content of Government Programs and Speech.  No government
19  program shall teach, advocate, or advance any one or more of the following:
20      I. That people of one age, sex, gender identity, sexual orientation, race, creed, color, marital
21  status, familial status, mental or physical disability, religion, or national origin are inherently
22  superior or inferior to people of another age, sex, gender identity, sexual orientation, race, creed,
23  color, marital status, familial status, mental or physical disability, religion, or national origin;
24      II. That an individual, by virtue of his or her age, sex, gender identity, sexual orientation,
25  race, creed, color, marital status, familial status, mental or physical disability, religion, or national
26  origin, is inherently racist, sexist, or oppressive, whether consciously or unconsciously;
27      III. That an individual should be discriminated against or receive adverse treatment solely
28  or partly because of his or her age, sex, gender identity, sexual orientation, race, creed, color, marital
29  status, familial status, mental or physical disability, religion, or national origin; or
30      IV. That people of one age, sex, gender identity, sexual orientation, race, creed, color,
31  marital status, familial status, mental or physical disability, religion, or national origin cannot and
32  should not attempt to treat others equally and/or without regard to age, sex, gender identity, sexual
33  orientation, race, creed, color, marital status, familial status, mental or physical disability, religion,
34  or national origin.
35  354-A:33 Protection for Public Employees.  No public employee shall be subject to any adverse
36  employment action, warning, or discipline of any kind for refusing to participate in any training,
37  program, or other activity at which a public employer or government program advocates, trains,

CHAPTER 91
HB 2-FN-A-LOCAL - FINAL VERSION
- Page 147 -

1 teaches, instructs, or compels participants to express belief in, or support for, any one or more of the
2 following:
3     I. That people of one age, sex, gender identity, sexual orientation, race, creed, color, marital
4 status, familial status, mental or physical disability, religion, or national origin are inherently
5 superior or inferior to people of another age, sex, gender identity, sexual orientation, race, creed,
6 color, marital status, familial status, mental or physical disability, religion, or national origin;
7     II. That an individual, by virtue of his or her age, sex, gender identity, sexual orientation,
8 race, creed, color, marital status, familial status, mental or physical disability, religion, or national
9 origin, is inherently racist, sexist, or oppressive, whether consciously or unconsciously;
10     III. That an individual should be discriminated against or receive adverse treatment solely
11 or partly because of his or her age, sex, gender identity, sexual orientation, race, creed, color, marital
12 status, familial status, mental or physical disability, religion, or national origin; or
13     IV. That people of one age, sex, gender identity, sexual orientation, race, creed, color,
14 marital status, familial status, mental or physical disability, religion, or national origin cannot and
15 should not attempt to treat others equally and/or without regard to age, sex, gender identity, sexual
16 orientation, race, creed, color, marital status, familial status, mental or physical disability, religion,
17 or national origin.
18   354-A:34 Remedies. Any person aggrieved by an act made unlawful under this subdivision may
19 pursue all of the remedies available under RSA 354-A, RSA 491, RSA 275-E, or RSA 98-E, or any
20 other applicable common law or statutory cause of action.
21   91:298 New Section; Prohibition on Teaching Discrimination. Amend RSA 193 by inserting
22 after section 39 the following new section:
23   193:40 Prohibition on Teaching Discrimination.
24     I. No pupil in any public school in this state shall be taught, instructed, inculcated or
25 compelled to express belief in, or support for, any one or more of the following:
26       (a) That one's age, sex, gender identity, sexual orientation, race, creed, color, marital
27 status, familial status, mental or physical disability, religion or national origin is inherently superior
28 to people of another age, sex, gender identity, sexual orientation, race, creed, color, marital status,
29 familial status, mental or physical disability, religion, or national origin;
30       (b) That an individual, by virtue of his or her age, sex, gender identity, sexual
31 orientation, race, creed, color, marital status, familial status, mental or physical disability, religion,
32 or national origin, is inherently racist, sexist, or oppressive, whether consciously or unconsciously;
33       (c) That an individual should be discriminated against or receive adverse treatment
34 solely or partly because of his or her age, sex, gender identity, sexual orientation, race, creed, color,
35 marital status, familial status, mental or physical disability, religion, or national origin; or
36       (d) That people of one age, sex, gender identity, sexual orientation, race, creed, color,
37 marital status, familial status, mental or physical disability, religion, or national origin cannot and

CHAPTER 91
HB 2-FN-A-LOCAL - FINAL VERSION
- Page 148 -

1 should not attempt to treat others without regard to age, sex, gender identity, sexual orientation,
2 race, creed, color, marital status, familial status, mental or physical disability, religion, or national
3 origin.
4     II. Nothing in this section shall be construed to prohibit discussing, as part of a larger
5 course of academic instruction, the historical existence of ideas and subjects identified in this
6 section.
7     III. Any person claiming to be aggrieved by a violation of this section, including the attorney
8 general, may initiate a civil action against a school or school district in superior court for legal or
9 equitable relief, or with the New Hampshire commission for human rights as provided in RSA 354-
10 A:34.
11     IV. Violation of this section by an educator shall be considered a violation of the educator
12 code of conduct that justifies disciplinary sanction by the state board of education.
13     V. For the purposes of this section, "educator" means a professional employee of any school
14 district whose position requires certification by the state board pursuant to RSA 189:39.
15 Administrators, specialists, and teachers are included within the definition of this term.
16     91:299 Severability. If any provision of sections 297-298, or the application of any provision to
17 any person or circumstance is held to be invalid, the remainder of such sections, and their
18 application to any other persons or circumstances shall not be affected thereby.
19     91:300 Effective Date. Sections 297-299 of this act shall take effect upon passage.

