**EXHIBIT 46**

DOJ's
Interrogatory
Responses

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

```
*************************************
Local 8027, AFT-New Hampshire, et al.   *
                                        *
            Plaintiff,                  *
       v.                               *   No. 1:21-cv-01077-PB
                                        *
Frank Edelblut, Commissioner et al,     *
                                        *
            Defendants.                 *
                                        *
*************************************
```

## ATTORNEY GENERAL JOHN FORMELLA'S OBJECTIONS AND RESPONSES TO THE PLAINTIFFS' FIRST SET OF INTERROGATORIES

John Formella, in his official capacity as Attorney General of the State of New Hampshire, by and through undersigned counsel, submits the following objections and responses to the plaintiffs' first set of interrogatories.

## GENERAL OBJECTIONS

The Attorney General incorporates the following General Objections into each and every individualized response contained herein, as set forth below, and into each and every amendment, supplement or modification to the objections and answers hereafter provided to the interrogatories. The Attorney General does not waive any General Objection in response to any interrogatory.

1. The Attorney General objects to each definition, instruction, and interrogatory to the extent that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable law or rule. As such, the Attorney General's objections and responses do not constitute an adoption of plaintiffs' definitions or instructions.

2. The Attorney General objects to each definition, instruction, and interrogatory to the extent it purports to require the disclosure or production of information subject to the attorney-client privilege, the work product doctrine, the executive privilege, the legislative privilege, the deliberative process privilege, or any other privilege or is otherwise immune from disclosure under state or federal law.  Any inadvertent disclosure of information that is protected under any privilege, immunity, or legal bar shall not constitute a waiver of that privilege, immunity, or legal bar and shall not prevent the Attorney General from objecting to discovery with respect to such information or use of such information in court.

3. The Attorney General objects to each definition, instruction, and interrogatory to the extent it seeks the production of information that is irrelevant to the issues germane to this matter or is unduly broad or would subject the Attorney General's Office to unreasonable, oppressive, or undue burden or expense, or is otherwise not proportional to the needs of the case.

4. The Attorney General objects to each definition, instruction, and interrogatory insofar as it seeks to have the Attorney General identify information or documents already in the plaintiffs' possession or readily accessible to plaintiffs or that the plaintiffs may produce in this case.

5. The Attorney General objects to each definition, instruction, and interrogatory to the extent that it purports to seek information which is not within the knowledge, possession, custody, or control of the Attorney General's Office.

6. The Attorney General objects to each definition, instruction, and interrogatory to the extent it calls for speculation or conjecture, opinion, or legal conclusions.

7. The Attorney General objects to each definition, instruction, and interrogatory to the extent that it is vague or ambiguous.

8.  The Attorney General objects to each definition, instruction, and interrogatory to the extent it assumes certain legal conclusions or certain facts not established in this proceeding. The Attorney General does not admit, adopt, or acquiesce to any factual or legal contention, characterization, or implication that is contained in any definition, instruction, or interrogatory.

9.  The Attorney General objects to each definition and instruction to the extent it: (i) is unclear, ambiguous, overbroad, or unduly burdensome; (ii) is inconsistent with the ordinary, customary meaning of the words or phrases it purports to define; or (iii) purports to impose any requirement or discovery obligations beyond those set forth in the Federal Rules of Civil Procedure or pertinent case law.

10. The Attorney General reserves all objections as to the relevance or admissibility of any response provided herein and reserves the right to supplement or amend any such answer as discovery continues.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.  The Attorney General specifically objects to every definition and instruction on relevancy grounds. The Attorney General maintains that the plaintiffs' remaining claims present pure questions of law and that discovery in this case is unnecessary.

2.  The Attorney General specifically objects to every definition and instruction other than the fourth definition and instruction (defining "amendments") as overly broad, unduly burdensome, and not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery in this case. During the hearing on the motion to dismiss and the preliminary pretrial conference, the Court made clear that discovery in this case was to be narrow and targeted. The Court approved the parties' discovery plan with this understanding. The definitions and instructions reflect no attempt at narrowing or targeting discovery in the manner

contemplated by the parties and the Court.  Rather, the definitions and instructions are as broad, if not broader, than what would typically be included in a case set on a standard or complex trial schedule.  The Attorney General specifically objects to the definitions and instructions, except the fourth definition and instruction, on this basis.  In responding to these interrogatories, the Attorney General provides the information set forth in the responses based on a reasonably diligent search commensurate with the expedited, streamlined discovery plan set in this case.

## INTERROGATORIES

1. Please identify the following: (i) your name, title and professional address; and (ii) the name and address, and title and professional address, of each person consulted by you in answering these Interrogatories, specifying on which Interrogatories such person was consulted.

> **Objections:** The Attorney General objects to this interrogatory to the extent it seeks the personal address of each person consulted by the Attorney General's Office in answering these interrogatories.  Such information is irrelevant and unduly burdensome to produce in light of privacy interest in such information.
>
> The Attorney General further objects on the basis that part (i) of this interrogatory is ambiguous.  Plaintiffs have specifically defined the word "your" to include a vast number of individuals not limited to the present Attorney General John Formella.  As such, it is unclear whether plaintiffs intend the term "your" to mean the Attorney General's Office generally, Attorney General John Formella specifically, or something else.  In responding to this interrogatory, the Attorney General interprets the term "your" as used in part (i) to mean the Attorney General's Office, generally.
>
> Subject to and without waiving any of the foregoing general or specific objections, the Attorney General answers this interrogatory as follows.
>
> **Response:**   (i) New Hampshire Department of Justice
>     Office of the Attorney General
>     33 Capitol Street
>     Concord, NH 03301
>
>    (ii) Sean R. Locke
>     Assistant Attorney General
>     33 Capitol Street
>     Concord, NH 03301
>     Consulted on Interrogatory Nos. 1–9

- 4 -

>Jill A. Perlow
>Associate Attorney General
>33 Capitol Street
>Concord, NH 03301
>Consulted on Interrogatory Nos. 1–9
>
>Nathan W. Kenison-Marvin
>Assistant Attorney General
>33 Capitol Street
>Concord, NH 03301
>Consulted on Interrogatory Nos. 1–9

2. Please describe any policies, protocols, procedures, or standards that exist or have existed concerning the enforcement of the amendments, stating when and to whom promulgated or copied and how you have interpreted the amendments' terms.

>**Objections:** The Attorney General objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege.
>
>The Attorney General further objects to this interrogatory on relevancy grounds, as the remaining claims in this case present pure legal questions and this discovery is therefore unnecessary.
>
>The Attorney General further objects to this interrogatory to the extent it asks the Attorney General to "interpret the amendments' terms," as "[t]he interpretation of a statute is a question of law," *Appeal of Cole*, 171 N.H. 403, 408 (2018), and questions of law are beyond the scope of a proper interrogatory, *see Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018).
>
>The Attorney General further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.
>
>Subject to and without waiving any of the foregoing general or specific objections, the Attorney General answers this interrogatory as follows.
>
>**Response:** On July 21, 2021, the New Hampshire Department of Justice, the New Hampshire Department of Education ("NHED"), and the New Hampshire Commission for Human Rights ("HRC") issued guidance documents in the form of Frequently Asked Questions ("FAQs"). One set of FAQs was for public employees and government programs and the other was for public schools. Links to the FAQs are available on the

- 5 -

DOJ's website at https://www.doj.nh.gov/news/2021/20210721-anti-discrimination-laws.htm, and NHED's website at https://www.education.nh.gov/who-we-are/deputy-commissioner/office-of-governance/right-to-freedom-from-discrimination.

On September 7, 2021, the New Hampshire Department of Justice issued Attorney General Opinion No. 2021-01.  Attorney General Opinion No. 2021-01 is "an official Attorney General Opinion concerning the scope and application of the recently passed Sections 297 and 298 of House Bill 2 [ ], to be codified at RSA 354-A:29, RSA 354-A:30, RSA 354-A:31, RSA 354-A:32, RSA 354-A:33, RSA 354-A:34; and RSA 193:40."  A link to Attorney General Opinion No. 2021-01 is available on the DOJ's website at https://www.doj.nh.gov/public-documents/opinions.htm.

3.     Please identify all memorandum or other written materials explaining the Department of Justice's procedure for evaluating and responding to complaints filed pursuant to the amendments, stating when and to whom promulgated or delivered.

**Objections:** The Attorney General objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege.

The Attorney General further objects to this interrogatory on relevancy grounds, as the remaining claims in this case present pure legal questions and this discovery is therefore unnecessary.

The Attorney General further objects to this interrogatory to the extent it asks the Attorney General to "interpret the amendments' terms," as "[t]he interpretation of a statute is a question of law," *Appeal of Cole*, 171 N.H. 403, 408 (2018), and questions of law are beyond the scope of a proper interrogatory, *see Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018).

The Attorney General further objects to this interrogatory because the phrase "all . . . other written materials" is not defined and unclear.  For purposes of responding to this interrogatory, consistent with the streamlined, expedited discovery plan the parties agreed to in this case, the Commissioner interprets the phrase "other written materials" to refer to formal documents such as policies, procedures, protocols, standards, training documents, or written information on DOJ's website.

The Attorney General further objects to this interrogatory because the phrase "complaints filed pursuant to the amendments" is not reasonably clear.  Specifically, it is unclear whether this is intended to refer to complaints filed with a government entity other than DOJ, complaints filed with DOJ, or complaints filed with either a government entity other than DOJ or with DOJ.  In answering this interrogatory, the Attorney General interprets this phrase to mean complaints filed with the DOJ and not with any other government entity.

The Attorney General further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

Subject to and without waiving any of the foregoing general or specific objections, the Attorney General answers this interrogatory as follows.

**Response:** There is no memorandum or other written material that explains a procedure specific to evaluating and responding to complaints filed pursuant to the amendments specifically. Since January 2021, the DOJ Civil Rights Unit has had internal written "Procedures and Protocols" related to evaluating and responding to all complaints that it receives.

4. Please describe the training provided to any employees concerning how to implement the amendments, identifying by name, position and duties of each such employee, when, where and how such training was conducted and by whom.

**Objections:** The Attorney General objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege.

The Attorney General further objects to this interrogatory on relevancy grounds, as the remaining claims in this case present pure legal questions and this discovery is therefore unnecessary.

The Attorney General further objects to this interrogatory because the term "training" is not defined and vague. The Attorney General interprets accordingly interprets this term in accordance with its plain and ordinary meaning, as understood by the Attorney General.

The Attorney General further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

Subject to and without waiving any of the foregoing general or specific objections, the Attorney General answers this interrogatory as follows.

**Response:** The Department of Justice did not provide training to any employees concerning how to implement the amendments.

5.      Please describe the "order of operations" of how the amendments are enforced as referenced on pages 33-35 of Defendants' March 25, 2022 motion to dismiss—including the contention that "[i]t is only after a finding of discrimination becomes final that the Department of Education may begin the process of bringing a claim before the Board of Education to determine whether discipline against the licensed educator is warranted"—and how this process has been formalized by your office.

> **Objections:** The Attorney General objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege.
>
> The Attorney General further objects to this interrogatory on relevancy grounds, as the remaining claims in this case present pure legal questions and this discovery is therefore unnecessary.
>
> The Attorney General further objects to this interrogatory to the extent it seeks a legal opinion beyond the scope of a proper interrogatory. *See Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018).
>
> Subject to and without waiving any of the foregoing general or specific objections, the Attorney General answers this interrogatory as follows.
>
> **Response:** The description of the "order of operations" on pages 33–35 of Defendants' March 25, 2022 motion to dismiss speaks for itself. With respect to the statement therein that "[i]t is only after a finding of discrimination becomes final that the Department of Education may begin the process of bringing a claim before the Board of Education to determine whether discipline against the licensed education is warranted," this statement is based on the plain and ordinary meaning of the language of RSA 193:40, as interpreted in the context of the overall statutory scheme within which it exists.

6.      Please describe all complaints (either written or oral) received or concerns raised to and/or by your office alleging a possible violation of the amendments. This request includes a description of: (i) the complainant; (ii) the date and content of, or basis for, the complaint or concern, and identify each item of written matter made, received or exchanged in connection therewith (including the use, retention, or teaching of any books or course materials); (iii) the date your office received the complaint or concern; (vi) who the complaint or concern was delivered to within your office; (v) any response from your office; (vi) if and how the complaint or concern was investigated, by whom and utilizing what means or measures, including but not limited to any other agencies consulted or notified or school officials notified of the complaint; (vii) how the complaint or concern was resolved, and (viii) the school district and educator implicated, if any. "Complaints" as defined herein are not limited to those that have led to a

- 8 -

notice of a public adjudicative hearing issued by the New Hampshire Commission for Human Rights.

**Objections:** The Attorney General objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. In responding to this interrogatory, the Attorney General interprets the phrase "complaints (either written or oral) received or concerns raised to and/or by your office" to not include attorney-client privileged communications between the DOJ and any governmental agency to which DOJ has provided legal counsel to the agency with respect to any such "complaint" or "concern" received by that agency.

The Attorney General further objects to this interrogatory on relevancy grounds, as the remaining claims in this case present pure legal questions and this discovery is therefore unnecessary.

The Attorney General further objects to the definition of "complaints" set forth in this interrogatory, as it does not comport with any relevant legal definition.  Likewise, the undefined phrase "concerns raised" is ambiguous and unduly broad.

The Attorney General further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

Subject to and without waiving any of the foregoing general or specific objections, the Attorney General answers this interrogatory as follows.

**Response:** The Attorney General has not received any complaints alleging a possible violation of the amendments, nor has the Attorney General received or raised any concerns alleging a possible violation of the amendments.

7. Please characterize and set forth your best present recollection of any conversations with which you have been involved concerning or relating to how to interpret the amendments, including but not limited to: (i) questions that have been brought to your attention about the scope of applicability of the amendments; (ii) discussions within your agency about the meaning of the amendments; (iii) conversations between agencies about how to interpret the amendments; and (iv) discussions that led to the production of guidance documents about the meaning and scope of the amendments. Please identify each person (other than your counsel) consulted by you in connection with any aspect of the foregoing and your best present recollection of the approximate date and circumstances of each such consultation and the matters then discussed.

**Objections:** The Attorney General objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege.

The Attorney General further objects to this interrogatory on relevancy grounds, as the remaining claims in this case present pure legal questions and this discovery is therefore unnecessary.

The Attorney General further objects to this interrogatory because the word "conversations" is not defined and is vague and overbroad.

The Attorney General further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

Subject to and without waiving any of the foregoing general or specific objections, the Attorney General answers this interrogatory as follows.

**Response:** To the extent the word "conversations," as used in this interrogatory, refers to written communications, review of such communications remains ongoing in response to plaintiffs' document requests and the Attorney General will seasonably produce any responsive, non-privileged written communications that are identified during such review, subject to the above objections and the stipulated limits of the review for such written communications.

8. Please identify each and every extra-curricular or school-based activity that (i) you and (ii) your agency believes is covered by the July 21, 2021 FAQ 8 issued by the Department of Education, New Hampshire Commission of Human Rights, and Department of Justice concerning the applicability of the amendments to extra-curricular activities.

**Objections:** The Attorney General objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege.

The Attorney General further objects to this interrogatory on relevancy grounds, as the remaining claims in this case present pure legal questions and this discovery is therefore unnecessary.

The Attorney General further objects to this interrogatory to the extent it requests information about what any individual, apart from an agency, personally "believes."

The Attorney General further objects to this interrogatory to the extent it can be read to imply that any defendant has the burden of proof on any of the remaining claims in this case.

The Attorney General further objects to this interrogatory to the extent it asks the Attorney General to interpret the scope of the amendments, as "[t]he interpretation of a statue is a question of law," *Appeal of Cole*, 171 N.H. 403, 408 (2018), and questions of law are beyond the scope of a proper interrogatory, *see Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018).

The Attorney General further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

The Attorney General further objects to this interrogatory on the basis that it asks the Attorney General to express the Attorney General's legal position on unstated hypotheticals rather than on facts. *See Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989).

Subject to and without waiving any of the foregoing general or specific objections, the Attorney General answers this interrogatory as follows.

**Response:** As stated in the FAQs, the amendments apply to all activities carried out by public schools in their role as public schools, including extra-curricular activities that are part of the public school's work. The amendments do not apply to activities that may occur on a public school's property and do not prohibit public schools or school districts from making physical space available to third parties for events or activities, including voluntary after-school programs that are administered by third-party organizations.

9. Please identify each item of written matter made, received or exchanged in connection with any aspect of items 2 through 8, inclusive, of the foregoing and your responses thereto.

**Objections:** The Attorney General objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege.

The Attorney General further objects to this interrogatory on relevancy grounds, as the remaining claims in this case present pure legal questions and this discovery is therefore unnecessary.

The Attorney General further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan. Moreover, this interrogatory is unduly burdensome in that it seeks information duplicative of plaintiffs' requests for documents.

Subject to and without waiving any of the foregoing general or specific objections, the Attorney General answers this interrogatory as follows.

**Response:** The Attorney General will produce any responsive, non-privileged documents that have been identified through a reasonably diligent search commensurate with expedited, streamlined discovery plan entered in this case in conjunction with the defendants' responses to the plaintiffs' first requests for production of documents, subject to the objections asserted by the defendants with respect to those requests for production and to any stipulated limits as to the scope of the search for documents responsive to plaintiffs' document requests.

Respectfully submitted,

JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General,

By and through,

Dated: May 12, 2023

/s/ *Nathan W. Kenison-Marvin*
Nathan W. Kenison-Marvin, Bar #270162
Assistant Attorney General
Civil Bureau
N.H. Department of Justice
(603) 271-3650
nathan.w.kenison-marvin@doj.nh.gov

## VERIFICATION

I, Sean R. Locke, am commissioned as Assistant Attorney General for the State of New Hampshire. The factual matters stated in the foregoing responses are made in my official capacity as an Assistant Attorney General, and they are not necessarily within my personal knowledge or within the personal knowledge of any single individual. Based on the reasonable of inquiry of staff within the New Hampshire Department of Justice, I am informed and believe, and based on such information and belief hereby verify, under penalty of perjury, that the factual statements in the foregoing interrogatory responses are true and correct to the best of my knowledge, information, and belief.

/s/ Sean R. Locke
Sean R. Locke
Assistant Attorney General
New Hampshire Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was provided to Plaintiffs' counsel via email on May 12, 2023.

/s/ *Nathan W. Kenison-Marvin*
Nathan W. Kenison-Marvin