# EXHIBIT 47

HRC's
Interrogatory
Responses

(Depo. Ex.
58)

EXHIBIT 58
WIT: _Malachi_
DATE: 5-24-23
Cynthia Foster, RPR, LCR #14

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Local 8027, AFT-New Hampshire, et al. | \* |
| | \* |
| Plaintiff, | \* |
| v. | \* No. 1:21-cv-01077-PB |
| | \* |
| Frank Edelblut, Commissioner et al, | \* |
| | \* |
| Defendants. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CHRISTIAN KIM AND AHNI MALACHI'S OBJECTIONS AND RESPONSES TO THE PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants, Christian Kim and Ahni Malachi (the "HRC Defendants"), by and through counsel, submit the following objections and responses to the plaintiffs' first set of interrogatories.

### General Objections

The HRC Defendants incorporate the following general objections into each and every individualized response contained herein, as set forth below, and into each and every amendment, supplement or modification to the objections and answers hereafter provided to the interrogatories. The HRC Defendants do not waive any general objection in response to any interrogatory.

1.     The HRC Defendants object to each definition, instruction, and interrogatory to the extent that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or any other applicable law or rule. As such, the HRC Defendants' objections and responses do not constitute an adoption of plaintiffs' definitions or instructions.

2.      The HRC Defendants object to each definition, instruction, and interrogatory to the extent it purports to require the disclosure or production of information subject to the attorney-client privilege, the work product doctrine, the executive privilege, the legislative privilege, the deliberative process privilege, or any other privilege or is otherwise immune from disclosure under state or federal law. Any inadvertent disclosure of information that is protected under any privilege, immunity, or legal bar shall not constitute a waiver of that privilege, immunity, or legal bar and shall not prevent the HRC Defendants from objecting to discovery with respect to such information or use of such information in court.

3.      The HRC Defendants object to each definition, instruction, and interrogatory to the extent it seeks the production of information that is irrelevant to the issues germane to this matter or is unduly broad or would subject the HRC Defendants' office to unreasonable, oppressive, or undue burden or expense, or is otherwise not proportional to the needs of the case.

4.      The HRC Defendants object to each definition, instruction, and interrogatory insofar as it seeks to have the HRC Defendants identify information or documents already in the plaintiffs' possession or readily accessible to the plaintiffs or that the plaintiffs may produce in this case.

5.      The HRC Defendants object to each definition, instruction, and interrogatory to the extent that it purports to seek information which is not within the knowledge, possession, custody, or control of the HRC Defendants.

6.      The HRC Defendants object to each definition, instruction, and interrogatory to the extent it calls for speculation or conjecture, opinion, or legal conclusions.

7.      The HRC Defendants object to each definition, instruction, and interrogatory to the extent that it is vague or ambiguous.

- 2 -

8. The HRC Defendants object to each definition, instruction, and interrogatory to the extent it assumes certain legal conclusions or certain facts not established in this proceeding. The HRC Defendants do not admit, adopt, or acquiesce to any factual or legal contention, characterization, or implication that is contained in any definition, instruction, or interrogatory.

9. The HRC Defendants object to each definition and instruction to the extent it: (i) is unclear, ambiguous, overbroad, or unduly burdensome; (ii) is inconsistent with the ordinary, customary meaning of the words or phrases it purports to define; or (iii) purports to impose any requirement or discovery obligations beyond those set forth in the Federal Rules of Civil Procedure or pertinent case law.

10. The HRC Defendants reserve all objections as to the relevance or admissibility of any response provided herein and reserves the right to supplement or amend any such answer as discovery continues.

**Specific Objections to Instructions and Definitions**

1. The HRC Defendants specifically object to every definition and instruction on relevancy grounds. The HRC Defendants maintain that the plaintiffs' remaining claims present pure questions of law and that discovery in this case is unnecessary.

2.      The HRC Defendants specifically object to every definition and instruction other than the fourth definition and instruction (defining "amendments") as overly broad, unduly burdensome, and not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery in this case. During the hearing on the motion to dismiss and the preliminary pretrial conference, the Court made clear that discovery in this case was to be narrow and targeted. The district court approved the parties' discovery plan with this understanding. The definitions and instructions reflect no attempt at narrowing or targeting discovery in the manner contemplated by the parties and the Court. Rather, the definitions and instructions are as broad, if not broader, than what would typically be included in a case set on a standard or complex trial schedule. The HRC Defendants specifically object to the definitions and instructions, except the fourth definition and instruction, on this basis. In responding to these interrogatories, the HRC Defendants provide the information set forth in the responses based on a reasonably diligent search commensurate with the expedited, streamlined discovery plan set in this case.

### Interrogatories

1.      Please identify the following: (i) your name, title and professional address; and (ii)the name and address, and title and professional address, of each person consulted by you in answering these Interrogatories, specifying on which Interrogatories such person was consulted.

> **Response:**    Ahni Malachi, Executive Director
> Sarah Burke Cohen, Assistant Director
> New Hamsphire Commission for Human Rights
> 2 Industrial Park, Building 1
> Concord, NH 03301

2.      Please describe any policies, protocols, procedures, or standards that exist or have existed concerning the enforcement of the amendments, stating when and to whom promulgated or copied and how you have interpreted the amendments' terms.

- 4 -

**Objections:** The HRC Defendants object to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The HRC Defendants further object to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The HRC Defendants further object to this interrogatory to the extent it asks them to "interpret the amendments' terms," as "[t]he interpretation of a statue is a question of law," *Appeal of Cole,* 171 N.H. 403, 408 (2018), and questions of law are beyond the scope of a proper interrogatory, *see Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018). The HRC Defendants further object to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** Notwithstanding the above objections, and without waiving them, the HRC Defendants respond to this interrogatory as follows.

The Attorney General issued an opinion relative to the amendments that included interpretation of the amendments. This opinion was posted on the HRC website and the New Hampshire Department of Justice ("DOJ") website. In addition, the HRC, DOJ, and New Hampshire Department of Education ("NHED") published Frequently Asked Questions ("FAQs") on the amendments, which were also published on each agency's website.

- 5 -

Complaints received by the HRC under the amendments are docketed and processed the same way as all other cases. The cases are processed in accordance with N.H. Rev. Stat. Ann. § 354-A and the HRC's administrative rules, both of which are available on the HRC's website.

3.    Please identify all memorandum or other written materials explaining the Commission for Human Rights' procedure for evaluating and responding to complaints filed pursuant to the amendments, stating when and to whom promulgated or delivered.

**Objections:** The HRC Defendants object to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The HRC Defendants further object to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The HRC Defendants further object to this interrogatory to the extent it asks them to "interpret the amendments' terms," as "[t]he interpretation of a statue is a question of law," *Appeal of Cole*, 171 N.H. 403, 408 (2018), and questions of law are beyond the scope of a proper interrogatory, *see Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018). The HRC Defendants further object to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** See response to Interrogatory 2.

4.      Please describe the training provided to any employees concerning how to implement the amendments, identifying by name, position and duties of each such employee, when, where and how such training was conducted and by whom.

**Objections:** The HRC Defendants object to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The HRC Defendants further object to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The HRC Defendants further object to this interrogatory to the extent it asks a question of law beyond the scope of a proper interrogatory, *see Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018). The HRC Defendants further object to this interrogatory because the term "training" is not defined and vague. The HRC Defendants further object to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** Notwithstanding the above objections, and without waiving them, the HRC Defendants respond to this interrogatory as follows.

Complaints received under the amendments are processed in the same manner as all HRC cases. No additional training was required on this process. HRC staff did receive copies of the FAQs and Attorney General Opinion. Those documents were discussed during a staff meeting at some point after the Attorney General Opinion issued. The HRC Defendants have not been able

- 7 -

to determine the precise date of that meeting or who specifically was in attendance. HRC staff were not instructed to process complaints received under the amendments in a manner different from how all other complaints are processed.

     5.     Please describe the "order of operations" of how the amendments are enforced as referenced on pages 33-35 of Defendants' March 25, 2022 motion to dismiss—including the contention that "[i]t is only after a finding of discrimination becomes final that the Department of Education may begin the process of bringing a claim before the Board of Education to determine whether discipline against the licensed educator is warranted"—and how this process has been formalized by your office.

**Objections:** The HRC Defendants object to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The HRC Defendants further object to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The HRC Defendants further object to this interrogatory to the extent it seeks a legal opinion beyond the scope of a proper interrogatory. *See Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018).

**Response:** Notwithstanding the above objections, and without waiving them, the HRC Defendants respond to this interrogatory as follows.

     Complaints received under the amendments are processed in the same manner as all HRC cases. The "order of operations" referenced in this interrogatory does not affect how the HRC

processes complaints. At the time of this response, no complaint brought under the amendments has been fully adjudicated by the HRC.

6.      Please describe all complaints (either written or oral) received or concerns raised to and/or by your office alleging a possible violation of the amendments. This request includes a description of: (i) the complainant; (ii) the date and content of, or basis for, the complaint or concern, and identify each item of written matter made, received or exchanged in connection therewith (including the use, retention, or teaching of any books or course materials); (iii) the date your office received the complaint or concern; (vi) who the complaint or concern was delivered to within your office; (v) any response from your office; (vi) if and how the complaint or concern was investigated, by whom and utilizing what means or measures, including but not limited to any other agencies consulted or notified or school officials notified of the complaint; (vii) how the complaint or concern was resolved, and (viii) the school district and educator implicated, if any. "Complaints" as defined herein are not limited to those that have led to a notice of a public adjudicative hearing issued by the New Hampshire Commission for Human Rights.

**Objections:** The HRC Defendants object to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The HRC Defendants further object to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The HRC Defendants further object to this interrogatory to the extent it seeks information that is protected under N.H. Administrative Rule Hum 219.04, which provides that "[n]o information regarding complaints filed, investigation of complaints,

pre-determination settlement negotiations, or conciliation negotiations shall be disclosed to the public by any commissioner or staff member prior to the issuance of a notice of public hearing after a finding of probable cause." The HRC Defendants further object to the definition of "complaints" set forth in this interrogatory, as it does not comport with the legal definition under N.H. Rev. Stat. Ann. Ch. 354-A or the HRC's administrative rules. The HRC Defendants further object to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** Notwithstanding the above objections, and without waiving them, the HRC Defendants respond to this interrogatory as follows.

The HRC Defendants can confirm that the HRC has docketed one complaint made under the amendments. The HRC has received additional inquiries purportedly related to the amendments that the HRC determined were either fraudulent on their face or otherwise did not fall within HRC jurisdiction. In light of the above objections, and particularly the confidentiality protections set forth in N.H. Administrative Rule Hum 219.04, the HRC Defendants cannot provide the information sought in this interrogatory with respect to the complaint or inquiries.

7.       Please characterize and set forth your best present recollection of any conversations with which you have been involved concerning or relating to how to interpret the amendments, including but not limited to: (i) questions that have been brought to your intention about the scope of applicability of the amendments; (ii) discussions within your agency about the meaning of the amendments; (iii) conversations between agencies about how to interpret the amendments; and (iv) discussions that led to the production of guidance documents about the

meaning and scope of the amendments. Please identify each person (other than your counsel) consulted by you in connection with any aspect of the foregoing and your best present recollection of the approximate date and circumstances of each such consultation and the matters then discussed.

**Objections:** The HRC Defendants object to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The HRC Defendants further object to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The HRC Defendants further object to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** Notwithstanding the above objections, and without waiving them, the HRC Defendants respond to this interrogatory as follows.

The HRC Defendants had conversations with respect to the amendments that are subject to the attorney-client privilege. The HRC Defendants decline to identify those conversations. The Chair of the HRC also requested an opinion from the Attorney General with respect to the amendments. After the Attorney General Opinion issued, it was discussed during the HRC staff meeting identified in the response to Interrogatory 4 above. The Director of the HRC also emailed the Intake Questionnaire used by HRC to Diana Krol at NHED. A copy of this email and the Intake Questionnaire will be provided in discovery. It is possible that members of the HRC

- 11 -

staff had other conversations with respect to the amendments that the HRC Defendants are unaware of and have not been able to identify. To the extent the HRC Defendants identify any additional non-privileged conversations that are responsive to this interrogatory, they will supplement their response in accordance with the rules.

      8.     Please identify each and every extra-curricular or school-based activity that (i) you and (ii) your agency believes is covered by the July 21, 2021 FAQ 8 issued by the Department of Education, New Hampshire Commission of Human Rights, and Department of Justice concerning the applicability of the amendments to extra-curricular activities.

      **Objections:** The HRC Defendants object to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The HRC Defendants further object to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The HRC Defendants further object to this interrogatory to the extent it can be read to imply that any defendant has the burden of proof on any of the remaining claims in this case. The HRC Defendants further object to this interrogatory to the extent it asks them to interpret the scope of the amendments, as "[t]he interpretation of a statue is a question of law," *Appeal of Cole*, 171 N.H. 403, 408 (2018), and questions of law are beyond the scope of a proper interrogatory, *see Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018). The HRC Defendants further object to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed

- 12 -

discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** Notwithstanding the above objections, and without waiving them, the HRC Defendants respond to this interrogatory as follows.

As stated in the FAQs, the amendments apply to all activities carried out by public schools in their role as public schools, including extra-curricular activities that are part of the public school's work. The amendments do not apply to activities that may occur on a public school's property and do not prohibit public schools or school districts from making physical space available to third parties for events or activities, including voluntary after-school programs that are administered by third-party organizations.

9.    Please identify each item of written matter made, received or exchanged in connection with any aspect of items 2 through 8, inclusive, of the foregoing and your responses thereto.

**Objections:** The HRC Defendants object to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The HRC Defendants further object to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The HRC Defendants further object to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

- 13 -

**Response:** Notwithstanding the above objections, and without waiving them, the HRC Defendants respond to this interrogatory as follows.

The HRC Defendants will produce any responsive, non-privileged documents that have been identified through a reasonably diligent search commensurate with expedited, streamlined discovery plan entered in this case in conjunction with the defendants' responses to the plaintiffs' first requests for production of documents.

## **VERIFICATION**

I, Ahni Malachi, am Executive Director of the New Hamsphire Commission for Human Rights. The factual matters stated in the foregoing responses are made in my official capacity as Executive Director, and they are not necessarily within my personal knowledge or within the personal knowledge of any single individual. Based on the reasonable of inquiry of staff within the New Hamsphire Commission for Human Rights, I am informed and believe, and based on such information and belief hereby verify, under penalty of perjury, that the factual statements in the foregoing interrogatory responses are true and correct to the best of my knowledge, information, and belief.

/s/ Ahni Malachi
Ahni Malachi
Executive Director
N.H. Commission for Human Rights

- 15 -

Respectfully submitted,

Frank Edelblut, Commissioner of the Department of
Education; John Formella, New Hampshire
Attorney General; Christian Kim, Chair of the New
Hamsphire Commission for Human Rights, Ahni
Malchi, Executive Director of the New Hamsphire
Commission for Human Rights; Ken Merrifield
Commissioner of the Department of Labor

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: March 24, 2023

/s/ *Samuel Garland*
Samuel R.V. Garland, Bar #266273
Senior Assistant Attorney General
Civil Bureau
N.H. Department of Justice
(603) 271-3650
samuel.rv.garland@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was provided to Plaintiffs' counsel via email.

/s/ *Samuel Garland*
Samuel R.V. Garland

- 16 -