**EXHIBIT 48**

HRC's
Interrogatory
Responses

(Depo. Ex.
57)

EXHIBIT 57
WIT: Malachi
DATE: 5-24-23
Cynthia Foster, RPR, LCR #14

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Local 8027, AFT-New Hampshire, et al.   \*

                                    \*

          Plaintiff,                \*

    v.                             \*     No. 1:21-cv-01077-PB

                                    \*

Frank Edelblut, Commissioner et al,    \*

                                    \*

          Defendants.             \*

                                    \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMMISSIONER FRANK EDELBLUT'S OBJECTIONS AND RESPONSES TO THE PLAINTIFFS' FIRST SET OF INTERROGATORIES

Frank Edelblut, in his official capacity as Commissioner of the New Hampshire

Department of Education ("the Commissioner"), by and through counsel, submits the following

objections and responses to the plaintiffs' first set of interrogatories.

### General Objections

The Commissioner incorporates the following general objections into each and every

individualized response contained herein, as set forth below, and into each and every

amendment, supplement or modification to the objections and answers hereafter provided to the

interrogatories. The Commissioner does not waive any general objection in response to any

interrogatory.

    1.     The Commissioner objects to each definition, instruction, and interrogatory to the

extent that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil

Procedure or any other applicable law or rule. As such, the Commissioner's objections and

responses do not constitute an adoption of plaintiffs' definitions or instructions.

2.     The Commissioner objects to each definition, instruction, and interrogatory to the extent it purports to require the disclosure or production of information subject to the attorney-client privilege, the work product doctrine, the executive privilege, the legislative privilege, the deliberative process privilege, or any other privilege or is otherwise immune from disclosure under state or federal law. Any inadvertent disclosure of information that is protected under any privilege, immunity, or legal bar shall not constitute a waiver of that privilege, immunity, or legal bar and shall not prevent the Commissioner from objecting to discovery with respect to such information or use of such information in court.

3.     The Commissioner objects to each definition, instruction, and interrogatory to the extent it seeks the production of information that is irrelevant to the issues germane to this matter or is unduly broad or would subject the Commissioner's office to unreasonable, oppressive, or undue burden or expense, or is otherwise not proportional to the needs of the case.

4.     The Commissioner objects to each definition, instruction, and interrogatory insofar as it seeks to have the Commissioner identify information or documents already in the plaintiffs' possession or readily accessible to the plaintiffs or that the plaintiffs may produce in this case.

5.     The Commissioner objects to each definition, instruction, and interrogatory to the extent that it purports to seek information which is not within the knowledge, possession, custody, or control of the Commissioner.

6.     The Commissioner objects to each definition, instruction, and interrogatory to the extent it calls for speculation or conjecture, opinion, or legal conclusions.

7.     The Commissioner objects to each definition, instruction, and interrogatory to the extent that it is vague or ambiguous.

8.     The Commissioner objects to each definition, instruction, and interrogatory to the extent it assumes certain legal conclusions or certain facts not established in this proceeding. The Commissioner does not admit, adopt, or acquiesce to any factual or legal contention, characterization, or implication that is contained in any definition, instruction, or interrogatory.

9.     The Commissioner objects to each definition and instruction to the extent it: (i) is unclear, ambiguous, overbroad, or unduly burdensome; (ii) is inconsistent with the ordinary, customary meaning of the words or phrases it purports to define; or (iii) purports to impose any requirement or discovery obligations beyond those set forth in the Federal Rules of Civil Procedure or pertinent case law.

10.    The Commissioner reserves all objections as to the relevance or admissibility of any response provided herein and reserves the right to supplement or amend any such answer as discovery continues.

### Specific Objections to Instructions and Definitions

1.     The Commissioner specifically objects to every definition and instruction on relevancy grounds. The Commissioner maintains that the plaintiffs' remaining claims present pure questions of law and that discovery in this case is unnecessary.

2.     The Commissioner specifically objects to every definition and instruction other than the fourth definition and instruction (defining "amendments") as overly broad, unduly burdensome, and not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery in this case. During the hearing on the motion to dismiss and the preliminary pretrial conference, the Court made clear that discovery in this case was to be narrow and targeted. The Court approved the parties' discovery plan with this understanding. The definitions and instructions reflect no attempt at narrowing or targeting discovery in the manner contemplated by the parties and the Court. Rather, the definitions and instructions are as broad, if not broader, than what would typically be included in a case set on a standard or complex trial schedule. The Commissioner specifically objects to the definitions and instructions, except the fourth definition and instruction, on this basis. In responding to these interrogatories, the Commissioner provides the information set forth in the responses based on a reasonably diligent search commensurate with the expedited, streamlined discovery plan set in this case.

### Interrogatories

1.     Please identify the following: (i) your name, title and professional address; and (ii) the name and address, and title and professional address, of each person consulted by you in answering these Interrogatories, specifying on which Interrogatories such person was consulted.

**Response:**     (i)     Frank Edelblut
                         Commissioner of the New Hampshire Department of Education
                         N.H. Department of Education
                         25 Hall Street
                         Concord, NH 03301

                         Diana E. Fenton, Esq.
                         Chief, Governance Unit
                         New Hampshire Department of Education
                         Office of the Commissioner
                         25 Hall Street
                         Concord, NH 03301

- 4 -

Christopher G. Bond, Esq.[1]
Legal Counsel
New Hampshire Department of Education
25 Hall Street
Concord, NH 03301

(ii) The above individuals were consulted on the responses to all interrogatories.

2.      Please describe any policies, protocols, procedures, or standards that exist or have

existed concerning the enforcement of the amendments, stating when and to whom promulgated

or copied and how you have interpreted the amendments' terms.

**Objections:** The Commissioner objects to this interrogatory to the extent it seeks

information that is subject to any applicable privilege, including but not limited to the attorney-

client privilege, the work-product doctrine, the executive privilege, and the deliberative process

privilege. The Commissioner further objects to this interrogatory on relevancy grounds, as all

defendants maintain that the remaining claims in this case present pure legal questions and that

discovery is therefore unnecessary. The Commissioner further objects to this interrogatory to the

extent it asks him to "interpret the amendments' terms," as "[t]he interpretation of a statue is a

question of law," *Appeal of Cole*, 171 N.H. 403, 408 (2018), and questions of law are beyond the

scope of a proper interrogatory, *see Martin v. Evans*, Civil Action No. 16-cv-11362-PBS, 2018

U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018). The Commissioner further objects to

this interrogatory as not proportional to the needs of the case. The parties have agreed to

expedited, streamlined discovery, and the district court accepted the parties' proposed discovery

plan based on that agreement. This interrogatory seeks information beyond the scope of the

expedited, streamlined discovery contemplated by the discovery plan.

---

[1] Attorney Bond was Legal Counsel for the Department of Education until May 2022. He is now a Senior Assistant Attorney General at the New Hampshire Department of Justice, where he serves as Chief of the Client Counseling Unit within the Civil Bureau.

**Response:** Notwithstanding the above objections, and without waiving them, the Commissioner responds to this interrogatory as follows.

On July 21, 2021, the New Hamsphire Department of Education ("NHED"), the New Hampshire Commission for Human Rights ("HRC"), and the New Hampshire Department of Justice ("DOJ") issued joint guidance documents in the form of Frequently Asked Questions ("FAQs"). One set of FAQs was for public employees and government programs and the other was for public schools. Links to the FAQs are available on the DOJ's website at https://www.doj.nh.gov/news/2021/20210721-anti-discrimination-laws.htm, and NHED's website at https://www.education.nh.gov/who-we-are/deputy-commissioner/office-of-governance/right-to-freedom-from-discrimination. NHED worked with DOJ and HRC in developing these guidance documents.

The Commissioner is aware that the DOJ also issued an Attorney General Opinion in relation to the amendments. A copy of that opinion is available on the DOJ's website at https://www.doj.nh.gov/public-documents/documents/opinion-2021-01-hb2-anti-discrimination.pdf. NHED did not play a role in developing that opinion.

NHED also added a page to its website in relation to the amendments. That website is available at https://www.education.nh.gov/who-we-are/deputy-commissioner/office-of-governance/right-to-freedom-from-discrimination.

It is the DOJ's legal interpretation that complaints related to violations of the amendments be filed in the first instance with the HRC under N.H. Rev. Stat. Ann. ch. 354-A and that NHED can initiate an investigation and disciplinary proceeding against an educator following a finding of discrimination by the HRC.

- 6 -

3.     Please identify all memorandum or other written materials explaining the Department of Education's procedure for evaluating and responding to complaints filed pursuant to the amendments, stating when and to whom promulgated or delivered.

**Objections:** The Commissioner objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The Commissioner further objects to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The Commissioner further objects to this interrogatory to the extent it asks him to "interpret the amendments' terms," as "[t]he interpretation of a statue is a question of law," *Appeal of Cole*, 171 N.H. 403, 408 (2018), and questions of law are beyond the scope of a proper interrogatory, *see Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018). The Commissioner further objects to this interrogatory because the phrase "all . . . other written materials" is not defined and unclear. The Commissioner further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** Notwithstanding the above objections, and without waiving them, the Commissioner responds to this interrogatory as follows.

For the purposes of this response, consistent with the streamlined, expedited discovery plan the parties agreed to in this case, the Commissioner interprets the phrase "other written

- 7 -

materials" to refer to formal documents such as policies, procedures, protocols, standards, training documents, or written information on NHED's website. In addition to the documents previously identified in response to Interrogatory 1, NHED referenced the DOJ's legal interpretation that complaints related to violations of the amendments be filed in the first instance with the HRC under N.H. Rev. Stat. Ann. ch. 354-A and that NHED can initiate an investigation and disciplinary proceeding against an educator following a finding of discrimination by the HRC in a PowerPoint presentation used during trainings related to the Educator Code of Conduct. A copy of that PowerPoint presentation will be provided to the plaintiffs in discovery. NHED also added a page to its website in relation to the amendments. That website is available at https://www.education.nh.gov/who-we-are/deputy-commissioner/office-of-governance/right-to-freedom-from-discrimination. A link added to that website allows individuals to file complaints under the amendments directly with the HRC via an internet portal. NHED did not and does not have access to any complaints filed through this system.

4.      Please describe the training provided to any employees concerning how to implement the amendments, identifying by name, position and duties of each such employee, when, where and how such training was conducted and by whom.

**Objections:** The Commissioner objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The Commissioner further objects to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The Commissioner further objects to this interrogatory to the extent it asks him to "interpret the amendments' terms," as "[t]he interpretation of a statue is a

question of law," *Appeal of Cole*, 171 N.H. 403, 408 (2018), and questions of law are beyond the scope of a proper interrogatory, *see Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018). The Commissioner further objects to this interrogatory because the term "training" is not defined and vague. The Commissioner further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** Notwithstanding the above objections, and without waiving them, the Commissioner responds to this interrogatory as follows.

NHED employees did not receive training concerning implementation of the amendments.

5.    Please describe the "order of operations" of how the amendments are enforced as referenced on pages 33-35 of Defendants' March 25, 2022 motion to dismiss—including the contention that "[i]t is only after a finding of discrimination becomes final that the Department of Education may begin the process of bringing a claim before the Board of Education to determine whether discipline against the licensed educator is warranted"—and how this process has been formalized by your office.

**Objections:** The Commissioner objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The Commissioner further objects to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that

- 9 -

discovery is therefore unnecessary. The Commissioner further objects to this interrogatory to the extent it seeks a legal opinion beyond the scope of a proper interrogatory. *See Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018).

**Response:** Notwithstanding the above objections, and without waiving them, The Commissioner responds to this interrogatory as follows.

It is the DOJ's legal interpretation that complaints related to violations of the amendments be filed in the first instance with the HRC under N.H. Rev. Stat. Ann. ch. 354-A and that NHED can initiate an investigation and disciplinary proceeding against an educator following a finding of discrimination by the HRC. Any such investigation and disciplinary proceeding would be handled in accordance with the processes and procedures already in existence for educator misconduct cases. NHED did not create any additional process or procedure for implementing the amendments.

6.    Please describe all complaints (either written or oral) received or concerns raised to and/or by your office alleging a possible violation of the amendments. This request includes a description of: (i) the complainant; (ii) the date and content of, or basis for, the complaint or concern, and identify each item of written matter made, received or exchanged in connection therewith (including the use, retention, or teaching of any books or course materials); (iii) the date your office received the complaint or concern; (vi) who the complaint or concern was delivered to within your office; (v) any response from your office; (vi) if and how the complaint or concern was investigated, by whom and utilizing what means or measures, including but not limited to any other agencies consulted or notified or school officials notified of the complaint; (vii) how the complaint or concern was resolved, and (viii) the school district and educator

- 10 -

implicated, if any. "Complaints" as defined herein are not limited to those that have led to a notice of a public adjudicative hearing issued by the New Hampshire Commission for Human Rights.

**Objections:** The Commissioner objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The Commissioner further objects to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The Commissioner further objects to the definition of "complaints" set forth in this interrogatory, as it does not comport with any relevant legal definition. The Commissioner further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** Notwithstanding the above objections, and without waiving them, The Commissioner responds to this interrogatory as follows.

It is the DOJ's legal interpretation that complaints related to violations of the amendments be filed in the first instance with the HRC under N.H. Rev. Stat. Ann. ch. 354-A and that NHED can initiate an investigation and disciplinary proceeding against an educator only after the HRC enters a finding of discrimination. The Commissioner is not aware of any finding of discrimination by the HRC that would permit NHED to initiate an investigation and disciplinary proceeding against an educator for a violation of the amendments.

- 11 -

7.     Please characterize and set forth your best present recollection of any

conversations with which you have been involved concerning or relating to how to interpret the

amendments, including but not limited to: (i) questions that have been brought to your intention

about the scope of applicability of the amendments; (ii) discussions within your agency about the

meaning of the amendments; (iii) conversations between agencies about how to interpret the

amendments; and (iv) discussions that led to the production of guidance documents about the

meaning and scope of the amendments. Please identify each person (other than your counsel)

consulted by you in connection with any aspect of the foregoing and your best present

recollection of the approximate date and circumstances of each such consultation and the matters

then discussed.

**Objections:** The Commissioner objects to this interrogatory to the extent it seeks

information that is subject to any applicable privilege, including but not limited to the attorney-

client privilege, the work-product doctrine, the executive privilege, and the deliberative process

privilege. The Commissioner further objects to this interrogatory on relevancy grounds, as all

defendants maintain that the remaining claims in this case present pure legal questions and that

discovery is therefore unnecessary. The Commissioner further objects to this interrogatory

because the word "conversations" is not defined and is vague and overbroad. The Commissioner

further objects to this interrogatory as not proportional to the needs of the case. The parties have

agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed

discovery plan based on that agreement. This interrogatory seeks information beyond the scope

of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** Notwithstanding the above objections, and without waiving them, The

Commissioner responds to this interrogatory as follows.

To the extent the word "conversations," as used in this interrogatory, means written communications, review of those communications remains ongoing and the Commissioner will seasonably produce any responsive, non-privileged written communications that are identified during this review, subject to the above objections.

To the extent the word "conversations," as used in this interrogatory, means verbal communications, the only non-privileged, responsive conversation the Commissioner specifically recalls is a Zoom meeting with leaders of the Educator Preparation Programs during which he brought to their attention the FAQs and encouraged them to make sure that participants in the respective educator preparation programs are made aware of these requirements. The Commissioner believes this conversation happened sometime in Fall 2021 but has not been able to determine the specific date. The Commissioner believes that there have been instances in which NHED officials have been asked questions by members of the press or members or the public but has no specific recollection or knowledge of those conversations.

8.     Please identify each and every extra-curricular or school-based activity that (i) you and (ii) your agency believes is covered by the July 21, 2021 FAQ 8 issued by the Department of Education, New Hampshire Commission of Human Rights, and Department of Justice concerning the applicability of the amendments to extra-curricular activities.

**Objections:** The Commissioner objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The Commissioner further objects to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The Commissioner further objects to this interrogatory to the

- 13 -

extent it can be read to imply that any defendant has the burden of proof on any of the remaining claims in this case. The Commissioner further objects to this interrogatory to the extent it asks him to interpret the scope of the amendments, as "[t]he interpretation of a statue is a question of law," *Appeal of Cole*, 171 N.H. 403, 408 (2018), and questions of law are beyond the scope of a proper interrogatory, *see Martin v. Evans,* Civil Action No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at *5 (D. Mass. Feb. 6, 2018). The Commissioner further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** Notwithstanding the above objections, and without waiving them, The Commissioner responds to this interrogatory as follows.

As stated in the FAQs, the amendments apply to all activities carried out by public schools in their role as public schools, including extra-curricular activities that are part of the public school's work. The amendments do not apply to activities that may occur on a public school's property and do not prohibit public schools or school districts from making physical space available to third parties for events or activities, including voluntary after-school programs that are administered by third-party organizations.

9. Please identify each item of written matter made, received or exchanged in connection with any aspect of items 2 through 8, inclusive, of the foregoing and your responses thereto.

**Objections:** The Commissioner objects to this interrogatory to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney-

client privilege, the work-product doctrine, the executive privilege, and the deliberative process privilege. The Commissioner further objects to this interrogatory on relevancy grounds, as all defendants maintain that the remaining claims in this case present pure legal questions and that discovery is therefore unnecessary. The Commissioner further objects to this interrogatory as not proportional to the needs of the case. The parties have agreed to expedited, streamlined discovery, and the district court accepted the parties' proposed discovery plan based on that agreement. This interrogatory seeks information beyond the scope of the expedited, streamlined discovery contemplated by the discovery plan.

**Response:** Notwithstanding the above objections, and without waiving them, the Commissioner responds to this interrogatory as follows.

The Commissioner will produce any responsive, non-privileged documents that have been identified through a reasonably diligent search commensurate with expedited, streamlined discovery plan entered in this case in conjunction with the defendants' responses to the plaintiffs' first requests for production of documents, subject to the objections asserted by the defendants with respect to those requests for production.

- 15 -

## VERIFICATION

I, Frank Edelblut, am Commissioner of the New Hampshire Department of Education. The factual matters stated in the foregoing responses are made in my official capacity as Commissioner, and they are not necessarily within my personal knowledge or within the personal knowledge of any single individual. Based on the reasonable of inquiry of staff within the New Hampshire Department of Education, I am informed and believe, and based on such information and belief hereby verify, under penalty of perjury, that the factual statements in the foregoing interrogatory responses are true and correct to the best of my knowledge, information, and belief.

/s/ Frank Edelblut
Frank Edelblut
Commissioner, New Hampshire Department
of Education

Respectfully submitted,

Frank Edelblut, Commissioner of the Department of
Education; John Formella, New Hampshire
Attorney General; Christian Kim, Chair of the New
Hamsphire Commission for Human Rights, Ahni
Malchi, Executive Director of the New Hamsphire
Commission for Human Rights; Ken Merrifield
Commissioner of the Department of Labor

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: March 24, 2023

/s/ *Samuel Garland*
Samuel R.V. Garland, Bar #266273
Senior Assistant Attorney General
Civil Bureau
N.H. Department of Justice
(603) 271-3650
samuel.rv.garland@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was provided to Plaintiffs' counsel via email.

/s/ *Samuel Garland*
Samuel R.V. Garland