**EXHIBIT 61**

HRC May 2, 2022 Letter to NEA-NH

# New Hampshire Commission for Human Rights



**COMMISSIONERS**
CHRISTIAN KIM, CHAIR
HARVEY KEYE
ALEX SAMUEL
NANCY LEROY
BASRA MOHAMED
DOUGLAS PALARDY
ELIZABETH ASCH

**EXECUTIVE DIRECTOR**
AHNI MALACHI

**ASSISTANT DIRECTOR**
SARAH E. BURKE COHEN, ESQ.

**INVESTIGATORS**
KATRINA E. TAYLOR
NICOLE LEMELIN
DAN DEYERMOND
KELLY MEDEROS

2 INDUSTRIAL PARK DRIVE, Bldg. One
CONCORD, NEW HAMPSHIRE 03301
TEL (603) 271-2767
TDD Access: Relay NH 1-800-735-2964
FAX (603) 271-6339
E-MAIL: humanrights@nh.gov
www.nh.gov/hrc

SENT VIA EMAIL

May 2, 2022, 2022

Attorney Esther K. Dickinson
NEA-NH
9 S. Spring St.
Concord, NH 03301

Re: Request for Information and Public Records Under the New Hampshire's Right to Know Law, RSA 91-A

Dear Attorney Dickinson,

Thank you for your correspondence regarding your Right to Know request pursuant to NH RSA 91-A. The request made as I understand it is as follows:

1. "Documents sufficient to identify, including any applicable emails, the following information concerning any written or oral complaints your Commission has received alleging a violation of RSA 354-A:29-34 or RSA 193:40, which became effective on approximately July 1, 2021: (i) the content of the complaint; (ii) the date the Commission received the complaint; (iii) who the complaint went to within the Commission; (iv) any response from the Commission; and (v) the school district implicated, if any. This request specifically includes any complaints concerning the use, retention, or teaching of any books. This request is not seeking the identity of the complainant or any applicable educator.

2. [To] include any complaints, allegations, or communications (including to/from the Department of Education) concerning the law.

3. Regarding N.H. Admin. R. PART Hum 219.04 as a basis for withholding this information concerning non-docketed complaints.

4. ...[A]sk that the HRC revisit its decision to withhold this information and, instead, produce this information to NEA-NH. [W]e are willing to accept the redactions of students an complainant names, as well as the names of any applicable educator.

5. We would ask the HRC to inform the NEA-NH how many allegations have been brought to the Commission's attention under the law since its enactment."

In providing an answer to your request, it is instructive to explain several crucial areas associated with case processing for the NH Commission for Human Rights (the "Commission"), relative to the section of RSA 354-

*NH Commission for Human Rights – Response to 91-A Request*  1   PL00762

A:29-34, a new subdivision entitled *"Right to Freedom From Discrimination in Public Workplaces and Education,"* effective June 25, 2021.

It is important to have a full understanding of the complaint process. The Commission, in accordance with our state statute and outlined by our administrative rules, has the power to receive, investigate, or pass upon allegations of discrimination. As such, an assessment is made to ensure the Complainant ("CP") has made a *prima facie* case (i.e., "at first sight" the claim meets the legal standard to file a charge with the Commission). If this is the determination, the allegation of discrimination is verified (signed by the CP and witnessed by a notary), submitted to the Commission, and becomes a docketed charge of discrimination whereby both parties are notified in writing. It is important to state for the Commission, a complaint is defined as a verified and docketed charge of discrimination.

The complaint is investigated, and a determination is made by the Investigating Commissioner whether the charge of discrimination has a *Probable Cause (PC)* or *No Probable Cause (NPC)* finding. If the charge has an NPC finding, the process ends with both parties being notified of the outcome.

The CP does, however, have a prescribed window of time for an appeal should they choose to request one. Once that window is closed, so is the case.

If there is a PC finding, the parties move on to *Conciliation* (i.e., settlement of the case with the assistance of a neutral third party, the Commission) or a *Public Hearing*. If Conciliation fails, a public hearing is scheduled then noticed appropriately for the public. At the end of the public hearing, the Commission hearing panel will deliberate and make a finding. The parties are notified of the Commission's decision and said decision is uploaded to and maintained on the Commission's website where the public has access.

Both parties are afforded the opportunity to appeal a decision or request that a motion be granted. Should either party (Complainant or Respondent) disagree with the outcome of the investigation, they can request the decision be reconsidered. Additionally, should either party disagree with the outcome of the hearing, they have an opportunity to appeal in a public forum, New Hampshire Superior Court.

Although the Commission is allowed to provide statistical information, in general, the Commission has stated administrative rules that speak to the confidentiality afforded during our process.

Pursuant to our Administrative Rules, specifically N.H. Admin. R. PART HUM 219.04, which reads in part *"[n]o information regarding complaints filed, investigation of complaints, pre-determination settlement negotiations, or conciliation negotiations shall be disclosed to the public by any commissioner or staff member prior to issuance of a notice of public hearing after a finding of probable cause,"* the Commission cannot acknowledge and/or provide you at any time with information as outlined in your above request specific to the confidential elements of a charge.

To further speak to the Commission's confidentiality, RSA 354-A:21(II), specifically discusses our investigation and complaint review process be it a housing, employment, public accommodation, or an education complaint (education was added to RSA 354-A upon passage of SB263 in 2019). To the extent policy decisions were made to keep this portion of our process confidential, those pronouncements were made by the legislature when RSA chapter 354-A was first codified in 1965. All the regulations do is flesh out what the statute already provides which is confidentiality during the pre-PC investigation and conciliation process.

Additionally, the adjudication of a complaint for which there is a PC finding is a public proceeding whether that adjudication is done by the Commission or in Superior Court. Even NPC findings can become public if CP seeks judicial review in Superior Court.

In reading your request, it appears the inference is that RSA 91-A is explicit and therefore would supersede RSA 354-A:21, II. The Commission's confidentiality is clearly stated in the statute and consequently not optional. RSA chapter 354-A is an order which states that the Commission's records must remain confidential.

Relative to your request of a post-NPC disclosure, the Commission recognizes that this is a novel area of law and will keep in mind the heightened concerns of those who may be the targets of complaints when it considers whether to unseal findings after the initial investigation and PC determination.

In summary, the previous information was necessary to explain our process, address your request that the Commission consider removing our statutorily ordered confidentiality, and to allow an answer to your final question. The Commission's statement is as follows regarding the statistical number of formal complaints:

> "Zero charges have been filed since the Right to Freedom From Discrimination in Public Workplaces and Education law went into effect."

As you know, should a charge meet the statutory hurdle of N.H. Admin. R. PART HUM 304.04 which states *"[a]fter a notice of a public adjudicative hearing has been issued…(b) [t]he parties, other participants in the hearing and the public shall have access to the investigative report,"* the Commission will facilitate a request for information as referenced above.

This completes the Commission's response to your Right to Know requests.

Respectfully,

*Ahni Malachi*
Ahni Malachi
Executive Director
Ahni.N.Malachi@hrc.nh.gov