# EXHIBIT 75

Mar. 4, 2022
HRC Letter

(Depo. Ex. 53)

# New Hampshire Commission for Human Rights



**COMMISSIONERS**
CHRISTIAN KIM, CHAIR
HARVEY KEYE
ALEX SAMUEL
NANCY G. LEROY
BASRA MOHAMED
DOUGLAS J. PALARDY
ELIZABETH ASCH

2 INDUSTRIAL PARK DRIVE, BLDG. 1
CONCORD, NEW HAMPSHIRE 03301
TEL (603) 271-2767
TDD Access: Relay NH 1-800-735-2964
FAX (603) 271-6339
E-MAIL: humanrights@nh.gov
www.nh.gov/hrc

**EXECUTIVE DIRECTOR**
AHNI MALACHI

**ASSISTANT DIRECTOR**
SARAH E. BURKE COHEN, ESQ.

**INVESTIGATORS**
KATRINA E. TAYLOR
NICOLE LEMELIN
DAN DEYERMOND
KATE MULLEAVEY

**PARALEGAL**
KELLY MEDEROS

March 4, 2022
Representative Charlotte DiLorenzo
9D River Street, Apt. D34
Newmarket, NH 03857

EXHIBIT 53
WIT: Malachi
DATE: 5-24-23
Cynthia Foster, RPR, LCR #14

Re: Request for Information under the New Hampshire's Right to Know Law, RSA 91-A

Dear Representative DiLorenzo,

Thank you for your email and letter regarding your Right to Know request pursuant to NH RSA 91-A. In providing answers and additional information to your initial question, I have taken the liberty to further explain several related areas contained in your request.

Generally speaking, the Commission's response to your initial inquiry relative to the statistical number of complaints in NH Public Schools (K-12), Charter Schools, and Public Academies alleging a violation under NH RSA 354-A:29-34 and RSA 193:40 which became effective on June 25, 2021, that have been filed with the Commission is below. It is important to state for the Commission, a "complaint" is defined as a verified (signature of the Complainant witnessed by a notary) and docketed (officially received by the Commission) charge of discrimination.

> "Zero charges have been filed since the Right to Freedom From Discrimination in Public Workplaces and Education law went into effect."

With that said, the remainder of the questions presented relative to NH Public Schools (K-12), Charter Schools, and Public Academies would also be "zero" as well as there is no initial charge. However, I thought it instructive to further expand on the answer to each question and provide needed context on the Commission's process as well as our statutory requirements further explained by our Administrative Rules.

### Information Relative to NH Public Schools K-12, Charter Schools, and Public Academies:
1. Number of school district complaints filed since June 25, 2021, to present date
    a. The specific, statistical answer to this question would be "zero" as stated above.
    b. Although the Commission is allowed to provide statistical information, in general, the Commission has stated administrative rules that speak to the confidentiality afforded during our process.
    c. Pursuant to our Administrative Rules, specifically N.H. Admin. R. PART HUM 219.04, which reads in part "[n]o information regarding complaints filed, investigation of complaints, pre-

*determination settlement negotiations, or conciliation negotiations shall be disclosed to the public by any commissioner or staff member prior to issuance of a notice of public hearing after a finding of probable cause."* Therefore, the Commission cannot acknowledge and/or provide you at any time with information as outlined in a request specific to the confidential elements of a charge, until such time as our rules release us to do so.

  d. To further speak to the Commission's confidentiality, RSA 354-A:21(II), specifically discusses our investigation and complaint review process be it a housing, employment, public accommodation, or an education complaint (education was added to RSA 354-A upon passage of SB263 in 2019). To the extent policy decisions were made to keep this portion of our process confidential, those pronouncements were made by the legislature when RSA chapter 354-A was first codified in 1965. As you know, all the regulations do is flesh out what the statute already provides which is confidentiality during the pre-Probable Cause *("PC")* investigation and conciliation process.
  e. Additionally, the adjudication of a complaint for which there is a PC finding is a public proceeding whether that adjudication is done by the Commission or in Superior Court. Even No-Probable Cause *("NPC")* findings can become public if the Complainant seeks judicial review in Superior Court.

2. Number of school district complaints resolved beginning June 25, 2021, to present date
   a. The statistical answer to this question would be "zero" based on the general answer written above.

3. Number of school district unresolved complaints beginning June 25, 2021, to present date
   a. See response in question 1, subsections 1.b – 1.d.

4. Number of school district complaints dismissed beginning June 25, 2021, to present date
   a. If I understand the use of the phrase "complaints dismissed", I will assume you are asking about "docketed charges that are closed or not taken by the Commission". If that is the case, a docketed charge would have one of two reasons to be dismissed:
      i. there has been a full investigation and there is a finding of NPC or
      ii. the Commission does not have jurisdiction.
   b. If the Commission has performed an investigation and the Investigating Commissioner finds NPC, the individual still retains the right to request a 'Motion for Reconsideration' *("Motion")* of the finding pursuant to NH Admin. HUM 210.03. The Complainant may also appeal to Superior Court pursuant to RSA 354-A:21(II)(a) and RSA 354-A:22(IV).
   c. If the Motion is denied by the Commission, the complaint is closed (pursuant to Admin. Rule HUM 317).
   d. Finally, please see my response in question 1, subsection 1.c as it speaks to confidentiality relative to a dismissed complaint (i.e., NPC finding or if the Commission has no jurisdiction).

5. Number of school district educators disciplined beginning June 25, 2021, to present date
   a. To fully answer your question, it is important to have a comprehensive understanding of the complaint process. The Commission, in accordance with our statute and outlined by our rules, has the power to receive, investigate, and pass upon allegations of discrimination. As such, an assessment is made to ensure the complainant has a *prima facie* case (i.e., "at first sight" the

claim meets the legal standard to file a charge with the Commission). If this is the determination, the allegation of discrimination is verified (signed by the Complainant and witnessed by a notary), submitted to the Commission, and becomes a docketed charge of discrimination whereby both parties are notified in writing.

b. The complaint is investigated, and a determination is made by the Investigating Commissioner whether the charge of discrimination has a *Probable Cause (PC)* or *No Probable Cause (NPC)* finding. If the determination is an NPC finding, the process ends with both parties being notified of the outcome. The Complainant does, however, have a prescribed window of time for an appeal should they choose to request one. Once that window is closed, so is the case.

c. If there is a PC finding, the parties move on to *Conciliation* (i.e., settlement of the case with the assistance of a neutral third party, the Commission) or a *Public Hearing*. If Conciliation fails, a public hearing is scheduled then noticed appropriately for the public. At the end of the public hearing, the Commission panel will deliberate and make a finding. The parties are notified of the Commission's decision and said decision is uploaded to and maintained on the Commission's website where the public has access.

d. Both parties are afforded the opportunity to appeal a decision or request that a motion be granted. Should either party (Complainant or Respondent) disagree with the outcome of the investigation, they can request the decision be reconsidered. Additionally, should either party disagree with the outcome of the hearing, they have an opportunity to appeal in a public forum, New Hampshire Superior Court.

e. Finally, the Department of Education (DOE) would be the arbiters of "educator discipline" according to RSA 193:40 (IV), and as "educator" is defined by RSA 193:40 (V).
   i. The Commission would not provide "discipline"; however, the Commission would provide either a sustained finding that discrimination has taken place based upon RSA 354-A:29-33, or, the charge of discrimination has not met the burden and would therefore be dismissed. The parties, as discussed earlier, do retain the right to settle the case.
   ii. As such, the DOE would not weigh in on the Commission's work, likewise, the Commission would have no bearing as to the "educator discipline" that would presumably take place after the Commission has completed its work.
   iii. For more specific information relative to your question, although there are no complaints today, discussion would need to take place with DOE regarding "educator discipline".

6. Names of School Districts, NH Charter Schools, and Public Academies disciplined beginning June 25, 2021, to present date
   a. Since the initial question is "zero" relative to complaints made, the answer to this question is "zero" as well.
   b. However, the DOE would be the correct agency to provide answers relative to questions about "discipline" as this is a function of RSA 193:40.

Relative to your final question:

*"Please furnish a summary of the nature of all complaints filed, dismissed, and investigated,"*

a. Since the initial question is "zero" relative to complaints made, the answer to this question is likewise "zero" as well.

   b. The Commission is able to provide statistical information such as the basis for charges filed (race, sex, national origin, etc.), or the number of charges filed under a particular basis.
   c. As previously outlined in question 1, subsections 1.b – 1.d, specific information relative to filed, dismissed, or investigated complaints, would fall under the confidentiality provided to both parties per the Commission's Administrative Rules established in 1965.

I hope the information provided on the above pages has been helpful. If further clarification on any of the points covered is needed, please do not hesitate to reach out.

Respectfully,

*Ahni Malachi*
Executive Director
NH Commission for Human Rights

**Links:**
NH Statues RSA 354-A located here
General Court State of NH Administrative Rules: Human Rights Commission Rules located here

Cc: Commissioner Frank T. Edelblut