**EXHIBIT 109**

Educator Code of Conduct



# EXHIBIT 2

# New Hampshire Code of Conduct for Educational Professionals

PL 00008

Readopt with amendment Ed 501.01, effective 3-27-14 (Doc #10558), to read as follows:

Ed 501.01 <u>Purpose</u>. The rules of this part implement the statutory responsibilities of the New Hampshire board of education to:

(a) Develop and administer credential standards for educational personnel;

(b) Develop continuing professional education requirements and prerequisites for the renewal or reinstatement of credential holders;

(c) Develop and administer a code of conduct for all credential holders and to inform members of the public of the code of conduct applicable to credential holders;

(d) Specify unprofessional conduct which justifies disciplinary sanctions against credential holders; and

(e) Provide oversight of adjudicatory proceedings required for discipline of credential holders while providing such with fair hearing practices and rights of appeal.

Readopt with amendment Ed 501.02, effective 3-27-14 (Doc #10558), to read as follows:

Ed 501.02 <u>Definitions</u>. Except where the context makes another meaning manifest, the following words shall have the meanings indicated when used in this chapter:

(a) "Administrator" means the administrator of the bureau of credentialing;

(b) "Authorization" means a document issued by the department giving permission for a person to serve in the role of a licensed educator prior to completing the licensure endorsement requirements for that role, or for a temporary period of time established by the document;

(c) "Board" means the state board of education created by RSA 21-N:10;

(d) "Bureau" means the bureau of credentialing, division of program support, department of education;

(e) "Certificate" means the document issued when a credential holder meets full licensure requirements;

(f) "Commissioner" means the commissioner, department of education;

(g) "Credential" means any authorization or license issued by the bureau including, but not limited to, beginning educator license (BEL), experienced educator license (EEL), in process of licensure authorization (IPLA), intern authorization (IA), emergency authorization, statement of eligibility (SOE), paraeducator I & II, school nurse, and master teacher license (MTL);

(h) "Credential holder" means any individual who holds a credential, as defined in Ed 501.02(g);

(i) "Denial" means the refusal to grant credential to an applicant;

(j) "Department" means the New Hampshire department of education;

(k) "Director" means the director, division of program support;

(l) "Division" means the division of program support;

(m) "Educator" means any professional employee of any school district whose position requires certification by the state board pursuant to RSA 189:39. Administrators, specialists, and teachers are included within the definition of this term;

(n) "Emergency authorization" means the authorization issued by the bureau to a school district or school administrative unit to employ a non-credentialed educator to fill a vacancy as specified in Ed 504.04;

(o) "Endorsement" means the specific subject area for which the credential is issued;

(p) "Intern authorization" means the authorization granted to applicants pursuant to Ed 505.04, and Ed 505.05 to perform educational services while the plans are being implemented;

(q) "License" means the document issued when a credential holder meets full licensure requirements;

(r) "Licensure" means the official recognition by the board that an individual has met minimum requirements and is approved to practice in their endorsement area(s);

(s) "Mentor" means a person who:

(1) Is appointed to provide assistance to an applicant for certification pursuant to Ed 505.04 or Ed 505.05; and

(2) Meets at least one of the following qualifications:

a. Is a credential holder with 3 years of experience as an educator in the area of endorsement; or

b. Has experience equivalent to the experience requirement under a. above such as, but not limited to, involvement in a collegiate teacher preparation program;

(t) "Professional conduct" means a set of established professional norms and behaviors as defined in Ed 510.01 through Ed 510.04 which extend beyond the workplace;

(u) "Reprimand" means is a note to file of a credential holder for his or her conduct, which does not rise to the level of a suspension or revocation of a credential, which can be used in the event of a subsequent investigation;

(v) "Revocation" means the department has permanently rescinded a credential from credential holder;

(w) "Statement of eligibility" means a verification issued by the department of education that indicates that an individual has successfully met the entry requirements of an intern authorization for:

(1) Pathway 4 certification as specified in Ed 505.04; or

(2) Pathway 5 certification as specified in Ed 505.05;

(x) "Suspension" means the department has rescinded a credential from credential holder for a specified period of time; and

(y) "Student" means an individual who is enrolled or participating in any class or program from preschool through grade-12, or any "adult student" as specified in Ed 1102.01(f)(1), at any school or education institution except as otherwise noted in these rules.

Readopt with amendment Ed 502.01, effective 3-27-14 (Doc. #10558), to read as follows:

PART Ed 502 PUBLIC INFORMATION

Ed 502.01 <u>Confidentiality of Credential Holder Certification Records</u>.

(a) Pursuant to RSA 91-A:5, V, the following limited credential status information shall be available to the general public, upon written or verbal request:

(1) The name of the credential holder;

(2) The individual's current credential status, including type of credential, expiration date of credential, and all endorsements;

(3) The individual's suspension, if applicable, including effective dates of each suspension period, reason for the suspension, and revocation, if applicable; and

(4) The school, if known or stated, where the credential holder is currently employed.

(b) The provisions of this section shall not require the release of information related to:

(1) Informal or formal investigations; or

(2) Board or hearing officer records from adjudicatory proceedings involving the credential holder when such adjudicatory proceeding is not open to the public in accordance with Ed 200.

(c) The complete record of a credential holder shall be released by the division upon written request to the following:

(1) A party in an adjudicatory proceeding when:

a. The credential holder is a party to the proceeding; and

b. The credential holder's credential record is relevant to the proceeding;

      (2) A law enforcement agency when the agency is conducting a criminal investigation of the credential holder;

      (3) A certifying agency of another jurisdiction for:

          a. Purposes of credentialing the credential holder in the other jurisdiction; or

          b. An investigation of the credential holder by the other jurisdiction, when:

              1. The credential holder was the subject of a formal investigation under Ed 511; or

              2. Disciplinary action was taken against the credential holder by the board under Ed 511;

      (4) Board investigators or prosecutors; or

      (5) Persons to whom the credential holder has given a release.

  (d) The bureau shall report:

      (1) Any suspension or revocation to the credential holder's current superintendent of school in N.H. and The National Association of State Directors of Teacher Education and Certification (NASDTEC) educator identification clearing house; and

      (2) Any reprimand to the credential holder's current superintendent of school in N.H.;

  (e) The department shall maintain a list of all credential holders whose credentials has *have* been revoked or who are under suspension, and such list shall be published on the department's website.

Readopt with amendment Ed 504.04, effective 1-17-14 (Doc. #10506), to read as follows:

Ed 504.04 <u>Emergency Authorization</u>.

  (a) The superintendent of schools shall request emergency authorization from the bureau, and the emergency authorization shall be granted provided that the requirements of paragraphs (b) through (e) are met. The applicant for the teaching position shall provide the information and documentation required in (c) and (e) below.

  (b) The bureau shall issue an emergency authorization applied for under (a) above if an emergency situation exists as determined by the local school district and the applicant for the teaching position has:

      (1) Paid the applicable application fee, provided in Ed 508.06(c); and

      (2) Filed with the bureau the information and documentation required in (c) and (e).

  (c) An applicant for a teaching position for whom a superintendent is requesting emergency authorization shall provide the following information or documents, unless it is specified below that the information is optional, on or with the form titled "Application for Emergency Authorization":

(1) Social security number, unless the applicant chooses to have the department supply an alternative number, subject to the provisions of (d) and (e) below;

(2) Date of birth;

(3) Name;

(4) Address;

(5) Sex, which may be specified at the option of the applicant;

(6) Telephone number;

(7) Date of application;

(8) Educational information, including the following:

    a. Degree, if any;

    b. Major;

    c. State;

    d. College or university;

    e. Date degree granted; and

    f. Transcript for each degree listed;

(9) Educational employment record for the last 7 years including:

    a. Dates;

    b. State;

    c. School district;

    d. Position;

    e. Assignment/subject;

    f. Grade level;

    g. Credential held;

    h. Number of years of any public school experience;

    i. Number of years of any non-public school experience; and

    j. Copy of each teaching credential held in New Hampshire, other state, or both;

(10) Whether the applicant ever held a New Hampshire credential and, if so, the year it expired and the name under which it was issued;

(11) Whether the applicant has ever been convicted of a felony and, if so, an explanation;

(12) Whether the applicant has ever had a teaching credential revoked or suspended and, if so, an explanation;

(13) Whether the applicant has ever surrendered a teaching credential in any other state, and, if so, an explanation;

(14) Whether the applicant has ever been subject of a finding of professional misconduct in New Hampshire, another state, or territory of the United States, or foreign country and, if so, an explanation; and

(15) Identification of ethnic origin, which may be specified at the option of the applicant, including one of the following categories:

    a. American Indian;

    b. Asian/Pacific;

    c. African-American/Non-Hispanic;

    d. White/Non-Hispanic;

    e. Hispanic;

    f. Multi-ethnic; and

    g. Other/do not wish to specify.

(d) If an applicant provides a social security number under (c)(1) above, the social security number shall be used by the bureau for the purposes of generating data on teacher salaries or such other purposes as authorized by law including but not limited to RSA 161-B:11,VI-a.

(e) If an applicant chooses to have the department supply an alternative number, the department shall use the teacher number generated by the electronic educator information system and it shall be used as specified in (b).

(f) An emergency authorization shall be issued to the superintendent of schools for up to one school year and shall not be renewable.

Readopt with amendment and renumber Ed 504.041, effective 1-17-14 (Doc. #10506), as Ed 504.05, and renumber the remaining sections in Part Ed 504 so that, for example, Ed 504.05 becomes Ed 504.06, to read as follows:

Ed 504.05 In Process of Licensure Authorization (IPLA).

(a) The applicant who is in process of licensure authorization (IPLA) shall sign the application acknowledging that all information contained on the application is true, accurate and complete to the best of the applicant's knowledge.

(b) If a superintendent files an IPLA with the bureau, the bureau shall approve such filing, if the bureau finds that the applicant who is the subject of the IPLA:

    (1) Is in the process of certification;

    (2) Has submitted a completed application for certification; and

(3) Has paid any applicable fees.

(c) An approved IPLA shall be issued to the superintendent of schools for up to one school year and shall not be renewable.

Adopt Ed 510.01 – 510.04, cited and to read as follows:

PART Ed 510 CODE OF CONDUCT

Ed 510.01 Principle 1—Responsibility to the Education Profession and Educational Professionals.

(a) In fulfilling responsibilities to the education profession and educational professionals, a credential holder shall exemplify honesty and integrity in the course of professional practice.

(b) Unprofessional conduct shall include, but not be limited to:

(1) Discrimination against a fellow professional as specified in RSA 354-A:1;

(2) Failure to self-report within 5 business days if he or she has been arrested for any violation of offenses enumerated in RSA 189:13-a, V;

(3) Falsifying, fraudulently altering, or deliberately misrepresenting professional qualifications, including, but not limited to, degrees, academic awards, and related employment history when applying for a credential;

(4) Unlawful possession of a drug;

(5) Possessing, using, or being under the influence of alcohol or drugs not prescribed for the use of the credential holder when on school premises or at a school sponsored activity where students are present or may reasonably be expected to be present;

(6) Failure to notify the state at the time of application for credential of past criminal convictions, or of revocations or suspensions of a credential or license by New Hampshire or any other jurisdiction; and

(7) Falsifying or deliberately misrepresenting information submitted to the department in the course of an official inquiry, investigation, or both.

Ed 510.02   Principle 2—Responsibility to Students.

(a) In fulfilling responsibilities to students a credential holder shall maintain a professional relationship with all students, both inside and outside the educational setting, and make reasonable efforts to protect students from conditions which are harmful to their health and safety.

(b) Unprofessional conduct shall include, but not be limited to:

(1) Discrimination against a student as specified in RSA 354-A:1;

(2) Failure to provide appropriate supervision of students, pursuant to local school district policy adopted as specified in Ed 306.04, at school or school-sponsored activities or the failure to ensure the safety and well-being of students;

(3) Furnishing alcohol or illegal or unauthorized drugs to any students, or allowing or encouraging a student to consume alcohol or illegal or unauthorized drugs;

(4) Committing any of the following acts to any minor, or any student or prior student up to 10 months after the student's graduation, departure, or departure in cases as specified in Ed 1102.01(f)(1), including, but not limited to:

    a. Abuse, including, but not limited to physical and emotional abuse;

    b. Cruelty or any act of endangerment;

    c. Any sexual act with or from any student; and

    d. Harassment as defined by state or federal law or regulations;

(5) Soliciting or encouraging participation in a romantic or sexual relationship, whether written, verbal, or physical, with a student the credential holder knows or should know is a student or prior student up to 10 months after the student's graduation, departure, or departure in cases as specified in Ed 1102.01(f)(1); and

(6) Soliciting a student, or a former student up to 10 months after the student's graduation, departure, or departure in cases as specified in Ed 1102.01(f)(1), to engage in any illegal activity.

Ed 510.03   Principle 3—Responsibility to the School Community.

(a) In fulfilling the responsibilities to the school community a credential holder shall communicate responsibly among members of the school community, while maintaining appropriate professional boundaries.

(b) Unprofessional conduct shall include, but not be limited to:

(1) Discrimination against a parent or guardian of a student or other member of the community who is on the school property as specified in RSA 354-A:1;

(2) Accepting or soliciting gratuities, gifts, or favors for personal use or gain where there might be an actual or appearance of a conflict of interest. Gifts of a small amount shall not be deemed a conflict of interest;

(3) Misuse of funds intended for use by the school, to include funds which are collected from parents and students; and

(4) Intentionally altering or misrepresenting student assessments, assessment results, or official school records.

Ed 510.04  Principle 4—Responsible and Ethical Use of Technology

(a) In fulfilling the responsibilities and ethical use of technology a credential holder shall consider the impact of consuming, creating, distributing, and communicating information through the use of any and all types of technology.

(b) Unprofessional conduct shall include, but not be limited to:

(1) Engaging in any activities as specified in Ed 510.02(b)(4)-(7) via electronic media with a student or former student up to 10 months after the student's graduation, departure, or departure as specified in Ed 1102.01(f)(1); and

(2) Engaging in inappropriate communication with a student, or former student up to 10 months after the student's graduation, departure, or departure as specified in Ed 1102.01(f)(1) via electronic media.

(c) For the purposes of this section, inappropriate communication shall be determined by considering:

(1) The intent, timing, subject matter, and amount of communication; and

(2) Whether:

a. The communication made was covert in nature;

b. The communication could reasonably be interpreted as solicitous, sexually explicit, or romantic in nature; and

c. The communication involved discussion(s) of the physical or sexual attractiveness or the sexual activities or fantasies of either the credential holder or the student.

Readopt with amendment and renumber Ed 510.01, effective 2-23-12 (Doc #10089), as Ed 510.05 to read as follows:

Ed 510.05  Duty to Report.

(a) Any credential holder shall report any suspected violation of the code of conduct following the school, school district, or SAU reporting procedures.

(b) Each principal shall report to the superintendent of the school district or SAU where the principal is employed, the chief executive officer of a chartered public school or public academy, or the headmaster of a nonpublic school, if the principal has been notified of, or is personally aware that a credential holder has violated any of the rules of professional conduct as enumerated in Ed 510, which occurred on or off duty.

(c) The superintendent, chief executive officer of a chartered public school or public academy, or headmaster of a nonpublic school, shall report any of the following to the office of credentialing:

(1) When a superintendent has knowledge that an credential holder, as defined in Ed 501.02(m), has been arrested and charged with an offense enumerated in RSA 189:13-a, V; and

(2) When a superintendent has knowledge that a credential holder has violated the code of conduct as specified in Ed 510.01 through Ed 510.04.

(d) If a credential holder suspects that a superintendent has violated the code of conduct, as specified in Ed 510.01 through Ed 510.04, or if a credential holder has made a report and believes the local reporting procedures have not been followed, the reporting credential holder shall notify the department directly.

(e) Credential holders who have reason to suspect that a student has been, or is being, abused or neglected, shall report the same to:

(1) His or her immediate supervisor, superintendent, or both; and

(2) The department of health and human services, pursuant to RSA 169-C:29.

(f) If the department has reason to suspect that any violation of the code of conduct enumerated in Ed 510.01 through Ed 510.04 was known by a credential holder and not reported, the department shall undertake an investigation, as enumerated in Ed 511.01, against that credential holder as required by Ed 510.05(a), (b), or (c).

(g) The office of credentialing shall open a case, as enumerated in Ed 511.01, in response to a report made pursuant to Ed 510.05(a), (b), (c), or (d) above.

Adopt Ed 511.01, cited and to read as follows:

PART Ed 511 INVESTIGATIONS AND DISCIPLINARY PROCEEDINGS

Ed 511.01   Complaints, Cases and Investigations.

(a) A case shall be opened when a complaint of possible misconduct against a credential holder has come to the attention of the department either through direct reporting or other means.

(b) After an initial review, if the department determines that a possible violation of the code of conduct, as specified in Ed 510.01 through 510.04, has occurred, an investigation shall be opened.

(c) Investigations into allegations of unprofessional conduct, as specified in Ed 510.01 to Ed 510.04, shall not constitute a disciplinary hearing and shall not constitute an finding of misconduct against a credential holder.

(d) Credential holders shall be notified in writing, via certified mail, that an investigation has been opened and the nature of the investigation and the status of the credential holder's credential pending the investigation.

(e) The credential holder's current superintendent shall be notified in writing by the department that an investigation has been opened, unless the notification compromises, or has the appearance of compromising, the investigation.

(f) Investigations shall be handled by the department.

(g) The department shall make every attempt to interview all people, including the credential holder, who might have information which might be relevant to the investigation.

(h) Investigations, including those based upon allegations in a complaint, shall be conducted on an ex parte basis.

(i) The department shall make every attempt to obtain any and all documentation which might be relevant to the investigation.

(j) Once the investigation is complete, the following procedures shall apply:

    (1) The department shall create a report which documents the results of the investigation;

    (2) If the investigation finds a credential holder in violation of a rule of the code of conduct as specified in Ed 510.01 through Ed 510.04, the department shall propose a form of discipline as follows:

        a. Suspension;

        b. Revocation; or

        c. Reprimand; and

    (3) The department shall determine the sanctions to be imposed after considering the presence of aggravating or mitigating circumstances as specified in Ed 511.01(j)(4)-(5);

    (4) The following shall be considered aggravating circumstances:

        a. The seriousness of the offense;

        b. The credential holder's prior disciplinary record;

        c. The credential holder's lack of willingness to cooperate with the department during an investigation;

        d. Potential harm to public health and safety; and

        e. The purpose of the rule violated;

    (5) The following shall be considered mitigating circumstances:

        a. Absence of a prior disciplinary record;

PL 00019

      b. The credential holder's willingness to cooperate with the department during an investigation;

      c. The credential holder's acknowledgment of his or her wrongdoing; and

      e. The purpose of the rule or statute violated;

  (6) The credential holder shall be notified in writing of any proposed discipline;

  (7) If no disciplinary sanction is proposed, the department shall notify the credential holder in writing that the investigation is closed.

(k) Investigatory reports and all information gathered during the course of an investigation shall be confidential, with the following exceptions:

  (1) The report shall be made available to the parties in any adjudicatory proceedings resulting therefrom; and

  (2) If further disciplinary proceedings are to be conducted as a result of the investigation, the department shall provide information gathered in the disciplinary investigation to the following:

      a. A law enforcement agency when the agency is conducting a criminal investigation of the credential holder;

      b. A certifying agency of another jurisdiction for:

          1. Purposes of certification of the credential holder in the other jurisdiction; or

          2. An investigation of the credential holder by the other jurisdiction when:

              (i) The credential holder was the subject of a formal investigation under Ed 5101; or

              (ii) Disciplinary action was taken against the credential holder by the board pursuant to Ed 5101;

      c. Other states' licensing board investigators or prosecutors; and

      d. Expert witnesses or assistants retained by a prosecutor or investigator in the same related disciplinary matters.

Readopt with amendment and renumber Ed 510.03, effective 2-23-12 (Doc #10089), as Ed 511.02 to read as follows:

Ed 511.02 <u>Reprimand, Suspension, or Revocation</u>.

(a) If the department determines that a credential holder has violated the code of conduct as specified in Ed 510.01 through Ed 510.04, and the credential holder agrees to the proposed disciplinary finding, the credential holder shall agree to a reprimand, suspension, or revocation.

(b) All reprimands, suspensions, or revocations shall be documented in writing, and shall set out the terms of the discipline. The credential holder shall receive a copy of the discipline in writing and a copy shall be placed in the credential holder's electronic credentialing file at the department once it is signed by all required parties, to include the credential holder.

(c) Any credential holder whose credential is revoked or who voluntarily agrees to a revocation shall be prohibited from applying or reapplying for any other credential issued by the New Hampshire state board of education.

Readopt with amendment and renumber Ed 510.02, effective 2-23-12 (Doc #10089), as Ed 511.03 to read as follows:

Ed 511.03 <u>Disciplinary Hearings</u>.

(a) If a credential holder does not agree with the proposed disciplinary finding as a result of an investigation as specified in Ed 511.01, a credential holder may request an adjudicatory hearing which shall commence pursuant to Ed 200 after the following:

(1) Completion of an informal or formal investigation; and

(2) Filing of a written report and recommendation pursuant to Ed 511.01(h).

(b) The provisions of Ed 200 shall apply to all disciplinary hearings and *such hearings* shall commence not more than 15 days after the disciplinary finding.

Readopt with amendment and renumber Ed 510.04, effective 2-23-12 (Doc #10089), as Ed 511.04 to read as follows:

Ed 511.04 <u>Status of a Credential Pending Completion of Disciplinary Proceeding</u>.

(a) When the department receives information indicating that a credential holder has been arrested for one of the offenses enumerated in RSA 189:13-a, V, the credential holder's credential and any and all endorsements shall be immediately suspended pursuant to RSA 541-A:30, III.

(b) The department shall notify the credential holder and the employing school district that the credential holder's credential has been suspended pending an investigation by the department.

(c) In accordance with RSA 541-A:30, III, unless waived, an adjudicatory hearing shall commence within 10 working days after the suspension of the credential. Such hearings shall be governed by the process set forth in Ed 200.

PL 00021

Readopt with amendment and renumber Ed 511.03, effective 2-23-12 (Doc #10089), as Ed 511.05 to read as follows:

Ed 511.05 <u>Grounds for Reinstatement After Suspension</u>.

(a) A credential which has been suspended shall be reinstated for one of the following reasons:

(1) The period of the suspension has passed and any and all terms and conditions regarding possible reinstatement have been satisfied; and

(2) A credential holder whose credential has been suspended demonstrates by clear and convincing evidence that he or she has corrected the deficiencies or conduct which led to the original suspension.

(b) Upon reinstatement, the department may issue a credential which is limited in time, level, or scope or subject to other terms as the department deems necessary to include a reinstatement fee. If the credential is so limited, then the credential holder may appeal that decision using the process specified in Ed 200.

Change the Part heading and renumber Part Ed 511 as Part Ed 512 to read as follows:

PART Ed 512  DENIAL OF CERTIFICATION

Readopt with amendment and renumber Ed 508.07, effective 6-15-13 (Doc. #10362) as Ed 512.01, and renumber the existing Ed 512 and Ed 513 as Ed 513 and Ed 514, so that Ed 512.01 reads as follows:

Ed 512.01 <u>Denial of Credential</u>.

(a) A credential application shall be denied by the board based on the following grounds:

(1) Failure to meet the conditions for issuance of the license, endorsement, renewal, or reinstatement;

(2) The applicant has been charged pending disposition for, or convicted of any violation or attempted violation of any of the crimes enumerated in RSA 189:13-a, or has been convicted of any felony in any other state, territory, or country;

(4) The applicant is under investigation for, under suspension for, or has been revoked for a violation of the principles of professional conduct enumerated in Ed 510.01 through Ed 510.04; or

(5) The applicant is under investigation, under suspension, or has been revoked in any other state, jurisdiction, territory, or country.

(b) An applicant aggrieved by the decision of the bureau to deny an application may file a petition for reconsideration along with supporting documentation to the director within 20 days after receipt of the denial decision. If the petition for reconsideration is denied, the applicant may appeal the director's decision pursuant to RSA 21-N:11, III, and Ed 200.

APPENDIX I

| RULE | STATUTE |
|---|---|
| Ed 501 | RSA 186:8, II; RSA 189:39 |
| Ed 502 | RSA 186:11, X(a) |
| Ed 510 | RSA 186:11, X(a) |
| Ed 511 | RSA 186:11, X(a); RSA 189:14-a, (b) and (c) |
| Ed 512 | RSA 186:11, X(a) |